Jeffrey L. Liddle, Esq.
Debtor, Acting as his own Attorney
c/o Liddle & Robinson
1177 Avenue of the Americas
5th Floor
New York, NY 10036
646-452-7211

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

In re:

JEFFREY L. LIDDLE,

         Case No. 19-10747 (shl)

      Debtor.

------------------------------------------------------------ x

## MOTION UNDER 11 U.S.C. §§ 105, 542 AND 543 FOR
## TURNOVER OF PROPERTY BY ESCROW AGENT OR CUSTODIAN

  JEFFREY L. LIDDLE, the Debtor and Debtor-in-possession (the "Debtor") acting as his own attorney, by the motion seeks an enter of an order substantially in the form annexed as Exhibit A, under 11 U.S.C. §§ 105, 542 and 543 for turnover of property by Escrow Agent or Custodian, and granting such other relief as the Court deems just and proper, respectfully states as follows:

### Preliminary Statement

  1.  The instant motion (the "Motion") seeks the entry of an Order, pursuant to 11 U.S.C. §§ 105, 542 and 543, directing Diane Nardone, Esq., the Escrow Agent (the "Custodian") for certain escrowed funds to turn over such funds which constitute property of the Debtor (and his wife) to the Debtor (and his wife). As will be demonstrated in more detail herein, the Debtor requires such turnover in order to have access to his only available liquid assets to pay his post-

petition living expenses, operate his business, and engage bankruptcy counsel to represent himself, individually, and his law firm Liddle & Robinson.

### Jurisdiction and Venue

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein are §§ 542 and 543 of Title 11 of the United States Code (the "Bankruptcy Code").

### Background

5. On March 11, 2019 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate his business and manage his property as Debtor and Debtor in possession to pursuant sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

6. This motion is filed on an emergency basis for a turnover of funds presently held in escrow which funds constitute my only liquid assets available to pay my post-petition living expenses and to fund the continued operations of my business, the law firm of Liddle & Robinson, L.L.P. of which I am the sole remaining lawyer.

7. The Custodian is Diane Nardone, Esq., who is acting as the escrow agent for the net proceeds of the sale of the shares of my and my wife's cooperative apartment. The escrow is

in the amount of $2,181,207.77 ("Escrowed Funds"). The shares in the cooperative apartment were held by myself and my wife, Tara Liddle, as tenants by the entirety. The sale occurred on February 6, 2019, and 100% of the net proceeds have been held thereafter. (Under applicable New York law, the proceeds of a sale of a property held by a husband wife as tenants by entirety are owned 50% by the husband, and 50% by the wife, on disposition.)

8. It had been my intention to use my share of the Escrowed Funds in order to pay my life necessities, to fund the ongoing operations of my business, and to retain bankruptcy counsel. The attachment of the Escrowed Funds as described below has placed me in dire financial circumstances, necessitating this chapter 11 filing among other difficulties.

9. I am representing myself because I am unable to pay a retainer to a bankruptcy firm to represent me or Liddle & Robinson.

10. To exacerbate my financial problems, an offer of employment as a partner in a law firm was rescinded, wrongfully on March 12, 2019, which has deprived me of an expected source of income. Thus, access to the Escrowed Funds is necessary to pay my daily living expenses and continue to operate the law firm.

### Escrowed Funds Wrongfully Withheld

11. The Escrowed Funds have been unfairly and improperly restrained pursuant to a Temporary Restraining Order dated December 19, 2018, continued on January 4, 2019 and Order of attachment entered by the Supreme Court of the State of New York, Erie County to support a judgment against me on a personal guarantee in the case of: Counsel Financial II LLC ("Counsel

3

Financial") v Liddle & Robinson LLP, et al, Index No. 814703/2018. The Judgment and Attachment are the subject of Notices of Appeal filed by Debtor on March 8, 2019.

12. The Escrowed Funds should be turned over to me and the attachment (and temporary restraining order) vacated due to the fact that it was improperly obtained in support of a creditor claim that should be disallowed, is avoidable as a preference under 11 U.S.C. §547, and is overbroad.

13. The Attachment is stunningly overbroad. First, Counsel Financial persists in demanding the full amount of the Escrowed Funds, even including that portion to which Debtor is entitled as a homestead exemption.

