UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

In re:

JEFFREY LEW LIDDLE,

                    Debtor.

Case No.  19-10747 (shl)

-------------------------------------------------------- x

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER UNDER 11 U.S.C. §§105, 542, and 543 DIRECTING CUSTODIAN TO TURNOVER PROPERTY AND FOR AN INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY RENT EXPENSES AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of Jeffrey L. Liddle, (the "Debtor") as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order under 11 U.S.C. §§ 105, 542 and 543 directing Custodian to turn over property[1] (the "Turnover Motion") [Doc 14]; and the Court having considered the Turnover Motion; the Response by Counsel Financial II LLC to Debtor's Motion (I) under 11 U.S.C. §§ 105, 542 and 543 for Turnover of Property by Escrow Agent or Custodian; and (II) under 11 U.S.C. § 363 for use of Cash Collateral [Docs 23, 24]; and the Court having further considered the (Statement in Support of Turnover Subject to White & Wolnerman Charging Lien), filed by Randolph E. White on behalf of White & Wolnerman, PLC [Docs 18, 19]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Turnover Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice having been served, and upon hearings held on March 28 and April 1, 2019, and the Court having determined

---

[1] Defined Terms in the Turnover Motion shall be used herein.

27382339.1

that the relief granted herein is in the best interest of the Debtor's estate and its creditors; and this Court having determined that the legal and factual bases set forth in the Turnover Motion establish just cause for the relief granted herein; it is hereby ordered as follows:

1. The Motion is **GRANTED *to the extent set forth below***.

2. Diane Nardone, Esq. (the "Custodian") is directed to turn over the Escrowed Funds, as soon as practical, to the possession and control of the Debtor by transferring by wire transfer the Escrowed Funds in the amount of $2,181, 207.77 into the Debtor-in-Possession Account (the "DIP Account") established by the Debtor at Wells Fargo Bank, pursuant to wire instructions provided to the Custodian by the Debtor, and

3. The Custodian is discharged from any further obligations as Escrow Agent and shall be released from any and all claims that have arisen, or may arise, against her from acting in her capacity as the Escrow Agent for the Escrowed Funds.

4. The Debtor is authorized to pay immediately from the DIP Account the April rental obligation on his and his wife's personal residence in the amount of $7,500.00 and the April rent for the Debtor's business offices in the amount of $9,847.64.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

6. The Debtor is prohibited from using any additional funds in the DIP Account without further Order of the Court.

Dated: New York, New York
April 1, 2019

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

27382339.1