**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------  x

In re:

JEFFREY LEW LIDDLE,                    Case No. 19-10747 (shl)

                  Debtor.
----------------------------------------------------------  x

**INTERIM ORDER PURSUANT TO 11 U.S.C. § 105 TO EXTEND**
**THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 TO**
**LIDDLE & ROBINSON LP AND FOR RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-referenced debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an interim order (this "Interim Order") (I) extending the automatic stay imposed by section 362(a) of the Bankruptcy Code to Liddle & Robinson LP and (II) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 11 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other notice or further notice need be provided; and an interim hearing having been held before the Court on April 11, 2019, to consider the interim relief requested in the Motion (the "Interim Hearing"); and upon the Declaration of Jeffrey Lew Liddle filed contemporaneously with the Motion, the record of the Interim Hearing and all of the proceedings before the Court, and the Court having found that the relief granted hereby is in the best interests

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the Debtor, its estate, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. <u>Motion Granted</u>. The Motion is GRANTED to the extent set forth herein on an interim basis through May 3, 2019.

2. <u>Automatic Stay</u>. Absent relief from the automatic stay or an order of this Court confirming that the automatic stay does not apply, all creditors of Debtor or Liddle & Robinson LP ("<u>L&R</u>") are hereby prohibited from taking action that is prohibited by 11 U.S.C. § 362(a) against the Debtor or the property of the Debtor's estate against L&R including, but not limited to: (a) the litigation by Kasowitz Benson Torres LLP or any collections actions related thereto; (b) any collections actions by Counsel Financial II, LLC or its affiliates; (c) the enforcement against L&R of any judgment obtained before the commencement of the Chapter 11 Case; (d) any act to obtain possession of property of L&R; (e) any act to create, perfect, or enforce any lien against property of L&R; (f) any act to create, perfect or enforce against property of L&R any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 11 Case; (g) any act to collect, assess, or recover a claim against L&R that arose before the commencement of the Chapter 11 Case; and (h) the setoff of any debt owing to L&R that arose before the commencement of the Chapter 11 Case under the Bankruptcy Code against any claim against L&R. The automatic stay shall remain in effect with respect to L&R until this Court issues a Final Order on the Motion (a "<u>Final Order</u>").

3. <u>Implementation</u>. The Debtor is authorized to take all action necessary to implement the relief granted in this Interim Order.

4.      <u>Final Hearing</u>. A hearing on the Debtors' request for a Final Order approving the Motion is scheduled for **May 1, 2019, at 11:00 a.m.** (prevailing Eastern time) before this Court (the "<u>Final Hearing</u>"). Within three (3) business days after entry of this Interim Order, the Debtors shall serve, or cause to be served, by first class mail or other appropriate method of service, copies of a notice of entry of this Interim Order and the Final Hearing, together with a copy of this Interim Order and the Motion, to the parties having been given notice of the hearing on April 11, 2019 and to any party that has filed prior to such date a request for notice with this court and to counsel for any statutory committee of unsecured creditors appointed pursuant to Section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>"). The notice of entry of this Order shall state that any party in interest objecting to the Motion shall file written objections with the Bankruptcy Court no later than April 23, 2019, at 4:00 p.m. (prevailing Eastern time) and objections shall be so served so that the same are received on or before such date by (i) the Debtors; (ii) counsel to any Creditors' Committee; and (iii) the Office of the United States Trustee.

5.      <u>Order Effective Upon Entry</u>. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

6.      <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

Dated: April 12, 2019
       New York, New York

                            */s/ Sean H. Lane*
                            HONORABLE SEAN H. LANE
                            UNITED STATES BANKRUPTCY JUDGE