**Presentment Date and Time: May 17, 2019, at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: May 14, 2019, at 12:00 p.m. (prevailing Eastern Time)**

Alison D. Bauer
William F. Gray, Jr.
Jaclyn J. Leader
TORYS LLP
1114 Avenue of the Americas, 23rd Floor
New York, New York  10036
Tel:  212.880.6000
Fax:  212.682.0200

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------- x

In re:

JEFFREY LEW LIDDLE,

                            Debtor.
--------------------------------------------------------- x

Chapter 11

Case No.  19-10747 (SHL)

**APPLICATION OF JEFFREY LEW LIDDLE FOR ENTRY OF AN ORDER (I)**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF EISNERAMPER LLP**
**AS ACCOUNTANT TO JEFFREY LEW LIDDLE EFFECTIVE *NUNC PRO TUNC* TO**
**APRIL 26, 2019**

Jeffrey Lew Liddle ("Debtor") respectfully states the following in support of this

application (this "Application"):

**Relief Requested**

Debtor seeks entry of an order (the "Order"), substantially in the form attached hereto as

**Exhibit A**, (a) authorizing Debtor's employment and retention of EisnerAmper LLP

("EisnerAmper"), effective *nunc pro tunc* to April 26, 2019 as accountants in accordance with

the terms and conditions set forth in that certain engagement letter dated April 26, 2019, by and

among Debtor and EisnerAmper (the "Engagement Letter"), a copy of which is attached as

**Exhibit 1** to the Order. In support of this Application, Debtor respectfully submits the declaration of Allen Wilen, a Partner of EisnerAmper (the "Wilen Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference, and respectfully states as follows:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a), 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and rules 2014-1, and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

4.      On March 11, 2019 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate his business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

5.      Information regarding the Debtor's business, finances, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Affidavit of Jeffrey L.*

*Liddle Under Bankruptcy Rule 1007-2* (the "***First Day Declaration***"), sworn to and filed with the Court on the Petition Date.[1]

## Retention of EisnerAmper

6.      Debtor has selected EisnerAmper as its accountant due to the firm's extensive experience in and knowledge of the operations of legal professionals such as Debtor as well as EisnerAmper's outstanding reputation as a provider of accounting and audit services generally.

7.      EisnerAmper is a leading full-service accounting, tax, and business advisory firm with 15 offices and nearly 1,500 partners and professional staff in the United States and internationally. EisnerAmper has considerable experience providing accounting, tax, auditing, and financial advisory services to businesses in chapter 11. Select bankruptcy cases include: Searchmetrics, Inc.; Taylor-Wharton International LLC; EZ Mailing Services Inc.; Hebrew Health Care, Inc.; Anna's Linens, Inc.; Neighborhood Health Services Corp.; Hedwin Corp.; United Gilsonite Laboratories; SDI Solutions LLC; Axion International Inc.; ScripsAmerica Inc.; Lombard Public Facilities Corp.; Earth Pride Organics LLC; and Cinram Group Inc. among others.

8.      Debtor is familiar with the professional standing and reputation of EisnerAmper and has selected EisnerAmper as its accountant, in part, because EisnerAmper can provide Debtor with the necessary services as detailed in the Engagement Letter. Debtor believes EisnerAmper is well-qualified and able to represent Debtor in this chapter 11 case in an efficient and timely manner. Thus, Debtor submits that the employment and retention of EisnerAmper as its accountant is in the best interests of Debtor, its creditors, and all parties in interest.

---

[1]     Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the First Day Declaration.

## Scope of Services

9.      Subject to further order of the Bankruptcy Court, and consistent with the

Engagement Letter, Debtor requests the employment and retention of EisnerAmper to render the

following services:

     a.      Providing such services ("Hourly Services") as may be requested by Debtor
including:

          (A)    Preparation of the monthly operating reports, budgets and
projections of the Debtor and its business.

          (B)    Assist with preparation of the Debtor's schedules of assets and
liabilities and statement of financial affairs.

          (C)    Preparing all required payroll tax returns / reports of the Debtor's
business.

          (D)    As required, attending meetings with the Debtor and counsel,
meetings with the Creditors and Court hearings.

          (E)    Assisting in the preparation of the Plan of Reorganization and the
Disclosure Statement.

