

Reiter Law Firm / Attorneys at Law
Suffern, NY / New York, NY / Scottsdale, AZ
www.reiterlawfirm.com

Arnold E. Reiter, Esq.
areiter@reiterlawfirm.com
Admitted NY, NJ, DC, AZ

Amanda S. Ciccone, Esq.
Of Counsel
asciccone@gmail.com
Direct: (845) 596-7943
Admitted NY, NJ
Pending Admission CA

Reply to: Suffern, New York

May 10, 2019

<u>VIA EMAIL</u>

Honorable Sean H. Lane
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
Courtroom 701
New York, New York 10004-1408

Re: **Jeffrey Lew Liddle**
  **Case No. 19-10747(shl)**

Dear Judge Lane:

As you may be aware, our office represents the interest of Tara Liddle, the spouse of the Debtor. We have been before Your Honor for the sole purpose of protecting Tara Liddle's interest and most importantly remove from the Debtor In Possession Account Tara Liddle's ownership share of certain escrow proceeds. These funds emanated from the sale of a Cooperative Apartment owned jointly by Tara Liddle and her husband, Jeffrey Liddle, the Debtor herein. That sale occurred in February of 2019. The sum due and owing uniquely to Tara is $1,050,000. These funds have been "held hostage" or frozen by way of an Order of Attachment promulgated in a state court action in Erie County, New York in favor of Counsel Financial, LLC. The Cooperative Apartment in question was owned by Jeffrey and Tara Liddle as tenants by the entirety. After closing the proceeds had been owned as tenants in common, each party owning 50% of said proceeds. There is no dispute on the above referenced facts.

It has been the position of the Debtor, and our office, that these funds have been improperly held. During our last session before Your Honor there was discussion concerning the release of Tara Liddle's money. We discussed openly the notion of according Counsel Financial the right to have an "immediate" and narrowly focused deposition of Tara Liddle to satisfy Counsel Financial's inquiry as to whether Tara ever assigned or in some sense authorized her portion of the escrow account to be utilized to satisfy Liddle & Robinson's debt and Jeffrey Liddle's guaranty to Counsel Financial. Your Honor "hit it on the head" when you noted that such a deposition would be document driven and that it would be fairly easy to come to a determination whether or not Tara Liddle should have her money. The matter of "immediacy" of Tara receiving funds was of paramount importance to her. When Counsel Wander for Counsel Financial raised the notion that such a deposition could be delayed for a month because litigation counsel may not be available,

75 Montebello Road       808 Columbus Avenue, Suite PH2B    P.O. Box 915               9227 E. Rusty Spur Place
Suffern, New York 10901  New York, New York 10025           Mahwah, New Jersey 07430   Scottsdale, Arizona 85255
T 845-357-2215  F 845-738-4239    T 212-666-3197            T 845-357-2215             T 480-998-7493



Honorable Sean H. Lane
Re: **Jeffrey Lew Liddle, Debtor, Case No. 19-10747(shl)**
May 10, 2019
Page 2

Your Honor's response was *"Well, that's not going to fly. . ."* (May 1, 2019 Transcript, Pg. 40, Line 5.)

The "immediacy" of the matter is that Tara Liddle needs her money to pay expenses unique to her. She has not had the benefit of this money for at least three (3) months and her credit card, tuition and other personal debts have piled up. Frankly, this is unfair and inappropriate.

Counsel Financial has attempted delaying tactics in the face of the notion of "immediacy" of the deposition. If I recall, Your Honor suggested leaving it to the parties to work this out, but you offered also to assist, even if it meant Tara testifying in Court to move this issue rapidly along.

Despite numerous attempts by my office via email and conversation to effectuate the deposition, in my last email exchange with Counsel Wander, he told me to "stop whining" and that he would talk to me on Monday, May 13, 2019, with no commitment to a date except somewhere in the beginning of June.

As such, we respectfully request a conference either in person or by telephone with Your Honor so that this matter may be scheduled and resolved. We also requested, in good faith, that Counsel Financial not object to the release of $100,000 in the interim just so Tara Liddle, with her money, can pay her personal obligations, including a retainer to my office. That was met with a series of questions as to how Tara should be spending her money when, frankly, it is really none of their concern unless said funds were used to satisfy the Debtor's obligations, which they are not.

Thank you for your consideration. We will telephone the Court on Monday morning to assess whether some sort of conference or appearance may work.

Sincerely,
**REITER LAW FIRM**

Arnold E. Reiter
AER/jt

cc: Tara Liddle *(via email)*
William Gray, Esq. *(via email)*
David H. Wander, Esq. *(via email)*
Michael Wexelbaum, Esq. *(via email)*
Randolph E. White, Esq. *(via email)*
Andrea Schwartz, Office of the US Trustee *(via email)*