Arnold E. Reiter, LLC
75 Montebello Road
Suffern, New York 10901
845-357-2215
areiter@reiterlawfirm.com
*Attorney for Tara Liddle*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

In re:

JEFFREY LEW LIDDLE,

                Debtor.

Case No. 19-10747 (shl)

Adv. Pro. No. 19-

------------------------------------------------------- x

TARA LIDDLE,

                Plaintiff,

-against-

COUNSEL FINANCIAL II LLC,

                Defendant.

------------------------------------------------------- x

**COMPLAINT TO PRECLUDE DEFENDANT, COUNSEL FINANCIAL II, LLC'S, CLAIM AGAINST CERTAIN ESCROW ACCOUNT AND COMPEL THE DISTRIBUTION OF SAID ACCOUNT IN FAVOR OF PLAINTIFF, TARA LIDDLE**

Plaintiff Tara Liddle, wife of Jeffrey Lew Liddle, as debtor and debtor-in-possession ("Debtor"), by her attorney, Arnold E. Reiter, for a complaint against defendant, Counsel Financial II LLC ("CF II"), states as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff, Tara Liddle, commences this adversary proceeding for a declaration and judgment as to the clear and unencumbered ownership of a certain escrow account described

hereunder and avoiding Defendant, CF II, from an attempted lien or attachment on said escrow account, as said escrow account is owned by the Plaintiff, Tara Liddle.

2. Specifically, the escrow account in question emanates from the proceeds of sale of a Manhattan apartment, specifically Units 19M and 19N located at 11 Fifth Avenue, New York, New York. The apartment in question, located in the Third Brevoort Corporation cooperative complex was owned for 22 years by the Debtor, Jeffrey Lew Liddle, and the Plaintiff hereunder, Tara Liddle, as tenants by the entirety. The net proceeds of sale equaled $2,181,207.77 (the "Sale Proceeds"), fifty (50%) percent of which was owned by each party as husband and wife.

3. The Sale Proceeds are held by the Debtor, Jeffrey Lew Liddle, and his wife, Tara Liddle, as tenants in common. Tara Liddle's share equals $1,090,603.88.

4. The Debtor, Jeffrey Lew Liddle, engaged in a series of promissory note transactions, one or more of which was with CF II. The obligor under the Notes is Jeffrey Liddle's law firm, Liddle & Robinson, ("L&R"). Jeffrey Liddle personally guaranteed said Notes. While there are numerous disputes between the Debtor, Jeffrey Liddle, and CF II, the disputes between them is not the subject matter of this Complaint.

5. The Plaintiff, Tara Liddle, holds the sole right and interest to fifty (50%) percent of the Sale Proceeds. As such, any attachments, claims, security interest and the like as against Tara Liddle are at issue here. Tara Liddle never participated in any negotiations, discussion, contact or any matter involving the loans provided by CF II with L&R as the debtor, except there was a form executed by Tara Liddle to release and subordinate any life insurance rights to CF II in consideration of loans made.

6. Tara Liddle never signed a personal guaranty or any document, for that matter, which evidenced a personal guaranty.

7. Tara Liddle never pledged, assigned or in any way provided evidence of such assignment or waiver of interest in favor of CF II in the ownership of her fifty (50%) percent portion of the above referenced escrow.

8. As a consequence of CF II's willful, arbitrary, frivolous actions in this matter, Tara Liddle has suffered damage to her commercial credit, to her ability to continue as a student, and her ability to function in her profession on various boards which are essential to success in her profession.

9. CF II, through its counsel, has intentionally threatened and badgered not only the Debtor, but previous counsel for the Debtor and Tara Liddle, as well as the undersigned counsel herein.

10. Therefore, CF II has no right or entitlement to any portion or aspect of the aforementioned escrow account owned exclusively by Tara Liddle.

## THE PARTIES

11. Plaintiff is Tara Liddle, spouse of the Debtor. Plaintiff and the Debtor maintain separate careers, have separate personal accounts, and file income taxes separately.

12. Jeffrey Lew Liddle, a debtor and debtor-in-possession under chapter 11 of title 11 the United States Code (the "Bankruptcy Code"), is an individual residing in New York, New York.

13. Defendant CF II is a Delaware limited liability company with its principal place of business in Williamsville, New York.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012.

15. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

16. The bases for the relief requested herein are sections 105 and 541 of the Bankruptcy Code and Bankruptcy Rule 7001.

17. This matter is a core proceeding under 28 U.S.C. § 157(b) (2).

18. Plaintiff confirms her consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTS RELEVANT TO THE CLAIM FOR RELIEF

19. Debtor has been a partner in the New York law firm L&R since its formation in 1979. This is not at issue in this Complaint. Plaintiff has never been employed by L&R.

20. On August 5, 2016, L&R entered into a revolving promissory note with CF II in the amount of $6 million. Debtor and two of the former partners of L&R were guarantors of the CF II Loan.

