**FOLEY HOAG** LLP

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

William F. Gray, Jr.
646-927-5549 direct
wgray@foleyhoag.com

June 21, 2019

**Via ECF and Email**
Honorable Sean Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York New York 10004-1408

      Re:    *In re Jeffrey Lew Liddle*, Case No. 19-10747 (shl); June 24, 2019 Hearing on Debtor's Cash Collateral Motion (Docket No. 37)

Dear Judge Lane:

    We are the proposed attorneys for Jeffrey Lew Liddle, the debtor and debtor in possession ("Debtor"), in the above captioned chapter 11 bankruptcy case. We write in regards to the hearing to be held next Monday, June 24, 2019, in the above-captioned case, concerning Counsel Financial II LLC's ("CF II") assertion that it has a perfected security interest in certain cash collateral.

    In preparation for that hearing, Debtor has learned of a 2017 case from the Appellate Division of the New York Supreme Court, *Krupnick v. Windy Ridge Corp.*, 147 A.D.3d 1247 (3d Dep't 2017), which holds that the deposit of money into the secured party's attorney's escrow account in the course of court proceedings is insufficient to give the secured party possession of the collateral under the UCC. Debtor believes this case to be relevant to one of the issues at the hearing, and since neither party cited to this case in briefing, a courtesy copy is enclosed.

Very truly yours,

William F. Gray, Jr.
Partner

cc:    **via email:**
      David H. Wander, Esq., counsel to Counsel Financial II, LLC, dhw@dhclegal.com
      Andrea Schwartz, Esq., Andrea.B.Schwartz@UST.DOJ.GOV

**Encl.**

Last updated  June 19, 2019   10:30:46 pm GMT

# [Krupnick v Windy Ridge Corp.](#)

Supreme Court of New York, Appellate Division, Third Department

February 23, 2017, Decided ; February 23, 2017, Entered

522480

**Reporter**
147 A.D.3d 1247 *; 48 N.Y.S.3d 536 **; 2017 N.Y. App. Div. LEXIS 1391 ***; 2017 NY Slip Op 01419 ****; 2017 WL 703137

 **[****1]**  Marilyn Krupnick, Appellant, v Windy Ridge Corp. et al., Defendants, and Robert Kallman, Respondent. Gregory J. Allen, as Receiver for Windy Ridge Corp., Respondent.

**Prior History:** [Kallman v Krupnick, 67 AD3d 1093, 891 NYS2d 490, 2009 N.Y. App. Div. LEXIS 7762 (N.Y. App. Div. 3d Dep't, 2009)](#)

## Core Terms

mortgage, receiver, escrow account, collateral, discharged, directing, funds, law law law, long-pending, foreclosure, attorney's, equitable, provides, motions, parties, payoff, stock

## Case Summary

### Overview

HOLDINGS: [1]-The trial court erred in granting a receiver's motion to, among other things, permit a sale of mortgaged property and mandating the lender's discharge of the mortgage under [RPAPL 1921](#) because the receiver's deposit of the money into the escrow account of the lender's attorney— contingent upon the occurrence of the trial court's determination of the long-pending summary judgment motions—was not tantamount to possession of the collateral by the lender, [UCC 9-313](#) did not authorize the trial court to substitute the lender's collateral in the first instance, and [Business Corporation Law § 1206](#) did not give the receiver the same power as a bankruptcy trustee under chapter 7 of the Bankruptcy Code to dispose of real property free and clear of all liens and mortgages.

### Outcome
Order reversed and motion denied.

## LexisNexis® Headnotes

Civil Procedure > Preliminary Considerations > Equity

Real Property Law > Financing > Foreclosures

### [HN1](#)[⬇]  Equity

A foreclosure action is a proceeding in a court of equity which is regulated by statute.

Real Property Law > Financing > Mortgages & Other Security Instruments > Satisfaction & Termination

### [HN2](#)[⬇]  Satisfaction & Termination

While the Real Property Actions and Proceedings Law provides a mortgagor or other interested party with a statutory remedy for obtaining a satisfaction of mortgage, the condition precedent to receiving a discharge is that full payment of authorized principal, interest, and any other amounts due thereunder or otherwise owed by law has actually been made. [RPAPL 1921(1)](#).

Commercial Law (UCC) > ... > Perfection > Methods of Perfection > Delivery & Possession

### [HN3](#)[⬇]  Delivery & Possession

[UCC 9-313](#) merely provides that a security interest is perfected when a secured party takes possession of the

collateral. It does not authorize a court to substitute collateral in the first instance.

## Headnotes/Summary

**Headnotes**

**Mortgages—Foreclosure—Discharge of Mortgage—Full Payment Not Actually Made**

**Mortgages—Foreclosure—Escrowed Funds Not Substitute Collateral**

**Counsel:** [***1] Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham (Gregory J. Sanda of counsel), for appellant.

Greg D. Lubow, Tannersville, for Robert Kallman, respondent.

Freeman Howard, PC, Hudson (Paul M. Freeman of counsel), for Gregory J. Allen, respondent.

**Judges:** Before: Garry, J.P., Rose, Devine, Clark and Mulvey, JJ. Garry, J.P., Devine, Clark and Mulvey, JJ., concur.

**Opinion by:** Rose

## Opinion

[**537] [*1247]  Rose, J. Appeal from an amended order of the Supreme Court (McDonough, J.), entered February 4, 2016 in Greene County, which granted a motion by the receiver for defendant Windy Ridge Corp. to, among other things, permit a sale of the property and mandate plaintiff's discharge of the mortgage.

