

**DAVIDOFF HUTCHER & CITRON LLP**
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

GARDEN CITY
ATTORNEYS AT LAW
200 GARDEN CITY PLAZA
GARDEN CITY, NY 11530
(516) 248-6400

ALBANY
GOVERNMENT RELATIONS
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
GOVERNMENT RELATIONS
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

June 21, 2019

**Via Email and Messenger**
Honorable Sean Lane
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

In Re: In re Jeffrey L. Liddle, Debtor, Case No. 19-10747 (shl)
CF2's Perfected Security Interest in Cash Collateral (Doc. 37)
Hearing: June 24, 2019 at 3:00 p.m.

Dear Judge Lane:

On behalf of Counsel Financial II LLC ("CF2"), I respond to the letter to Your Honor by Debtor's counsel, filed this afternoon, one business day before oral argument scheduled for Monday afternoon. I object to this submission because it is an unauthorized sur-reply.

The letter by Debtor's counsel includes a copy of a decision -- *Krupnick v. Windy Ridge Corp.*, 147 A.D.3d 1247 (3d Dep't 2017) -- rendered by the Supreme Court, Appellate Division, Third Department, entered February 23, 2017 (more than two and a half years ago), and a short discussion of the decision. This decision does not represent controlling authority, persuasive authority, or even supporting authority for Debtor's position. Had this decision been recently issued, or if it was directly on point, or from a court of binding authority, my objection would be less pointed. However, the decision was issued more than two and a half years ago and it lends no support for Debtor's position. If anything, this decision supports CF2's position.

While Debtor's counsel admits this decision was overlooked, we reviewed this case during our initial research but did not cite it because, while it provides some support for CF2's position, we had much stronger cases. *See e.g.* CF2's Mem. in Supp at pp. 12-15; CF2's Reply at pp. 13-17.

Aside from, generally, supporting CF2's position, *Krupnick v. Windy Ridge Corp.* is easily distinguished. It involved a real property foreclosure which is regulated by statute. *Krupnick*, 147 A.D.3d at 1248 ("It is well settled that 'a foreclosure action is a proceeding in a court of equity which is regulated by statute.'") (citations omitted). The appellate court

657906v.3

DAVIDOFF HUTCHER & CITRON LLP

Honorable Sean Lane
June 21, 2019
Page 2

determined that the lower court granted relief that it had no authority to grant, i.e., substituting cash for a mortgage on real property so a receiver could sell the property.

Notably, the secured party in *Krupnick v. Windy Ridge Corp,* did not a file a UCC-1 for a security interest in money or any other personal property. Rather, that secured party was a mortgagee secured by real estate. There was no lien to be perfected when sale proceeds were placed in escrow. UCC 9-313 was simply irrelevant.

In sum, the Third Department stated the same basic, black letter legal principal we have stated in our moving and reply papers, that is, "a security interest [in money] is perfected when a secured party takes possession of the collateral." *Id.* at 1249. Because the collateral, in that case, was not money, depositing the sale proceeds into an escrow account could not, as a matter of law, constitute perfection of a lien.

In the present case, however, money is the collateral and, therefore, pursuant to N.Y. UCC 9-313(a) and 9-313(c)(2), perfection occurred when the sale proceeds were received by Diane Nardone, as escrow agent for the secured party as well as the Debtor.

Respectfully submitted,

David H. Wander

cc via email
William Gray, Esq.
Andrea Schwartz, Esq.

657906v.3