**FOLEY HOAG** LLP

1301 Avenue of the Americas
25th Floor
New York, NY 10019

646.927.5500 main
646.927.5599 fax

William F. Gray, Jr.
646-927-5549 direct
wgray@foleyhoag.com

July 2, 2019

**Via ECF, Email and Messenger**
Honorable Sean Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York New York 10004-1408

Re:   *In re Jeffrey Lew Liddle*, Case No. 19-10747 (shl)

Dear Judge Lane:

As debtor's counsel in the above-referenced case, we submit this letter in response to the "Post-Hearing Submission" filed by Counsel Financial II LLC ("CF II"), dated July 1, 2019, relating to the hearing held on June 24 regarding CF II's alleged perfected security interest in certain Cash Collateral. The Post-Hearing Submission is wholly improper. CF II's assertion that Debtor raised new arguments at the June 24 hearing is a mere pretext for its own attempt to reargue the motion and introduce new evidence not part of the record. The Court should not countenance this blatant dilatory tactic.

First, the Debtor's argument that CF II could not use a temporary restraining order to grant permanent relief was merely an elucidation of the argument raised in "Debtor's Response and Memorandum of Law in Opposition to Counsel Financial II LLC's Claim of a Perfected Security Interest In and Lien on Certain Cash Collateral" (ECF 84) (the "Debtor's Response") that the "Escrow Stipulation" was a Court Order that must be interpreted in the context of the CPLR's scheme for provisional remedies, not the UCC. As set forth therein:

> The CPLR contains two entire articles, Articles 52 and 62, dealing with how litigants attach property, perfect liens and collect claims pre- and post-judgment. CF II's UCC arguments are irrelevant. The CPLR contains a comprehensive scheme that "governs the creation, perfection, priority [and] enforcement" of interests created by court judgments. *See, e.g.* NY CPLR Art. 27 ("Disposition of Property in Litigation"); *id.* Art. 51 ("Enforcements of Judgments and Orders Generally"); *id.* Art. 52 ("Enforcements of Money Judgments"); *id.* Art. 52 ("Attachment"). <u>In particular, Articles 52 and 62 of the CPLR cover the applicable issues of security on attachment or judgment against a judgment debtor, the property of the judgment debtor or a third party (such as an escrow agent) holding property of the</u>

    judgment debtor (*emphasis supplied*). None of the cases cited by CF II, applying the UCC, involve judgments or orders of attachment.

Debtor's Response at p. 10. Included in CPLR Article 62 is Section 6210, governing temporary restraining orders, which was the statutory basis for the Escrow Stipulation. At oral argument, Debtor's counsel merely recited the precise language of the Escrow Stipulation so it could be understood in the context of the CPLR's statutory scheme regarding temporary restraining orders and other provisional remedies.

  The balance of CF II's "Post-Hearing Submission" is a rehash of the June 24 argument, particularly the *Mixitforme* case, which was addressed in the briefs and discussed extensively at oral argument. No new argument is made. CF II does try to add a few new exhibits, Exhibits E, F and G, not previously included in the record which should not be added to the record now. Besides, these exhibits have no probative value. After introducing these anodyne exhibits, CF II's counsel again makes the conclusory statement that Nardone was CF II's agent. Repeatedly stating that Ms. Nardone was "undoubtedly" CF II's escrow agent does not make it so.

  Rather, what this letter submission represents is a continuation of the "scorched earth" litigation tactics that CF II has employed in this Chapter 11 case. Early in this case, your Honor admonished us that if parties choose to litigate everything that could possibly be litigated, it would be the death knell of Chapter 11 cases like these. All but the very largest mega-cases would suffer the fate of the Jarndyce estate in Dickens's *Bleak House* – being completely absorbed by costs and attorneys' fees. This should not be allowed to happen here.

  We respectfully request this Court enter the order which has been separately submitted pursuant to the Court's instruction at the June 24 hearing and bring this three-month litigation saga to an end.

            Respectfully submitted,

            William F. Gray, Jr.
            Partner

cc: **via email:**
   David H. Wander, Esq., counsel to Counsel Financial II, LLC, dhw@dhclegal.com

B5012772.1