Alison D. Bauer
William F. Gray, Jr.
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York  10019
Tel:  646.927.5500
Fax:  646.927.5599

*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

In re:

JEFFREY LEW LIDDLE,

                                    Debtor.
-------------------------------------------------------- x

Chapter 11

Case No.  19-10747 (SHL)

Related to ECF Nos. 65, 66

**SUPPLEMENT TO APPLICATION OF JEFFREY LEW LIDDLE FOR ENTRY OF
AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
EISNERAMPER LLP AS ACCOUNTANT TO JEFFREY LEW LIDDLE
EFFECTIVE *NUNC PRO TUNC* TO APRIL 26, 2019**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

On April 26, 2019, Jeffrey Lew Liddle, as debtor and debtor in possession in the above-captioned chapter 11 case (the "***Debtor***"), filed upon notice and presentment an application (the "***Application***") for entry of an order authorizing the employment of EisnerAmper LLC ("***EisnerAmper***") as accountant to the Debtor, *nunc pro tunc* to April 26, 2019 [ECF No. 66]. Debtor hereby submits this supplement to the Application (the "***Supplement***") so as to attach the revised engagement letter between Debtor and EisnerAmper (the "***Revised Engagement Letter***"), annexed hereto as **Exhibit A**.  A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit B** (the "***Revised Proposed Order***").

WHEREFORE the Debtor respectfully requests entry of the Revised Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  July 17, 2019
         New York, New York

         Respectfully submitted,

*/s/ Alison D. Bauer*

FOLEY HOAG LLP
Alison D. Bauer
William F. Gray
1301 Avenue of the Americas
New York, New York 10019
Tel:  646.927.5500
Fax: 646.927.5599
abauer@foleyhoag.com
wgray@foleyhoag.com

*Proposed Attorneys for Debtor and Debtor-in-Possession*

# **EXHIBIT A**

**Revised Engagement Letter**

**EISNERAMPER**

EisnerAmper LLP
111 Wood Avenue South
Iselin, NJ 08830-2700
T  732.243.7000
F  732.951.7400
www.eisneramper.com

May 29, 2019

Jeffrey Lew Liddle
11 5th Avenue
New York, NY 10003

**Re:** Jeffrey Lew Liddle (Case No.: 19-10747)

Dear Mr. Liddle:

This engagement letter, together with the attached EisnerAmper LLP Standard Terms and Conditions of Engagement, sets forth the terms and conditions on which EisnerAmper LLP ("EisnerAmper") will provide the services set forth below.

**I.   Client**

Jeffrey Lew Liddle (the "Debtor and Debtor in possession" or "Client").

**II.   Scope of Services and Fee**

A.   Scope of Services

EisnerAmper will render the following professional services, as well as additional services as may be requested ("Services"):

- Assist with the preparation of monthly operating reports, budgets and projections of the Client
- Assist with the preparation of the Client's schedules of assets and liabilities and statement of financial affairs
- Prepare all required payroll tax returns / reports for the Client
- As required, attend meetings with the Client, other stakeholders and participate in court hearings
- Assist in the preparation of the Plan of Reorganization and the Disclosure Statement
- Assist in negotiations with various stakeholders including creditors, and other parties, as necessary
- Provide other services that may be requested by the Client

We will perform the Services in accordance with applicable professional standards, including the Statements on Standards for Consulting Services issued by the American Institute of Certified Public Accountants.

Jeffrey Lew Liddle
Page 2
May 29, 2019

B.  Services Fee

As consideration for the Services to be provided by EisnerAmper, the Client shall pay the following fees based on EisnerAmper's standard hourly rates:

Partners and Managing Directors       $560- $630 per hour
Directors and Senior Managers         $420-$520 per hour
Managers                              $340-$350 per hour
Seniors                               $235-$295 per hour
Staff / Paraprofessional              $125-$215 per hour

Our rates are adjusted periodically and we will notify you in advance of any future rate increases. In addition, EisnerAmper will be reimbursed (and as permitted by the Bankruptcy Court) for direct expenses including reasonable and customary out-of-pocket expenses such as travel, meals, accommodations, investigative reports, and other expenses specifically related to this engagement.