14. Second, it purports to cover all of Debtor's wife's interest in the Escrowed Funds despite the fact that Counsel Financial, is fully aware that the Escrowed Funds include my wife's interest in the property arising from her rights as tenant by the entirety. Counsel Financial has now taken the disingenuous position that it is entitled to all of the Escrowed Funds because it is entirely Debtor's property. Their position lacks any legal merit and is taken in extreme bad faith. In fact, in their own papers in the underlying action, Counsel Financial filed as a supporting Exhibit, the Personal Financial statement of Jeffrey L. Liddle which describes the property at 11 Fifth Avenue as jointly and by "JLL & TJL". Their own supporting evidence condemns the position they now assert. Debtor's wife, Tara Liddle, was not a party to the lawsuit, was never served in that action, and was not a party to the underlying transaction which generated the lawsuit. Counsel Financial's efforts to attach her share of the Escrowed Funds, and to demand that the Custodian transfer all of the Escrowed Funds to the Court Registry in Erie County violates fundamental concept of due

process. Such conduct must be considered in terms of the ultimate valuation of Counsel Financial claim.

15. Debtor and Debtor's wife have attempted to negotiate release of the Escrowed Funds, particularly those portions constituting the Debtor's homestead exemption and owned by Debtor's wife, to no avail. Counsel Financial only intent is to attack and destroy.

16. Counsel Financial is using this invalid and overbroad attachment in order to deprive me of any funds for necessary living expenses, operating my business, or hiring bankruptcy counsel. Freeing up the funds in the escrow account is absolutely necessary to enable me to reorganize under the protection of Chapter 11. Paramount for reorganization is my ability to operate the business of Liddle & Robinson from which I expect to fund a plan of reorganization.

## Underlying Judgment is Faulty

17. Furthermore, Counsel Financial 's claims upon which the Judgment and the Attachment were based are erroneous as a matter of law and not grounded in the facts. The calculation of the amount due under the loan is quite simply wrong. The Erie County Court granted a motion for summary judgment in lieu of complaint holding that the loan was evidenced by an instrument for the payment of money only and that the amount due could be determined from the "4 corners of the document." The granting of the motion for summary judgment in lieu of complaint meant that neither I nor Liddle & Robinson was ever allowed to move or answer, conduct any discovery, make any dispositive motion or add parties, assert claims, counter-claims or cross-claims. No accounting was had. Counsel Financial "settled" with two former Liddle &

Robinson partner guarantors during the pendency of the motion and to this day the terms of those settlements have been concealed from me and L&R.

18.  The motion for summary judgment in lieu of complaint also <u>requires</u> that there is no doubt in either the calculation of the amount owed from the face of the document or that the amount is stated on the face of the document. Although needed, no accounting was performed, and no number was calculable or ascertainable. All this reflects why Counsel Financial's claim, the attachment, and the Judgment are defective Debtor reserves all its rights to challenge the validity of this claim and any liens related thereto.[1]

19.  It is important to note that neither the Judgment nor the Attachment has been docketed or filed in New York County where the Escrowed Funds have been held. As a result of the filing of the Petition, and under Section 544 of the Bankruptcy Code, the Estate has a superior interest to the Escrowed Funds. In addition, the Attachment was entered within 90 days before the Petition Date, and constitutes an avoidable preference under 11 U.S.C. §547.

## Use of Proceeds

20.  The Debtor, as Debtor in possession, also realizes it's responsibility to be transparent and use estate property responsibly. For that reason, and to the extent the Court considers the Escrowed Funds to be cash collateral under 11 U.S.C. §363 the Debtor suggests the following budget for the next 30 days.

---

[1] Debtor will commence an adversary proceeding as soon as is practical.

Personal Expenses

- Monthly Rent (from March 6)     $7,500
- Utilities     $ 500
- Food/clothing     $3,000
- Life insurance premium (keyman policy assigned to Counsel Financial)     $16,000
- Miscellaneous expenses     $ 1,000

$28,000

21. In addition, the following expenses are anticipate to continue the business of Liddle & Robinson. The firm has more than 35 ongoing cases and a healthy active practice. The following are the anticipated monthly expenses post-petition:

- Associate salaries     $30,000
- Staff salaries     $12,500
- Payroll Deductions (Health Insurance)     $ 8,000
- Rent     $ 9,000
- Miscellaneous expenses     $1,500
- Insurance (malpractice)     $ 6,000
- Jeffrey Liddle draw     $25,000

$ 92,000

22. To the extent the Court determines that the Escrowed Funds are cash collateral, the Debtor would be amenable to replacement liens on certain mortgage-fee real estate owned by the Debtor in Suffolk County subject to a reservation of Debtor's rights to challenge the underlying claims and validity of the liens of Counsel Financial or any other creditor asserting an interest.