          (F)    Other assistance as the Debtor and counsel may deem necessary.

10.      Allen Wilen, a Partner of EisnerAmper, and Adeola Akinrinade, a Senior

Manager of EisnerAmper, will have primary responsibility for providing services to Debtor in

this bankruptcy case.

## Professional Compensation

11.      Debtor understands that EisnerAmper intends to apply to the Bankruptcy Court

for the allowance of compensation for professional services rendered and reimbursement of

expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court.

12.     Subject to approval by the Bankruptcy Court, and as more fully set forth in the Engagement Letter, EisnerAmper and Debtor have negotiated rates per hour for services to be performed which will be paid by Debtor upon approval of this Bankruptcy Court.

13.     The  charges for the Hourly Services that are provided by EisnerAmper in connection with the Engagement Letter will be made at EisnerAmper's agreed upon and customary hourly rates, as set forth in the following schedule:[2]

| Title | Rate Per Hour |
|---|---|
| Partner | $ 560-630 |
| Director/Senior Manager | $ 420-520 |
| Manager | $ 340-350 |
| Senior | $ 235-295 |
| Staff Assistant/Paraprofessional | $ 125-215 |

14.     Upon the approval by the Court of this Application, the Debtor shall pay EisnerAmper a $50,000 retainer payment.  The retainer will be held against the final invoice for the engagement. Any unused retainer amounts will be refunded to the Debtor.

15.     In addition to the rates set forth above, Debtor and EisnerAmper have agreed that Debtor shall reimburse (as permitted by the Court) EisnerAmper for its reasonable and documented out-of-pocket expenses incurred in connection with EisnerAmper's performance of the Hourly Services (the "Expenses").

---

[2]     These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Like many of its peer firms, EisnerAmper increases the hourly billing rate of professionals and paraprofessionals once a year in the form of: (a) market increases in the ordinary course; and (b) periodic increases within each professional's and paraprofessional's current level of seniority.

16.    EisnerAmper intends to follow the requirements of the Bankruptcy Code, the

Bankruptcy Rules, Local Rule 2016-1, and the U.S. Trustee Guidelines, with regards to

professional time records.

17.    Debtor believes that the fees and expenses described above are reasonable, within

the market for similar services, and designed to fairly compensate EisnerAmper for its work and

to cover fixed and routine overhead expenses.

### EisnerAmper's Disinterestedness

18.    To the best of Debtor's knowledge, information, and belief, other than as set forth

in the Allen Wilen Declaration, EisnerAmper: (a) has no connection with Debtor, its creditors,

other parties in interest, or the attorneys or accountants of any of the foregoing, or the

U.S. Trustee or any person employed by the Office of the U.S. Trustee; (b) does not hold any

interest adverse to Debtor's estate; and (c) believes it is a "disinterested person" as defined by

section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.

19.    Accordingly, Debtor believes that EisnerAmper is "disinterested" as such term is

defined in section 101(14) of the Bankruptcy Code.

20.    In addition, as set forth in the Allen Wilen Declaration, if any new material facts

or relationships are discovered or arise, EisnerAmper will provide the Bankruptcy Court with a

supplemental declaration.

### Basis for Relief

## II.    Debtor Should be Permitted to Retain and Employ EisnerAmper on the Terms in the Engagement Letter Pursuant to Sections 327 and 328(a) of the Bankruptcy Code

21.    Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to

employ professionals that "do not hold or represent an interest adverse to the estate, and that are

disinterested persons." 11 U.S.C. § 327(a). As discussed above, EisnerAmper satisfies the

disinterestedness standard of section 327(a). Debtor submits that the retention of EisnerAmper

under the terms described herein is appropriate under section 328(a) of the Bankruptcy Code.

22.     Section 328(a) of the Bankruptcy Code authorizes the employment of a

professional person "on any reasonable terms and conditions of employment, including on a

retainer . . ." 11 U.S.C. § 328(a). Section 328 permits the compensation of professionals on more

flexible terms that reflect the nature of their services and market conditions. As the United States

Court of Appeals for the Fifth Circuit has recognized:

> Prior to 1978 the most able professionals were often unwilling to work for
> bankruptcy estates where their compensation would be subject to the uncertainties
> of what a judge thought the work was worth after it had been done. That uncertainty
> continues under the present §330 of the Bankruptcy Code, which provides that the
> court award to professional consultants "reasonable compensation" based on
> relevant factors of time and comparable costs, etc. Under present §328 the
> professional may avoid that uncertainty by obtaining court approval of
> compensation agreed to with the trustee (or debtor or committee).