21. On September 18, 2018, CF II filed a motion for summary judgment in lieu of complaint in the Erie County Court for non-payment and default by L&R of the promissory note and related loan documents (the "CF II Loan").

22.     The Plaintiff herein, Tara Liddle, is the Debtor's wife. She was not a party to the action in the Erie County Court. She was not named as a defendant, never agreed to an Erie County venue, and was not a signatory to any of the CF II Loan documents or agreements.

23.     Tara Liddle has had no relationship to CF II or any of its affiliates.

24.     Debtor and his wife were the owners of cooperative shares of the apartment where they resided at 11 5th Avenue, Apartment 19M/N, New York, New York 10003 (the "Manhattan Apartment" or the "New York Property"), which they held as tenants by the entirety.

25.     On February 7, 2019, Debtor and his wife closed the sale of the Manhattan apartment. Debtor's wife holds the sole right and interest to 50% of the Sale Proceeds.

26.     Pursuant to a Stipulation and Order, dated February 1, 2019 and entered by the Erie County Court on February 4, 2019, the Sale Proceeds were held in escrow by Debtor's and Tara Liddle's real estate lawyer, Diane Nardone, Esq. (the "Escrow Agent"), in her Attorney IOLA Account. Tara Liddle was not a party or a signatory to the Stipulation and Order.

27.     On March 5, 2019, judgment in favor of CF II against L&R and Debtor was entered in the Office of the Clerk of the Erie County Court in the amount $6,541,924. Tara Liddle is not included in that Judgment nor is she a party. The judgment was procedurally and substantively defective and in violation of Plaintiff's, Tara Liddle's, due process rights.

28.     On March 7, 2019, the Erie County Court issued an Order of Attachment in CF II's favor purporting to attach the Sale Proceeds, other property jointly owned by Debtor and Tara Liddle, and debts owing to Debtor. The Order of Attachment further directed the Escrow Agent to transfer into and deposit with the Registry of the Erie County Court the entire amount of the Sale Proceeds within three business days of the entry of the order.

29. CF II did not serve the Order of Attachment on the New York City Sheriff, whose jurisdiction covers the location of the Manhattan Apartment, the location of the closing, and the Escrow Agent's location in Manhattan.

30. Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 11, 2019 (the "Petition Date"), before the Escrow Agent transferred the Sale Proceeds to the Erie County Court.

31. On April 1, 2019, this Court entered an *Order Granting Debtor's Motion for an Order under 11 U.S.C. §§ 105, 542 and 543 Directing Custodian to Turnover Property and for an Interim Order Authorizing the Debtor to Pay Rent Expenses and Granting Related Relief* [Doc. 27] (the "Initial Turnover Order"). Pursuant to the Initial Turnover Order, the Escrow Agent deposited the Sale Proceeds into the debtor-in-possession bank account.

## FIRST CLAIM FOR RELIEF
### Declaration Determining the Invalidity of CF II's Claim against Tara Liddle's Proceeds

32. Plaintiff, Tara Liddle, re-alleges each allegation set forth in paragraphs 1 through 31.

33. There is not one single document executed by Tara Liddle indicating her status as a guarantor, obligor or in any way a pledger of her portion of the Sale Proceeds to CF II.

34. CF II relies on a fallacious notion that the Plaintiff, Tara Liddle, somehow authorized her husband to pledge her half of the proceeds of the sale of the New York apartment, waived her right to object to that pledge, ratified that pledge and should be estopped from asserting her rights to any proceeds.

35.    There is not a scintilla of evidence of any of the above rationale to join Tara Liddle's proceeds to that of the promissory notes executed by L&R and guaranteed by Jeffrey Liddle.  CF II's allegations are false.

36.    The promissory notes in question between L&R and CF II contain a provision relied upon by CF II, (Paragraph *"b, Mandatory Prepayments Based on Net Fees and Expenses," "(i) Payments Based on Net Fees and Expenses,"* states as follows: *"In the event that the Borrower and/or Guarantor (as applicable) sells the New York Property, any sale proceeds in excess of the mortgage amount on the Hamptons property shall be used to prepay the Borrower's debt with Lender and/or its affiliates."*

37.    The above paragraph nowhere obligates Tara Liddle to any such payment.  In point of fact, the net proceeds of sale of the New York apartment in question were allegedly not in excess of the mortgage amount on the Hamptons property.

38.    In addition, the same Note language provides, *". . . Borrower hereby agrees that upon the sale of the Hamptons Property and/or New York Property applicable sale proceeds will be used to pay off all indebtedness of Borrower as follows. . ."* (Emphasis added). Nowhere does this language obligate Tara Liddle, who is not a party to this transaction, from including her fifty (50%) percent share of the escrow proceeds in *"applicable sale proceeds."*

39.    An email from a one Larry Hutcher, a Partner at CF II's law firm, dated March 15, 2019 noted that *". . . Mr. Liddle promised to pay Counsel Financial all proceeds from any sale of both the New York Property and the Hamptons Property owned by Mr. Liddle."* That declaration and assertion is completely false.