In 2003, defendant Robert Kallman and Sheldon Krupnick, plaintiff's husband, borrowed funds from plaintiff to finance their purchase of all of the capital stock in defendant [****2] Windy Ridge Corp.[1] Kallman and Krupnick, in their capacity as the sole members of Windy Ridge, executed a promissory note that obligated Windy Ridge to repay the loan. To secure payment of the note, they also executed a mortgage on all of the real property owned by Windy Ridge in the Town of Windham, Greene County, and personally guaranteed the note. After [***2] Windy Ridge failed to make payment, plaintiff commenced this action against Windy Ridge and Kallman to, among others, foreclose the mortgage and obtain a deficiency judgment. Issue was joined and, in 2011, plaintiff moved for summary judgment. Kallman then cross-moved for summary judgment dismissing the complaint, alleging that he was fraudulently induced to execute the note, mortgage and personal guarantee.

[*1248] Shortly thereafter, Kallman commenced a separate proceeding to judicially dissolve Windy Ridge (see *Business Corporation Law § 1104-a*). Supreme Court granted the petition, appointed a receiver in that proceeding to supervise the winding up of Windy Ridge's assets, including the real property that is the subject of this foreclosure action, and stayed this action (see *Business Corporation Law §§ 1008 [a] [9]*; *1115 [a] [3]*). Four years later, in 2015, the receiver entered into a contract to sell all of Windy Ridge's assets. After plaintiff sent the receiver a payoff letter indicating that she was owed $460,819.76, the receiver moved in this action for an order directing that, upon the closing of title to Windy Ridge's real property, he is to deliver to plaintiff's attorney $480,819.76 (the payoff amount of $460,819.76, plus $20,000 as an estimated [***3] amount of accruing interest) to be held in the attorney's escrow account and, upon such payment, directing the Greene County Clerk to, among other things, discharge plaintiff's mortgage. Although the mortgage would then be discharged, thereby allowing the receiver to transfer title, the funds would remain in the escrow account of plaintiff's attorney until further direction of the court after its determination of the long-pending summary judgment motions. Supreme Court granted the receiver's motion in full and provided, among other things, that the payment into the attorney's escrow account constituted "substitute collateral" for the mortgage. Plaintiff now appeals.

[**538] We agree with plaintiff that Supreme Court lacked the authority to grant the relief requested by the receiver. It is well settled that *HN1*[↑] "a foreclosure action is a 'proceeding in a court of equity which is regulated by statute' " (*Jo Ann Homes at Bellmore v Dworetz, 25 NY2d 112, 122, 250 NE2d 214, 302 NYS2d 799 [1969]*, quoting *Dudley v Congregation of Third Order of St. Francis, 138 NY 451, 457, 34 NE 281*

---

[1] Kallman had previously commenced an action against Krupnick to rescind the contract for the Windy Ridge stock purchase. In that action, we found, among other things, that Kallman's conduct "constituted unclean hands barring the equitable relief" of rescission (*Kallman v Krupnick, 67 AD3d 1093, 1097, 891 NYS2d 490 [2009]*, lv denied **14 NY3d 703, 925 NE2d 104, 898 NYS2d 99 [2010]**).

[1893]). Here, Supreme Court erroneously relied on RPAPL 1921 as authority for directing the County Clerk to mark the mortgage as "discharged" upon proof of payment into the escrow account. HN2[] While the RPAPL provides "a mortgagor or other interested party with a statutory remedy for obtaining a satisfaction [***4] of mortgage" (Merrill Lynch Equity Mgt. v Kleinman, 246 AD2d 884, 886, 668 NYS2d 726 [1998], lv denied 92 NY2d 802, 699 NE2d 432, 677 NYS2d 72 [1998]), the condition precedent to receiving a discharge is that full "payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has *actually* been made" (RPAPL 1921 [1] [emphasis added]; see Farmingdale Realty Trust v Real Props. MLP Ltd. Partnership, 225 AD2d 656, 657-658, 640 NYS2d 566 [1996]; Weiss v Weiss, 206 AD2d 741, 743, 615 NYS2d 468 [1994]). In our view, the receiver's deposit of the money [*1249] into the escrow account of plaintiff's attorney falls short of full payment actually made to plaintiff because, even assuming that $480,819.76 represents the actual dollar amount of the loan [****3] plus interest owed to plaintiff, payment to plaintiff is contingent upon the occurrence of a later event, namely, Supreme Court's determination of the long-pending summary judgment motions.[2] Thus, we find that RPAPL 1921 did not provide Supreme Court with the authority to direct the County Clerk to mark the mortgage as discharged of record.

Moreover, we are unpersuaded by the receiver's contention that UCC 9-313 permits Supreme Court to direct that the escrowed funds would constitute substitute collateral for the mortgage. HN3[] UCC 9-313 merely provides that a security interest is perfected when a secured party takes possession of the collateral. It does not authorize Supreme Court to substitute plaintiff's collateral in the first instance [***5] and, as we have said, payment into the escrow account under the conditions imposed here is not tantamount to possession of the collateral by plaintiff (see UCC 9-313 [a]).

Finally, there is no merit to the receiver's assertion that Business Corporation Law § 1206 gives him the same power that a trustee in bankruptcy has under chapter 7 of the Bankruptcy Code to dispose of real property free and clear of all liens and mortgages. In short, Supreme Court lacked the equitable authority to fashion the remedy at issue. The parties' remaining contentions have been considered and found to be without merit.

Garry, J.P., Devine, Clark and Mulvey, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and motion denied.

---

**End of Document**

---

[2] Even then, this action is unlikely to be finally resolved given the history of litigation between these parties.