We acknowledge that payment of our fees will be governed by the applicable orders by the United States Bankruptcy Court for the Southern District of New York.  We will prepare all information required for monthly, interim and final fee applications to be filed related to our services

We require an initial retainer of $50,000.  This retainer is not intended to represent an estimate of the total cost of the work to be performed.  The retainer will be held against the final invoice for the engagement.  Any unused retainer will be refunded.

## III. **Conflict of Interest**

We have performed an internal search for any potential client conflicts based upon the names of the following parties you have provided.  See Addendum "A".

Based upon this search, we are not aware of any conflicts of interest or relationships that would, in our opinion, preclude us from performing the services for you and your client in an objective manner. We will notify you immediately if any such relationships subsequently come to our attention.  If additional parties to the matter are named, you are obligated to inform us as to the identity of those parties.  We reserve the right to resign from this engagement if we believe that any of the additional parties create a conflict that would prevent us from performing the services in an objective manner. You have confirmed that you are not aware of any potential client conflicts.

## IV. **Engagement Team**

Allen Wilen is the engagement partner for the services specified in this letter.  Mr. Wilen will be assisted by supporting staff experienced in performing the types of services described herein. We can also support certain technical and industry expertise requirements of the engagement with other professionals who will be identified during the course of the engagement, with your approval.

Jeffrey Lew Liddle
Page 3
May 29, 2019

**V.** **<u>Management's Responsibilities and Representations</u>**

It is the Client's responsibility to provide all the information required for our Services.  Our Services for the Client will be based on the information made available to us by its representatives.  We will not audit or otherwise verify the information submitted to us.  However, we may ask for additional documentation and clarification of some of the information.  We anticipate that the Client's representatives will furnish all of the requested information in a timely and organized manner.

In performing the Services, EisnerAmper will have full access to all of the Client's records, property and personnel relevant to performing the Services.

*        *        *

Jeffrey Lew Liddle
Page 4
May 29, 2019

Please indicate acceptance of the above terms and the attached EisnerAmper LLP Standard Terms and Conditions of Engagement by signing and returning this letter by mail, facsimile or pdf/email together with payment for the retainer. For purposes of this engagement letter, facsimile or pdf copies of signatures shall be deemed original and shall constitute one and the same instrument.

Very truly yours,

EISNERAMPER LLP

By: _____
          Allen Wilen, Partner

**Accepted:**
This letter and the attached EisnerAmper LLP Standard Terms and Conditions of Engagement correctly sets forth the understanding of Jeffrey Lew Liddle:

By: _____     _____
          Signature                              Title

_____     _____
          Print Name                             Date

Jeffrey Lew Liddle
Page 5
May 29, 2019

# EISNERAMPER LLP
## STANDARD TERMS AND CONDITIONS OF ENGAGEMENT

**Client:** Jeffrey Lew Liddle (the "Debtor and Debtor in possession" or "Client")
**Engagement Letter Date:** May 29, 2019

1. **Client Information and Confidentiality:**
   a. In accordance with the AICPA Code of Professional Conduct and applicable federal, state and local rules, EisnerAmper will not disclose confidential client information without client[1] consent, except that EisnerAmper shall be permitted to disclose confidential client information (i) to any government agency or regulatory body to the extent and in the form or manner necessary or required to comply with any rule, regulation or order of such government agency or regulatory order, or (ii) pursuant to subpoena or other legal process.  EisnerAmper utilizes appropriate safeguards, policies and procedures to maintain the confidentiality of confidential client information.
   b. In the event EisnerAmper uses third-party service providers to assist in providing professional services, EisnerAmper may share confidential client information with these service providers. EisnerAmper requires that such third-party service providers utilize appropriate safeguards and procedures to protect confidential client information.  Client hereby consents to disclosure of confidential client information to third-party service providers for the purpose of the third-party service provider assisting with the services provided pursuant to this engagement letter.
   c. EisnerAmper may transmit or receive information through electronic means, including through the firm's secure portal.  Client shall at all times comply with the terms of use of EisnerAmper's portal and shall only permit authorized users to access information through the portal.  In the event that the client creates one or more user accounts to access documents transmitted through the portal, client shall notify EisnerAmper to disable any user account for which an individual(s) is no longer authorized to access client information transmitted through the EisnerAmper client portal.