23. Based on the foregoing, it is respectfully requested that this Court order that 50% of the Escrowed Funds constituting the Debtor's interest be turned over to the Debtor to fund my reasonable personal expenses and to sustain the operations of Liddle & Robinson so that this attempt of reorganization is not strangled in its crib, and that the other 50% of the Escrowed Funds be turned over to my wife Tara Liddle.

### Basis for the Relief Requested

24. 11 U.S.C. §541(a)(1) provides that a Debtor's estate is "compromised of all legal or equitable interests of the Debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). "The scope of this section is broad and brings into the estate both tangible and intangible property." In re Borison, LDV, 226 B.R. 779, 785 (Bankr. S.D.N.Y. 1998). This section of the Code has been defined as the "essence of the Code" because it defines what is and what is not property of the estate. See In re Borison, LDV, 226 B.R. at 785. Section 541(a)(3) defines property of the estate as "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553 or 723 of this title". 11 U.S.C. §541(a)(3).

25. Under 11 U.S.C. §542; "an entity…in possession, custody, or contract of property that the trustee may use, call or lease…or that the Debtor may exempt under Section 522 shall deliver to the trustee an account for such property…" 11 U.S.C. §542(a).

26. Under 11 U.S.C. §543, the custodian "shall deliver to the trustee any property of the debtor held by or transferred to such custodian" and shall "file an accounting of any property of the debtor" See 11 U.S.C. §543(a)(1) and 11 U.S.C. §543(a)(2).

27. In the instant case, the escrowed funds relating to the sale of the cooperative sale is clearly the kind of property which falls within the scope of 11 U.S.C. §541(a)(1). As of the Filing Date, the Debtor had a legal and equitable interest in the Escrowed Funds.

28. The Debtor submits that this Motion cites the relevant statutory authority and rules for the relief requested, and that this Motion complies with Local Bankruptcy Rule 9013-1(a). Therefore, no separate memorandum of law is required in connection with this Application.

29. The Debtor shall serve this Motion by electronic mail and express mail overnight delivery upon: (a) the Office of United States Trustee; (b) Diane C. Nardone, Esq., 11 Fifth Avenue, New York, NY 10003; (c) Davidoff, Hutcher & Citron, LLP, 605 Third Avenue, New York, NY 1058, Attn: Larry Hutcher, counsel for Counsel Financial, (d) all creditors listed on the Creditors List filed with this Petition; and (e) any party in interest that has served a request for special notice or a notice of appearance pursuant to Rule 2002.

30. No prior application for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reason stated above, the Debtor respectfully requests that the Court enter an order directing the Custodian to turn over the escrowed funds immediately as soon as is practical.

Dated: March 22, 2019
New York, New York

JEFFREY L. LIDDLE

By: _____
Jeffrey L. Liddle
Debtor, Acting as his
own Attorney
c/o Liddle & Robinson
1177 Avenue of the Americas
5th Floor
New York, NY 10036
646-452-7211

# EXHIBIT A

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

In re:

JEFFREY L. LIDDLE,

Case No. 19-10747 (shl)

Debtor.
------------------------------------------------------------ x

## ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER UNDER 11 U.S.C. §§105, 542, and 543 DIRECTING CUSTODIAN TO TURNOVER PROPERTY ("TURNOVER MOTION")

Upon the motion (the "Motion") of Jeffrey L. Liddle, (the "Debtor") as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order under 11 §§ 105, 542 and 543 directing Custodian to turn over property (the "Turnover Motion"); and the Court having considered the Turnover Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Turnover Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief granted herein is in the best interest of the Debtor's estate and its creditors; and this Court having determined that the legal and factual bases set forth in the Turnover Motion establish just cause for the relief granted herein; it is hereby ordered as follows:

1. The Motion is **GRANTED**.

2. Diane Nardone, Esq. (the "Custodian") is directed to turn over all of the interest of the Debtor, constituting 50% of the Escrowed Funds, as soon as practical, to the possession and control of the Debtor, and

3. The Custodian is directed to turn over all of the interest of the Debtor's wife, Tara Liddle, constituting 50% of the Escrowed Funds, as soon as practical to Tara Liddle, the Debtor's wife.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
      March ____, 2019

**PROPOSED**

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

EXHIBIT B