*In re National Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (internal citations omitted).

23.     Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005, certain modifications were made to section 328(a) of the Bankruptcy Code, which

now provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the
> court's approval, may employ or authorize the employment of a professional person
> under section 327 or 1103 of this title, as the case may be, on any reasonable terms
> and conditions of employment, including on a retainer, on an hourly bases, on a
> fixed percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code, as amended, makes clear that debtors

may retain, subject to bankruptcy court approval, professionals on a fixed fee basis. Additionally,

as indicated above, notwithstanding their retention pursuant to section 328(a) of the Bankruptcy

Code, EisnerAmper intends to submit applications for payment of compensation in this chapter 11

case.

24.    The Bankruptcy Court's approval of Debtor's retention of EisnerAmper in accordance with the terms and conditions of the Engagement Letter is warranted. As discussed above and in the Allen Wilen Declaration, EisnerAmper satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code and retention of EisnerAmper pursuant to section 328(a) of the Bankruptcy Code is appropriate in these circumstances. Additionally, EisnerAmper's professional staff has extensive experience and an excellent reputation for providing high-quality services. Further, Debtor believes that EisnerAmper is well qualified to provide the Hourly Services to Debtor in a cost-effective, efficient, and timely manner.

25.    Debtor, therefore, submits that the terms and conditions of EisnerAmper's retention as described herein, including the proposed compensation terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Given the complexity of the work that must be completed, it is reasonable for Debtor to seek to employ and retain EisnerAmper to serve on the terms and conditions set forth herein.

III.    **Employment and Retention of EisnerAmper Should be Effective *Nunc Pro Tunc* to April 26, 2019**

26.    Debtor also believes that employment of EisnerAmper effective *nunc pro tunc* to April 26, 2019 is warranted under the circumstances of these chapter 11 cases. EisnerAmper has provided, and will continue to provide, valuable services to Debtor. The employment and retention of EisnerAmper and its professionals is a sound exercise of Debtor's business judgment. Debtor believes that EisnerAmper will provide services that benefit Debtor's estate and creditors. In light of the foregoing, Debtor believes that retention of EisnerAmper and its professionals is appropriate and in the best interests of Debtor and its estate and creditors.

## **No Prior Request**

27.    No prior request for the relief sought herein has been made by Debtor to this or any other court.

**WHEREFORE**, Debtor respectfully requests that the Bankruptcy Court (a) enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated:  April26, 2019
       New York, New York

Respectfully submitted,

*/s/ Alison D. Bauer*

TORYS LLP
Alison D. Bauer
William F. Gray
Jaclyn J. Leader
1114 Avenue of the Americas, 23rd Floor
New York, New York  10036
Tel:  212.880.6000
Fax:  212.682.0200
abauer@torys.com
wgray@torys.com
jleader@torys.com

*Proposed Attorneys for Debtor*

## **EXHIBIT A**

**Proposed Order**

Alison D. Bauer
William F. Gray, Jr.
Jaclyn J. Leader
TORYS LLP
1114 Avenue of the Americas, 23rd Floor
New York, New York  10036
Tel:  212.880.6000
Fax:  212.682.0200

*Proposed Attorneys for Debtor*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------- x

In re:                                                    Chapter 11

                                                          Case No.  19-10747 (SHL)
JEFFREY LEW LIDDLE,

                        Debtor.
--------------------------------------------------------- x


**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**EISNERAMPER LLP AS ACCOUNTANT TO DEBTOR EFFECTIVE *NUNC PRO TUNC***
**TO APRIL 26, 2019**

Upon the application (the "Application") of the above-captioned debtor and debtor in

possession ("Debtor") for entry of an order (this "Order") pursuant to sections 327(a) and 328(a)

of title 11 of the United States Code (the "Bankruptcy Code") authorizing Debtor to employ and

retain EisnerAmper LLP ("EisnerAmper") as accountants, on the terms set forth in the in the

engagement letter (the "Engagement Letter") annexed hereto as **Exhibit 1**; and upon the