7

40. Mr. Hutcher in the same email alleged in some bit of loose fantasy that *"Mrs. Liddle (i) authorized Mr. Liddle to pledge her half of the proceeds of the sale of the New York Apartment, (b) waived her right to object to that pledge, (c) ratified that pledge, and/or (d) should be estopped from asserting her rights to any proceeds."* This is absolutely and clearly false. CF II has tendered false matters not just to the parties, but to the Court in this matter.

41. Mr. Hutcher incorrectly noted that Mr. Liddle never timely raised the argument that the New York Property was jointly held by him and his wife. That is false. All of Jeffrey Liddle's submissions to CF showed the apartment as jointly owned.

42. Indeed, Mr. Hutcher declared to the undersigned that CF II will attempt to delay and obstruct this matter to force Tara Liddle to turnover some or all of her proceeds in settlement of their claim.

43. As noted, the Plaintiff, Tara Liddle, and her husband, the Debtor, owned the Manhattan Apartment described herein as a tenancy by the entirety.

44. When a marital couple owns real property as a tenancy by the entirety, the proceeds of sale after closing are held by them as tenants in common each with a 50% interest. As a result, 50% of the Sale Proceeds belong to Tara Liddle. As such, the Erie County Court attachment nor any claims by CF II cannot be valid.

45. A determination by the Bankruptcy Court declaring CF II's claim and/or lien as against Tara Liddle's proceeds as invalid is necessary to the proper administration of the estate.

## SECOND CLAIM FOR RELIEF
**CF II's Claim for the Tara Liddle Proceeds Based upon
Estoppel and Waiver is Frivolous and False**

46.     Plaintiff, Tara Liddle, re-alleges each allegation set forth in paragraphs 1 through 45.

47.     Tara Liddle did not transfer her interest in the Sale Proceeds or consent to their being used to pay off her husband's creditors.

48.     CF II knew the entirety of the facts of this matter as to who was a guarantor. There was clearly no reliance of CF II on the conduct of Tara Liddle. Indeed, there was never any contact with Tara Liddle by CF II or any of its affiliates. Certainly Tara Liddle has not had a prejudicial change in position. She was simply never involved.

49.     CF II's has presented fake and fraudulent defenses and claims which only prevented Tara Liddle from expending her funds. Indeed, her funds were "held hostage." As a result of same, Tara Liddle's credit has been destroyed and she has defaulted on matters of significant professional importance to her.

50.     By reason of the above, Tara Liddle is entitled to all matters of relief under the Bankruptcy Code and with all authority as permitted to the Bankruptcy Judge hereunder.

## THIRD CLAIM FOR RELIEF
**Immediate Release of Funds**

51.     Plaintiff, Tara Liddle, re-alleges each allegation set forth in paragraphs 1 through 50.

52.     Tara Liddle has up to now made repeated requests to have this Court approve "emergency funds" to be released to her to avoid a professional and personal financial collapse. The Defendant has consented only to the release of $10,000 for school tuition on the condition that

Tara Liddle agree to pay those funds back in the event the Defendant prevailed, however unlikely, in its claims.

53.    Tara Liddle had requested and agreed to the same payback conditions for a total sum of $123,000 less the $10,000 previously approved. This $113,000 is for: school travel, credit card debt, personal creditors of Tara Liddle's and not the Debtor, dues for professional boards essential to Tara Liddle's career, 50% of as legal fee due one Randolph White (the other 50% being the Debtor's obligation) and a retainer fee for the Undersigned.

54.    Tara Liddle requests this Court to immediately release $113,000 subject to the same payback condition described herein.

**Balance of this Page Intentionally Left Blank**

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Tara Liddle, respectfully prays for and demands judgment be granted in her favor and against Defendant, Counsel Financial II, L.L.C., as follows:

(i) The declaration that the Sale Proceeds as described hereunder belonging to Tara Liddle are hers and hers alone;

(ii) That CF II has no security interest or any interest for that matter in Tara Liddle's share of the Sale Proceeds;

(iii) An immediate release of Tara Liddle's interest in the Sale Proceeds;

(iv) All counsel fees incurred in this motion practice and matter because of the positions taken by CF II into preventing her from the ability to use her funds; and

(v) Granting such other relief as the Court deems just and equitable under the circumstances.

Dated: May 23, 2019
Suffern, New York

Respectfully submitted,

Arnold E. Reiter, Esq.
Arnold E. Reiter, LLC
75 Montebello Road
Suffern, New York 10901
*Attorneys for Plaintiff, Tara Liddle*