2. **Work Papers:** All work papers prepared in conjunction with this engagement are confidential and are the property of EisnerAmper. Work papers and client documents and information will be retained in accordance with EisnerAmper's document retention policies.

3. **EisnerAmper Foreign Employees and Subsidiaries**:   EisnerAmper may assign employees or employees of its subsidiaries and affiliates located outside the United States to work on client's engagement, as well as to access client information in the normal course of performing services related to EisnerAmper's operations.  Client hereby consents to EisnerAmper assigning employees and affiliated entities located outside the United States to this engagement, and to EisnerAmper transmitting client information to such employees and affiliated entities as needed to perform the services to client and to perform job services related to EisnerAmper's operations.

---

[1] For purposes of these Standard Terms and Conditions of Engagement, the term "client" shall mean the entity or individual identified in the engagement letter above which engaged EisnerAmper LLP for the services subject to the attached engagement letter, and shall include any subsidiary or related entity for which the services are provided.

Jeffrey Lew Liddle
Page 6
May 29, 2019

4. **No Third-Party Beneficiary:** The engagement is being undertaken solely for the client's benefit and the parties do not intend to provide contractual rights to any other person.

5. **Out-of-Scope Services**: Any services outside the services set forth in this engagement letter will be a separate, new engagement. The terms and conditions of that new engagement will be governed by a new, specific engagement letter for that service. In the event an engagement letter for the out-of-scope services is not issued, each such out-of-scope service shall be a separate and new engagement performed pursuant to these Standard Terms and Conditions of Engagement and billed at our standard hourly rates.

6. **Termination of Engagement:**
   a. EisnerAmper's engagement ends upon the earlier of (i) delivery of the final work product for which EisnerAmper has been engaged, or (ii) where applicable, filing of the final work product for which EisnerAmper has been engaged.
   b. In the event no final work product is delivered or filed, the engagement shall end on the later of (i) if services are for a specific calendar/tax year, the last date of the tax year for which the services were provided, (ii) the last date on which the services were provided, or (iii) date on which the last invoice for the services was issued, not including any subsequent account payable reminder, revised bill, or other communications concerning completed services.
   c. Client has the right to terminate EisnerAmper's services at any time, and EisnerAmper has the right to resign at any time, subject in either case to payment for all charges incurred to the date of termination or resignation. In the event client or EisnerAmper exercise the right to terminate EisnerAmper's services, such termination shall be in writing and shall be effective upon delivery by mail, overnight mail or email transmission.
   d. Each of the termination events in subsections 6.a through 6.d shall each be referred to as an "Engagement Termination Event."

7. **Limitations of Liability and Indemnification:**
   a. **Limitation of Liability**: EisnerAmper's maximum liability for damages relating to the services provided pursuant to this engagement letter shall be limited to the fees paid for the service or work product giving rise to liability, provided that such limitation shall not apply where damages are determined to have been caused by EisnerAmper's gross negligence or willful misconduct.
   b. **Special Damages:** In no event shall EisnerAmper or its personnel be liable to client for any consequential, incidental, indirect, punitive or special damages in connection with claims arising out of or related to this engagement letter or the services described herein, including any amount for loss of profit, data or goodwill, whether or not the likelihood of such loss or damage was contemplated.
   c. **Indemnification:**
      i. The Debtor shall indemnify EisnerAmper in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letters, but not for any claim arising from, related to, or in connection with EisnerAmper's post-petition performance of any services other than the services provided under the Engagement Letter, unless such post-petition services and indemnification therefore are approved by the Bankruptcy Court.
      ii. The Debtors shall have no obligation to indemnify EisnerAmper for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from EisnerAmper's bad faith, gross negligence or willful misconduct, (ii) settled prior to a judicial