*Declaration of Allen Wilen in Support of Application for Order Authorizing Retention and*

*Employment of EisnerAmper as Accountant Effective Nunc Pro Tunc to April 26, 2019* annexed to

the Application as **Exhibit B**; all as more fully set forth in the Application; and the Bankruptcy

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that the

- 2 -

Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Bankruptcy Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Bankruptcy Court having found that Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Bankruptcy Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Bankruptcy Court (the "Hearing"); and the Bankruptcy Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Debtor is hereby authorized to retain EisnerAmper as accountant to Debtor, *nunc pro tunc* to April 26, 2019 on the terms set forth in the Engagement Letter, as modified by this Order.

3.      EisnerAmper shall file applications and be compensated for the Hourly Services and related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 and effective February 5, 2013, the Amended Order Establishing Procedures

for Monthly Compensation and Reimbursement of Expenses of Professionals, dated

December 21, 2010, and other Orders of this Court.

4.      The terms of the Engagement Letters with respect to the Hourly Services, are

reasonable terms and conditions of employment and are hereby approved pursuant to

section 328(a) of the Bankruptcy Code. The Hourly Services shall be subject to the standard of

review set forth in section 328(a) of the Bankruptcy Code; *provided*, *however*, that

notwithstanding anything set forth in this Order or the record relating to the Bankruptcy Court's

consideration of the Application, the U.S. Trustee shall be entitled to review, respond and object

to EisnerAmper's interim and final applications for the Hourly Services on all grounds, including

reasonableness pursuant to section 330 of the Bankruptcy Code, and the Court retains

jurisdiction to consider the U.S. Trustee's response or objection to EisnerAmper's interim and

final applications for the Hourly Service on all grounds, including reasonableness pursuant to

section 330 of the Bankruptcy Code.

5.      The terms of the Engagement Letters with respect to the Expenses shall be subject

to the standard of review set forth in section 330 of the Bankruptcy Code by all interested parties.

6.      Prior to any increases in EisnerAmper's rates, EisnerAmper shall file a

supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the

United States Trustee and any official committee. The supplemental affidavit shall explain the

basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy

Code and state whether Debtor has consented to the rate increase. The United States Trustee

retains all rights to object to any rate increase on all grounds including, but not limited to, the

reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and

rate increases are subject to review by the Court.

7.      To the extent informed by Debtor, EisnerAmper shall use its best efforts to avoid any duplication of services provided by any of Debtor's other retained professionals in the chapter 11 case.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

10.     Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

11.     Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
     New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Engagement Letter**

**EISNERAMPER**

EisnerAmper LLP
111 Wood Avenue South
Iselin, NJ 08830-2700
T 732.243.7000
F 732.951.7400
www.eisneramper.com

April 26, 2019

Jeffrey Lew Liddle
11 5th Avenue
New York, NY 10003

**Re:** Jeffrey Lew Liddle (Case No.: 19-10747)

Dear Mr. Liddle:

This engagement letter, together with the attached EisnerAmper LLP Standard Terms and Conditions of Engagement, sets forth the terms and conditions on which EisnerAmper LLP ("EisnerAmper") will provide the services set forth below.

**I.    <u>Client</u>**

Jeffrey Lew Liddle (the "Debtor and Debtor in possession" or "Client") and the law firm, Liddle & Robinson, L.L.P. ("Law Firm").

**II.    <u>Scope of Services and Fee</u>**

A.    <u>Scope of Services</u>

EisnerAmper will render the following professional services, as well as additional services as may be requested ("Services"):

- Assist with the preparation of monthly operating reports, budgets and projections of the Client and its business
- Assist with the preparation of the Client's schedules of assets and liabilities and statement of financial affairs
- Prepare all required payroll tax returns / reports of the Client's business
- As required, attend meetings with the Client and the Law Firm, other stakeholders and participate in court hearings
- Assist in the preparation of the Plan of Reorganization and the Disclosure Statement
- Assist in negotiations with various stakeholders including creditors, and other parties, as necessary
- Provide other services that may be requested by the Client and the Law Firm

We will perform the Services in accordance with applicable professional standards, including the Statements on Standards for Consulting Services issued by the American Institute of Certified Public Accountants.