Jeffrey Lew Liddle
Page 7
May 29, 2019

determination as to EisnerAmper's bad faith, gross negligence or willful misconduct, but determined by the Court, after notice and a hearing pursuant to paragraph (c) infra, to be a claim or expense for which EisnerAmper is not entitled to receive indemnity under the terms of the Application

iii.    If, before the earlier of (i) the entry of an order closing a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, EisnerAmper believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, EisnerAmper must file an application therefore with the Court, and the Debtor may not pay any such amounts to EisnerAmper before the entry of an order by the Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by EisnerAmper and not a provision limiting the duration of the Debtors' obligation to indemnify EisnerAmper; and

iv.    Any limitation on liability pursuant to the terms of the Engagement Letter shall be eliminated; and

v.    Notwithstanding anything to the contrary in the Application, any of its attachments, or any engagement letter, EisnerAmper shall not seek reimbursement of any fees or costs arising from the prosecution or defense of any of EisnerAmper's monthly fee statements or fee applications related to the Jeffrey Lew Liddle Case in the Bankruptcy Court (Southern District of New York; Case No.: 19-10747)

d.    **Client Representations:** Because of the importance of management of the Client's representations to the services, the client agrees to release and indemnify EisnerAmper and its personnel from and against any liability and costs relating to EisnerAmper's services under this letter attributable to any misrepresentations by the Client.

8.    **Reimbursement of Expenses Related to Compliance with Subpoenas:** In the event that EisnerAmper receives a subpoena or other legal process in an action or proceeding in which EisnerAmper is not a party, that seeks testimony, documents or information related to the services provided pursuant to this engagement letter, the client shall reimburse EisnerAmper for all costs and expenses (including reasonable legal fees and costs) associated with providing such testimony, documents or information, including any time expended at EisnerAmper's then standard rates.

9.    **Employment of EisnerAmper Staff:** In the event client hires a member of EisnerAmper's professional staff, client shall pay a fee equal to the annual compensation being paid to the individual by EisnerAmper.  Such fee is payable when the employee accepts the position.

10.    **Statute of Limitations:**  Any legal action or proceeding asserting a claim against EisnerAmper arising out of or relating to this engagement shall be asserted within one (1) year from the Engagement Termination Event.

11.    **Jurisdiction, Forum and Choice of Law:**
a.    **New York Law and Jurisdiction:** The terms of this engagement letter and all related matters shall be governed by the laws of the State of New York and any legal action or proceeding related to this engagement letter or the work performed or to be performed pursuant hereto shall be brought

in any appropriate court in the State of New York, County of New York, this includes without limitations to the United States Bankruptcy Court for the Southern District of New York.

b. **Jury Waiver:** EisnerAmper and client, to the extent permitted by law, each knowingly, voluntarily and intentionally waive the right to a trial by jury in any action arising out of or relating to this engagement letter or the services to be performed by EisnerAmper pursuant hereto. This waiver applies to any legal action or proceeding whether sounding in contract, tort, negligence or otherwise.

12. **Miscellaneous:**
   a. The engagement letter and these Standard Terms and Conditions of Engagement shall not be amended, unless in writing and signed by authorized representatives of all parties.
   b. The engagement letter and these Standard Terms and Conditions of Engagement contain the full and complete understanding of EisnerAmper and the client with respect to the subject matter and services described in the engagement letter and supersedes all prior representations, agreements, contracts, and understandings concerning such subject matter and services, whether they be oral or written, including but not limited to any prior non-disclosure agreements.
   c. The signatories to the engagement letter represent and warrant that such person is lawfully authorized and empowered to execute the engagement letter on behalf of the party on whose behalf such person is signing, and that upon execution, the engagement letter will be binding upon such party, without any further approval, ratification, or other action.