Jeffrey Lew Liddle
Page 2
April 26, 2019

B.  <u>Services Fee</u>

As consideration for the Services to be provided by EisnerAmper, the Client shall pay the following fees based on EisnerAmper's standard hourly rates:

| | |
|---|---|
| Partners and Managing Directors | $560- $630 per hour |
| Directors and Senior Managers | $420-$520 per hour |
| Managers | $340-$350 per hour |
| Seniors | $235-$295 per hour |
| Staff / Paraprofessional | $125-$215 per hour |

Our rates are adjusted periodically and we will notify you in advance of any future rate increases. In addition, EisnerAmper will be reimbursed (and as permitted by the Bankruptcy Court) for direct expenses including reasonable and customary out-of-pocket expenses such as travel, meals, accommodations, investigative reports, and other expenses specifically related to this engagement.

We acknowledge that payment of our fees will be governed by the applicable orders by the United States Bankruptcy Court for the Southern District of New York. We will prepare all information required for monthly, interim and final fee applications to be filed related to our services

We require an initial retainer of $50,000. This retainer is not intended to represent an estimate of the total cost of the work to be performed. The retainer will be held against the final invoice for the engagement. Any unused retainer will be refunded.

III. **Conflict of Interest**

We have performed an internal search for any potential client conflicts based upon the names of the following parties you have provided. See Addendum "A".

Based upon this search, we are not aware of any conflicts of interest or relationships that would, in our opinion, preclude us from performing the services for you and your client in an objective manner. We will notify you immediately if any such relationships subsequently come to our attention. If additional parties to the matter are named, you are obligated to inform us as to the identity of those parties. We reserve the right to resign from this engagement if we believe that any of the additional parties create a conflict that would prevent us from performing the services in an objective manner. You have confirmed that you are not aware of any potential client conflicts.

IV. **Engagement Team**

Allen Wilen is the engagement partner for the services specified in this letter. Mr. Wilen will be assisted by supporting staff experienced in performing the types of services described herein. We can also support certain technical and industry expertise requirements of the engagement with other professionals who will be identified during the course of the engagement, with your approval.

Jeffrey Lew Liddle
Page 3
April 26, 2019

V.  <u>**Management's Responsibilities and Representations**</u>

It is the Client's responsibility to provide all the information required for our Services.  Our Services for the Client will be based on the information made available to us by its representatives.  We will not audit or otherwise verify the information submitted to us.  However, we may ask for additional documentation and clarification of some of the information.  We anticipate that the Client's representatives will furnish all of the requested information in a timely and organized manner.

The Services will be performed under the direction of management of the law firm and management accepts the responsibility for all management decisions.  EisnerAmper is advising and will not perform management functions or make management decisions on behalf of the Client.  However, we will provide advice and recommendations in an advisory capacity to assist management of the Client in performing its functions and making decisions.

In performing the Services, EisnerAmper will have full access to all of the Client's records, property and personnel relevant to performing the Services.

Jeffrey Lew Liddle
Page 4
April 26, 2019

\*        \*        \*

Please indicate acceptance of the above terms and the attached EisnerAmper LLP Standard Terms and Conditions of Engagement by signing and returning this letter by mail, facsimile or pdf/email together with payment for the retainer. For purposes of this engagement letter, facsimile or pdf copies of signatures shall be deemed original and shall constitute one and the same instrument.

Very truly yours,

EISNERAMPER LLP

By: _____
     Allen Wilen, Partner

**Accepted:**
This letter and the attached EisnerAmper LLP Standard Terms and Conditions of Engagement correctly sets forth the understanding of Jeffrey Lew Liddle:

By: _____        _____
     Signature                                      Title

_____        _____
     Print Name                                    Date

# EISNERAMPER LLP
## STANDARD TERMS AND CONDITIONS OF ENGAGEMENT

**Client:** Jeffrey Lew Liddle (the "Debtor and Debtor in possession" or "Client")
**Engagement Letter Date:** April 19, 2019

1. **Client Information and Confidentiality:**
   a. In accordance with the AICPA Code of Professional Conduct and applicable federal, state and local rules, EisnerAmper will not disclose confidential client information without client[1] consent, except that EisnerAmper shall be permitted to disclose confidential client information (i) to any government agency or regulatory body to the extent and in the form or manner necessary or required to comply with any rule, regulation or order of such government agency or regulatory order, or (ii) pursuant to subpoena or other legal process. EisnerAmper utilizes appropriate safeguards, policies and procedures to maintain the confidentiality of confidential client information.
   b. In the event EisnerAmper uses third-party service providers to assist in providing professional services, EisnerAmper may share confidential client information with these service providers. EisnerAmper requires that such third-party service providers utilize appropriate safeguards and procedures to protect confidential client information. Client hereby consents to disclosure of confidential client information to third-party service providers for the purpose of the third-party service provider assisting with the services provided pursuant to this engagement letter.
   c. EisnerAmper may transmit or receive information through electronic means, including through the firm's secure portal. Client shall at all times comply with the terms of use of EisnerAmper's portal and shall only permit authorized users to access information through the portal. In the event that the client creates one or more user accounts to access documents transmitted through the portal, client shall notify EisnerAmper to disable any user account for which an individual(s) is no longer authorized to access client information transmitted through the EisnerAmper client portal.

2. **Work Papers:** All work papers prepared in conjunction with this engagement are confidential and are the property of EisnerAmper. Work papers and client documents and information will be retained in accordance with EisnerAmper's document retention policies.

3. **EisnerAmper Foreign Employees and Subsidiaries:** EisnerAmper may assign employees or employees of its subsidiaries and affiliates located outside the United States to work on client's engagement, as well as to access client information in the normal course of performing services related to EisnerAmper's operations. Client hereby consents to EisnerAmper assigning employees and affiliated entities located outside the United States to this engagement, and to EisnerAmper transmitting client information to such employees and affiliated entities as needed to perform the services to client and to perform job services related to EisnerAmper's operations.

---

[1] For purposes of these Standard Terms and Conditions of Engagement, the term "client" shall mean the entity or individual identified in the engagement letter above which engaged EisnerAmper LLP for the services subject to the attached engagement letter, and shall include any subsidiary or related entity for which the services are provided.

Jeffrey Lew Liddle
Page 6
April 26, 2019

4.  **No Third-Party Beneficiary:** The engagement is being undertaken solely for the client's benefit and the parties do not intend to provide contractual rights to any other person.

5.  **Out-of-Scope Services**:  Any services outside the services set forth in this engagement letter will be a separate, new engagement.  The terms and conditions of that new engagement will be governed by a new, specific engagement letter for that service.   In the event an engagement letter for the out-of-scope services is not issued, each such out-of-scope service shall be a separate and new engagement performed pursuant to these Standard Terms and Conditions of Engagement and billed at our standard hourly rates.

6.  **Termination of Engagement:**
    a.  EisnerAmper's engagement ends upon the earlier of (i) delivery of the final work product for which EisnerAmper has been engaged, or (ii) where applicable, filing of the final work product for which EisnerAmper has been engaged.
    b.  In the event no final work product is delivered or filed, the engagement shall end on the later of (i) if services are for a specific calendar/tax year, the last date of the tax year for which the services were provided, (ii) the last date on which the services were provided, or (iii) date on which the last invoice for the services was issued, not including any subsequent account payable reminder, revised bill, or other communications concerning completed services.
    c.  Client has the right to terminate EisnerAmper's services at any time, and EisnerAmper has the right to resign at any time, subject in either case to payment for all charges incurred to the date of termination or resignation.  In the event client or EisnerAmper exercise the right to terminate EisnerAmper's services, such termination shall be in writing and shall be effective upon delivery by mail, overnight mail or email transmission.
    d.  Each of the termination events in subsections 6.a through 6.d shall each be referred to as an "Engagement Termination Event."

7.  **Limitations of Liability and Indemnification:**
    a.  **Limitation of Liability**: EisnerAmper's maximum liability for damages relating to the services provided pursuant to this engagement letter shall be limited to the fees paid for the service or work product giving rise to liability, provided that such limitation shall not apply where damages are determined to have been caused by EisnerAmper's gross negligence or willful misconduct.
    b.  **Special Damages:** In no event shall EisnerAmper or its personnel be liable to client for any consequential, incidental, indirect, punitive or special damages in connection with claims arising out of or related to this engagement letter or the services described herein, including any amount for loss of profit, data or goodwill, whether or not the likelihood of such loss or damage was contemplated.
    c.  **Indemnification:**
        i.  The Debtor shall indemnify EisnerAmper in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letters, but not for any claim arising from, related to, or in connection with EisnerAmper's post-petition performance of any services other than the services provided under the Engagement Letter, unless such post-petition services and indemnification therefore are approved by the Bankruptcy Court.
        ii. The Debtors shall have no obligation to indemnify EisnerAmper for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from EisnerAmper's bad faith, gross negligence or willful misconduct, (ii) settled prior to a judicial

Jeffrey Lew Liddle
Page 7
April 26, 2019

determination as to EisnerAmper's bad faith, gross negligence or willful misconduct, but determined by the Court, after notice and a hearing pursuant to paragraph (c) infra, to be a claim or expense for which EisnerAmper is not entitled to receive indemnity under the terms of the Application

iii.  If, before the earlier of (i) the entry of an order closing a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, EisnerAmper believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, EisnerAmper must file an application therefore with the Court, and the Debtor may not pay any such amounts to EisnerAmper before the entry of an order by the Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by EisnerAmper and not a provision limiting the duration of the Debtors' obligation to indemnify EisnerAmper; and

iv.  Any limitation on liability pursuant to the terms of the Engagement Letter shall be eliminated; and

v.  Notwithstanding anything to the contrary in the Application, any of its attachments, or any engagement letter, EisnerAmper shall not seek reimbursement of any fees or costs arising from the prosecution or defense of any of EisnerAmper's monthly fee statements or fee applications related to the Jeffrey Lew Liddle Case in the Bankruptcy Court (Southern District of New York; Case No.: 19-10747)

d.  **Client Representations:** Because of the importance of management of the law firm's representations to the services, the client agrees to release and indemnify EisnerAmper and its personnel from and against any liability and costs relating to EisnerAmper's services under this letter attributable to any misrepresentations by management.

8.  **Reimbursement of Expenses Related to Compliance with Subpoenas:** In the event that EisnerAmper receives a subpoena or other legal process in an action or proceeding in which EisnerAmper is not a party, that seeks testimony, documents or information related to the services provided pursuant to this engagement letter, the client shall reimburse EisnerAmper for all costs and expenses (including reasonable legal fees and costs) associated with providing such testimony, documents or information, including any time expended at EisnerAmper's  then standard rates.

9.  **Employment of EisnerAmper Staff:** In the event client hires a member of EisnerAmper's professional staff, client shall pay a fee equal to the annual compensation being paid to the individual by EisnerAmper.  Such fee is payable when the employee accepts the position.

10.  **Statute of Limitations:**  Any legal action or proceeding asserting a claim against EisnerAmper arising out of or relating to this engagement shall be asserted within one (1) year from the Engagement Termination Event.

11.  **Jurisdiction, Forum and Choice of Law:**

a.  **New York Law and Jurisdiction:** The terms of this engagement letter and all related matters shall be governed by the laws of the State of New York and any legal action or proceeding related to this engagement letter or the work performed or to be performed pursuant hereto shall be brought

Jeffrey Lew Liddle
Page 8
April 26, 2019

in any appropriate court in the State of New York, County of New York, this includes without limitations to the United States Bankruptcy Court for the Southern District of New York.

b. **Jury Waiver:** EisnerAmper and client, to the extent permitted by law, each knowingly, voluntarily and intentionally waive the right to a trial by jury in any action arising out of or relating to this engagement letter or the services to be performed by EisnerAmper pursuant hereto. This waiver applies to any legal action or proceeding whether sounding in contract, tort, negligence or otherwise.

12. **Miscellaneous:**
   a. The engagement letter and these Standard Terms and Conditions of Engagement shall not be amended, unless in writing and signed by authorized representatives of all parties.
   b. The engagement letter and these Standard Terms and Conditions of Engagement contain the full and complete understanding of EisnerAmper and the client with respect to the subject matter and services described in the engagement letter and supersedes all prior representations, agreements, contracts, and understandings concerning such subject matter and services, whether they be oral or written, including but not limited to any prior non-disclosure agreements.
   c. The signatories to the engagement letter represent and warrant that such person is lawfully authorized and empowered to execute the engagement letter on behalf of the party on whose behalf such person is signing, and that upon execution, the engagement letter will be binding upon such party, without any further approval, ratification, or other action.

13. **Allinial Global and EisnerAmper Global Ltd:** EisnerAmper is a member firm of EisnerAmper Global Ltd., a network of legally independent firms. EisnerAmper is also a member firm of Allinial Global, an association of legally independent accounting and consulting firms. EisnerAmper Global Ltd., Allinial Global, and their member firms and correspondent firms are not responsible for and do not accept liability for the work or advice which EisnerAmper provides to its clients and do not owe any duty in relation to the work or advice which EisnerAmper provides.

## **EXHIBIT B**

**Declaration of Allen Wilen**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

In re:                                                    Chapter 11

                                                          Case No.  19-10747 (SHL)
JEFFREY LEW LIDDLE,

                               Debtor.
-------------------------------------------------------- x

## DECLARATION OF ALLEN WILEN IN SUPPORT OF THE APPLICATION OF JEFFREY LEW LIDDLE FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EISNERAMPER LLP AS ACCOUNTANT TO JEFFREY LEW LIDDLE EFFECTIVE *NUNC PRO TUNC* TO April 26, 2019

ALLEN WILEN, declares under penalty of perjury that:

1.      I am a Certified Public Accountant and a Partner of EisnerAmper, LLP ("EisnerAmper"), Accountants and Consultants, which maintains offices at 750 Third Avenue, New York, New York 10017 and as such am fully familiar with the facts and circumstances as set forth herein.

2.      My firm has considerable experience in the fields of accounting, bankruptcy, insolvency, reorganizations, liquidations, valuations, debt restructuring and forensic accounting, among others.

3.      This affidavit is being submitted in connection with the application of the Debtor to retain EisnerAmper as its accountants in the above-captioned Chapter 11 Debtor case.

4.      To the best of my knowledge and belief, my firm is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, and has no interest, nor does it represent or will it represent any interest adverse to the Debtor, creditors, parties-in-interest or their respective attorneys or accountants, and that in the course of its practice, the EisnerAmper

- 3 -

firm may have been retained in other matters in which some of the parties to this proceeding may

have been parties.

     5.     I have reviewed a list of parties in interest (the "Conflict Parties") as they are

currently known, including the lists of secured and unsecured creditors and have determined to

the best of my knowledge and after due inquiry that EisnerAmper has not represented any such

entity.

     6.     I have discussed the services required with the Debtor and their attorney, which

services consist of the following:

    a.     Monitoring the activities of the Debtor and his business.

    b.     Preparation of the monthly operating reports, budgets and projections of the Debtor and its business.

    c.     Assist with preparation of the Debtor's schedules of assets and liabilities and statement of financial affairs.

    d.     Preparing all required payroll tax returns / reports of the Debtor's business.

    e.     As required, attending meetings with the Debtor and counsel, meetings with the Creditors and Court hearings.

    f.     Assisting in the preparation of the Plan of Reorganization and the Disclosure Statement.

    g.     Other assistance as the Debtor and counsel may deem necessary.

    h.     All services shall be planned and directly supervised by members of the Bankruptcy and Restructuring Group of EisnerAmper.

     7.     The services to be rendered will be charged at the following rates:

| | |
|---|---|
| Partner | $560 - $630 per hour |
| Directors/Senior Managers | $420 - $520 per hour |
| Manager | $340 - $350 per hour |
| Senior | $235 - $295 per hour |
| Staff Assistant/Paraprofessional | $125 - $215 per hour |

- 4 -

8.      EisnerAmper's hourly rates are subject to periodic increase in the normal course of EisnerAmper's business. EisnerAmper acknowledges that prior to any increase in rates for any individual employed by EisnerAmper and providing services in this case, EisnerAmper shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether EisnerAmper's client has consented to the rate increase. EisnerAmper acknowledges that the United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

9.      EisnerAmper shall seek to be compensated for services rendered and for the reimbursement of disbursements upon appropriate application to this court in accordance with the bankruptcy code, bankruptcy rules, fee guidelines and the terms of any administrative procedures order entered in this case regarding the filing of applications for compensation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2019

_____
Allen Wilen, CPA, CFF, CFA, CIRA, CTP