13. **Allinial Global and EisnerAmper Global Ltd:** EisnerAmper is a member firm of EisnerAmper Global Ltd., a network of legally independent firms. EisnerAmper is also a member firm of Allinial Global, an association of legally independent accounting and consulting firms. EisnerAmper Global Ltd., Allinial Global, and their member firms and correspondent firms are not responsible for and do not accept liability for the work or advice which EisnerAmper provides to its clients and do not owe any duty in relation to the work or advice which EisnerAmper provides.

## **EXHIBIT B**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

In re:

JEFFREY LEW LIDDLE,

                            Debtor.
-------------------------------------------------------- x

Chapter 11

Case No.  19-10747 (SHL)

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EISNERAMPER LLP AS ACCOUNTANT TO DEBTOR EFFECTIVE *NUNC PRO TUNC* TO APRIL 26, 2019

Upon the application [ECF No. 66] (the "*Application*")[1] of the above-captioned debtor and debtor in possession ("*Debtor*") for entry of an order (this "*Order*") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "*Bankruptcy Code*") authorizing Debtor to employ and retain EisnerAmper LLP ("*EisnerAmper*") as accountants, as more fully set forth in the Application, and as supplemented [ECF No. ___] (the "*Supplement*"); and upon the *Declaration of Allen Wilen in Support of Application for Order Authorizing Retention and Employment of EisnerAmper as Accountant Effective Nunc Pro Tunc to April 26, 2019* annexed to the Application as **Exhibit B**; and the Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Bankruptcy Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

interest; and the Bankruptcy Court having found that Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Bankruptcy Court having reviewed the Application; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Debtor is hereby authorized to retain EisnerAmper as accountant to Debtor, *nunc pro tunc* to April 26, 2019. Notwithstanding any statements to the contrary in the Application or in **Exhibit B** to the Application, nothing in this Order shall be construed to permit EisnerAmper to perform services on behalf of Debtor's law firm.

3.      EisnerAmper shall file applications and be compensated for the Hourly Services and related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 and effective February 5, 2013, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, and other Orders of this Court.

4.      The Hourly Services shall be subject to the standard of review set forth in section 328(a) of the Bankruptcy Code; *provided*, *however*, that notwithstanding anything set forth in this Order or the record relating to the Bankruptcy Court's consideration of the Application, the U.S. Trustee shall be entitled to review, respond and object to EisnerAmper's

interim and final applications for the Hourly Services on all grounds, including reasonableness

pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the

U.S. Trustee's response or objection to EisnerAmper's interim and final applications for the

Hourly Service on all grounds, including reasonableness pursuant to section 330 of the

Bankruptcy Code.

5.      Prior to any increases in EisnerAmper's rates, EisnerAmper shall file a

supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the

United States Trustee and any official committee. The supplemental affidavit shall explain the

basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy

Code and state whether Debtor has consented to the rate increase. The United States Trustee

retains all rights to object to any rate increase on all grounds including, but not limited to, the

reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and

rate increases are subject to review by the Court.

6.      To the extent informed by Debtor, EisnerAmper shall use its best efforts to avoid

any duplication of services provided by any of Debtor's other retained professionals in the

chapter 11 case.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

shall be immediately effective and enforceable upon its entry.

8.      To the extent there is inconsistency between the terms of the Application and this

Order, the terms of this Order shall govern.

9.      Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

10.     Debtor is authorized to take all actions necessary to effectuate the relief granted in

this Order in accordance with the Application.

      11.      The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
          New York, New York

                                            _____

                                            HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE