FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (646) 927-5500
Facsimile: (646) 927-5599
William F. Gray, Jr.
Alison D. Bauer

*Proposed Attorneys for Debtor*
*and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                    :
In re                              :   Chapter 11
                                    :
JEFFREY LEW LIDDLE,         :   Case No.  19-10747 (SHL)
                                    :
              Debtor      :   Related to ECF Nos. 90, 91
---------------------------------------------------------- x

**SUPPLEMENT IN FURTHER SUPPORT OF APPLICATION OF DEBTOR PURSUANT
TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULES
2014-1 AND 2016-1 FOR AUTHORITY TO RETAIN AND EMPLOY FOLEY HOAG
LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO APRIL 27, 2019**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

      On May 31, 2019, Jeffrey Lew Liddle, as debtor and debtor in possession in the above-
captioned chapter 11 case (the "***Debtor***"), filed upon notice and presentment an application (the
"***Application***") pursuant to section 327(a) of title 11 of the United States Code (the "***Bankruptcy
Code***"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy
Rules***"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District
of New York (the "***Local Rules***"), requesting authority to retain and employ Foley Hoag LLP
("***Foley Hoag***" or the "***Firm***") as attorneys for the Debtor, *nunc pro tunc* to April 27, 2019 [ECF
No. 91].  Upon consultation with the United States Trustee it was determined that this
supplement to the Application (the "***Supplement***") was necessary to address certain issues not

fully addressed in the Application.  Debtor hereby supplements the Application and respectfully represents as follows:

1.      The requested date of retention, April 27, 2019, is after the petition date of March 11, 2019.

2.      Foley Hoag will be paid through a retainer, which is currently in the Debtor-in-Possession account and has not been transferred to Foley Hoag.   Any fees and disbursements of Foley Hoag approved by the Court will be first applied against the retainer until the retainer is satisfied in full.

3.      This Court has already approved the payment and use  of the post-petition retainer in this matter through the April 15, 2019 Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief (the "***Interim Cash Collateral Order***").  The Interim Cash Collateral Order was made pursuant to a motion by the Debtor that was heard at a hearing on April 11, 2019. The Budget approved pursuant to the Interim Cash Collateral Order provided for a retainer in the amount of $250,000 to be used to pay for legal services rendered to the Debtor.

4.      Post-petition payment of the retainer is appropriate pursuant to the four factors set forth in *In re Knudsen Corp.*, 84 B.R. 668 (B.A.P. 9th Cir. 1988).

5.      Under *Knudsen*, the post-petition transfer of a retainer payment to a professional is appropriate when a court finds:

1.  The case is an unusually large one in which an exceptionally large amount of fees accrue each month.

2.  The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;

2

3. The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above [e.g., setting retainer payments at a percentage of the total amount billed, posting of bond, holding payments in trust account until fee allowance, or relying on counsel's financial position as sufficient to make any reassessment]; and

4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Knudsen*, 84 B.R. at 672-73.

6. This is a large individual chapter 11 case, involving a Debtor in which an exceptionally large amount of fees accrue each month due to the litigious nature of his creditors. The Debtor commenced the chapter 11 case *pro se* and was only able to retain legal counsel postpetition. There have been numerous contested cash collateral issues giving rise to an unusually large amount of briefing and generating a significant amount of fees.

7. Because of the significant amount of time Foley Hoag has devoted to the case thus far, it would be an undue hardship to wait an extended period for payment. Counsel has already waited until adjudication over the Sale Proceeds which were the subject of the Cash Collateral set forth in the Interim Cash Collateral Order (as such terms are defined therein).

8. Foley Hoag will be able to respond to any reassessment in one or more of the methods described in *Knudsen*. Specifically, as a global law firm with offices in Boston, Washington, D.C., and Paris, France, in addition to New York, Foley Hoag has the financial stability to repay any reassessment as needed. Further, there will be an opportunity for review of detailed fee requests by the Court.

9. In support of the Application, as supplemented by this Supplement, the Debtor relies upon, incorporates by reference and submits a supplemental declaration of William F. Gray, Jr., a partner at Foley Hoag LLP, which is attached hereto as **Exhibit A** (the "***Supplemental Gray***

*Declaration*", and together with the declaration of William F. Gray submitted with the Application (the "*Gray Declaration*") the "*Gray Declarations*").

10.    To the best of the Debtor's knowledge, the partners at, counsel to, and associates of Foley Hoag neither hold nor represent any interest adverse to the Debtor or his estate and  Foley Hoag is a disinterested person.

11.    A proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit B** (the "*Revised Proposed Order*").

WHEREFORE the Debtor respectfully requests entry of the Revised Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.


Dated: July 17, 2019
        New York, New York


_____
NAME: Jeffrey Lew Liddle

## Exhibit A

**Supplemental Gray Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x

In re                                      :   Chapter 11

JEFFREY LEW LIDDLE,           :   Case No.  19-10747 (SHL)

                         Debtor    :

--------------------------------------------------------- x

### SUPPLEMENTAL DECLARATION AND DISCLOSURE STATEMENT OF WILLIAM F. GRAY, JR. ON BEHALF OF FOLEY HOAG LLP PURSUANT TO 11 U.S.C. §§ 327, 329, AND 504 AND FED. R. BANKR. P. 2014(a) AND 2016

William F. Gray, Jr. makes this declaration under 28 U.S.C. § 1746:

1.      I am a partner at the firm of Foley Hoag LLP ("***Foley Hoag***" or the "***Firm***"), an international law firm with an office at 1301 Avenue of the Americas, New York, New York, 10019 and offices in Boston, Massachusetts; Washington, D.C.; and Paris, France.

2.      I am an attorney licensed to practice law in the State of New York and am admitted to practice before this Court.

3.      I submit this Supplemental Declaration in connection with the Application submitted on May 31, 2019 (the "***Application***"), of Jeffrey L. Liddle, as debtor and debtor in possession in the above-captioned chapter 11 case (the "***Debtor***"), for authority to employ and retain Foley Hoag as his attorneys in the above-captioned chapter 11 case, *nunc pro tunc*, to April 27, 2019, at the adjusted hourly rates set forth herein in effect from time to time and in accordance with its normal reimbursement policies, in compliance with sections 329 and 504 of title 11 of the United States Code (the "***Bankruptcy Code***"), and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), as supplemented by the supplement filed today (the "***Supplement***"). Unless otherwise stated in this

Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Foley Hoag's completion of further review, or as additional party in interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

4.      Neither I, Foley Hoag, nor any partner at, counsel to, or associate of the Firm represents any entity other than the Debtor in connection with this chapter 11 case. In addition, to the best of my knowledge, after due inquiry, neither I, Foley Hoag, nor any member of, counsel to, or associate of the Firm holds or represents an interest adverse to the Debtor or his estate.  Foley Hoag is a disinterested person.

### Foley Hoag Disclosure Procedures

5.      Foley Hoag has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Foley Hoag has, in the past, represented, currently represents, and may in the future represent, entities that are claimants or interest holders of the Debtor in matters unrelated to this chapter 11 case. Some of those entities are, or may consider themselves to be, creditors or parties in interest in this chapter 11 case or otherwise have interests in this case.

6.      Foley Hoag's Conflicts and Records Department was provided a list (the "Conflicts Check List") of (i) entities affiliated with or related to the Debtor, (ii) creditors of the Debtor identified in the creditor matrix filed with the Debtor's petition, and (ii) certain other parties in interest in this chapter 11 case. Foley Hoag's Conflicts and Records Department ran a computerized check of each of these persons or entities against Foley Hoag's client database (the "Client Database") to determine which persons or entities, if any, Foley Hoag currently represents ("Current Clients") that hold an interest adverse to the interest of the Debtor with respect to the matter Foley Hoag is to be retained and employed.  The Conflicts Check List is attached hereto as

**Schedule 1**.  Any matches to names in the Client Database generated by the comparison were compiled (the "Client Match List"). The firm also requires that a confidential firm-wide e-mail be circulated for these prospective matters to determine if there are any party conflicts, issue conflicts, or lawyer conflicts. It is further required that these conflict e-mails be read in a timely fashion and thoroughly when they are circulated.  The firm also distributes a weekly case listing of all clients and matters opened during the week so that all in the firm can comment on or object to any new matter or client. To the extent Foley Hoag discovers additional information that it determines should be disclosed, Foley Hoag will file a supplemental disclosure with the Court promptly.

### Foley Hoag's Connections with Parties in Interest in Matters Unrelated to These Chapter 11 Cases

7.    Either I, or an attorney working under my supervision, reviewed the connections between Foley Hoag and the clients identified on the Client Match list, if any, and the connections between those entities and the Debtor. After such review, either I, or an attorney working under my supervision, determined, in each case, that Foley Hoag does not hold or represent an interest that is adverse to the Debtor's estates and that Foley Hoag is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1007(b) of the Bankruptcy Code, for the reasons discussed below.

8.    Foley Hoag previously represented, currently represents, and may represent in the future the entities described below (or their affiliates), in matters unrelated to the Debtor. These disclosures, attached hereto as **Schedule 1**, are the product of implementing the procedures described above.  The attached **Schedule 1** distinguishes between matters that remain open and matters that have been closed.  For matters that have been closed, the year in which the matter was closed is indicated in parentheses.  In all cases, the matters are unrelated to the Debtor.  Foley

3

Hoag will not represent any entities list on **Schedule 1** in matters directly related to the Debtor or this chapter 11 case.

9.      In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b), and Bankruptcy Rule 2014(a), between Foley Hoag and (i) the U.S. Trustee or any person employed by the U.S. Trustee, (ii) the proposed accountant, EisnerAmper, to be retained in the chapter 11 case, or (iii) any claimants, or other parties in interest in the chapter 11 case, except as set forth herein. As part of its practice, Foley Hoag appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent claimants and other parties in interest in these cases. Foley Hoag has not represented, and will not represent, any of such parties in relation to the Debtor or his chapter 11 case. Foley Hoag does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtor or his estate.

10.      Despite the efforts described herein to identify and disclose Foley Hoag's connections with the parties in interest in the chapter 11 case, because the Debtor has numerous relationships, Foley Hoag is unable to state with certainty that every client relationship or other connection has been disclosed.  If any new material, relevant facts, or relationships are discovered or arise, Foley Hoag will promptly file a supplemental disclosure with the Court.

**Foley Hoag is Disinterested**

11.      Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Foley Hoag does not hold or represent an interest adverse to the Debtor's estates, and Foley Hoag is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

4

### Foley Hoag's Retainer, Rates, and Billing Practices

12.    Foley Hoag is not a creditor of the Debtor. During the ninety (90) day period prior to the Petition Date, Foley Hoag received no payment for services performed or expenses incurred, nor to be performed and incurred, including in preparation for the commencement of this chapter 11 case. As of the Petition Date, Foley Hoag held no advance payment retainer.

13.    Subject to the last sentence of this paragraph, Foley Hoag intends to charge the Debtor for services rendered in this chapter 11 case at Foley Hoag's normal hourly rates in effect at the time the services are rendered. Foley Hoag's current customary hourly rates, subject to change from time to time, are $625 to $1,195 for partners, $635 to $775 for counsel, $440 to $775 for associates, and $250 to $355 for paraprofessionals.  Based on the fact that this is an individual chapter 11 case, Foley Hoag has agreed to reduce its fees for services rendered by 10 percent, so the rates for this Debtor are as follows: $562.50 to $1,075.50 for partners, $571.50 to $697.50 for counsel, $396 to $697.50 for associates, and $225 to $319.50 for paraprofessionals.

14.    Foley Hoag also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtor in accordance with Foley Hoag's normal reimbursement policies, subject to any modifications to such policies that Foley Hoag may be required to make to comply with the U.S. Trustee Guidelines for Reviewing Applications for Compensation *and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, effective January 30, 1996, General Order M-412 (*Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010 (Gonzalez, C.J.)), and Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)) (collectively, the "***Fee Guidelines***"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further order of the Court. Foley Hoag's disbursement policies pass through all out-

5

of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine. Reimbursable expenses (whether the service is performed by Foley Hoag in-house or through a third-party vendor) include, but are not limited to, duplication expenses, computerized research, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees. For clarity, the 10% reduction in fees for legal services described in the preceding paragraph will not apply to expenses for which Foley Hoag seeks reimbursement.

15.    No promises have been received by Foley Hoag, or any partner, counsel, or associate of Foley Hoag, as to payment or compensation in connection with the chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines. Furthermore, Foley Hoag has no agreement with any other entity to share compensation received by Foley Hoag or by such entity.

16.    The Application requests approval of Foley Hoag's retention on rates, terms, and conditions consistent with what Foley Hoag charges non-chapter 11 debtors, namely, prompt payment of Foley Hoag's hourly rates as adjusted from time to time and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, Foley Hoag intends to apply for allowance of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses relating thereto in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.

## **Coordination with Other Professionals for the Debtor**

17.     Foley Hoag intends to carefully monitor and coordinate the efforts of all professionals retained by the Debtor in this chapter 11 case, including any conflicts counsel, and will delineate their respective duties so as to prevent duplication of services whenever possible.

18.     The foregoing constitutes the statement of Foley Hoag pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 17th day of July, 2019

*/s/ William F. Gray, Jr.*
William F. Gray, Jr.
Partner, Foley Hoag LLP

7

**Schedule 1**

**Conflicts Check List**

| Conflicts Check List Party Searched | Relationship to Debtor | Indication if Foley Hoag previously represented or currently represents the party searched in matters unrelated to the Debtor |
|---|---|---|
| 800 Third Avenue Associates LLC | Creditor | |
| Andrea Paparella | Creditor | |
| Anthony Losquadro | Creditor | |
| Aphrodite Cleaners | Creditor | |
| Arnold Reiter | Attorney for Debtor's Wife, Tara Liddle | |
| Audi Financial Services | Creditor | |
| Jeffrey Liddle | Debtor | |
| Liddle and Robinson | Employer | |
| Benjamin Motors, Inc. | Creditor | |
| Berlinger Communications | Creditor | |
| Blaine H. Bortnick | Creditor | |
| Blank Rome LLP | Creditor | |
| Bloomberg Inc. | Creditor | Prior representation of affiliated entity in unrelated matters (2007) |
| Brett Losquadro c/o South Shore Auto Works | Creditor | |
| Brooks Brothers | Creditor | |
| Carina Rao | Creditor | |
| Christine A. Palmieri | Creditor | |
| Citi Cards – Mastercard | Creditor | Prior representation of Mastercard International in unrelated matters (2014) |
| Counsel Financial II, LLC | Creditor | |
| Counsel Financial II, LLC | Creditor | |
| Corporate Habitat NY LLC | Creditor | |

| David I. Greenberger | Creditor | |
|---|---|---|
| David M. Marek | Creditor | |
| De Lage Landen Leasing/ De Lang Landen Financial Services, Inc. | Creditor | |
| Diane C. Nardone | Attorney for Debtor & Tara Liddle | |
| DiSalvo Contracting Co., Inc. | Creditor | |
| Discover Bank | Creditor | |
| Discover Platinum Card | Creditor | Prior representation of affiliated entity Discover Financial Services in unrelated matters (2012) |
| Doubles | Creditor | |
| Dr. Areta Podhororecki/ Zen Chernyk | Creditor | |
| Dr. Gerald Curatola, DDS | Creditor | |
| Dr. Irwin M. Siegel | Creditor | |
| Dr. Yale Kroll | | |
| Effat S. Emamian c/o Andrew Lavoott Bluestone | Creditor | |
| Ethan A. Brecher | Former Partner of Debtor | |
| Excelsior P&H, Inc. | Creditor | |
| Globe Storage & Moving Co. Inc. | Creditor | |
| H.R. Culver Plumbing Company, Inc. | Creditor | |
| Hampton Pool Works, Inc. | Creditor | |
| Hann Financial Services | Creditor | |
| Hurricane Irrigation LLC | Creditor | |
| Internal Revenue Service | Tax Authority | |
| Iron Mountain | Creditor | |
| J. Evans Landscape Design & Maintenance | Creditor | |

2

| | | |
|---|---|---|
| James A. Batson | Creditor | |
| James R. Hubbard | Former Partner of Debtor | |
| James W. Halter | Creditor | |
| JGalle Landscape Artistry | Creditor | |
| Kasowitz Benson Torres LLP | Creditor | |
| Kramer Bros. | Creditor | |
| Larry Hutcher | Attorney for Creditor | |
| Leslie DiRusso | Creditor | |
| LexisNexis Group | Creditor | |
| LIG Capital | Creditor | |
| Long Island Wine Transporters & Storage | Creditor | |
| M&T Bank | Creditor | Prior representation of affiliated entities in unrelated matters (2016) |
| Marc A. Susswein | Former Partner of Debtor | |
| Michael F. Grenert | Creditor | |
| New York Commission of Taxation and Finance | Creditor | |
| New York State Department of Taxation and Finance | Creditor | |
| Optimum | Creditor | |
| Plantscape Property Design Inc. | Creditor | |
| Potenzano Irrigation & Lighting, Inc. | Creditor | |
| Practicing Law Institute | Creditor | |
| PSEG Long Island/ PSEGLI | Creditor | |
| Quintus Von Bonin | Creditor | |
| Receiver of Taxes – Town of Southampton | Tax Authority | |
| Richard Kates | Creditor | |
| SCWA – 544 Main | Creditor | |

| Sea Breeze Tennis, Inc. | Creditor | |
|---|---|---|
| SL Green & Co. | Creditor | |
| Smyth Nora, LLP | Creditor | |
| Solarus Technologies | Creditor | |
| Swezey Fuel – 544 Main | Creditor | |
| Tara Liddle | Spouse of Debtor | |
| The American Express Company | Creditor | Previously represented American Express Company in unrelated matters (1986) |
| The Wine and Food Society, Inc. New York | Creditor | |
| Time Warner Cable of NYC | Creditor | Current representation of affiliated entities in unrelated matters |
| Tom Covino | Creditor | |
| TSG Reporting | Creditor | Current representation of entities that may be affiliates in unrelated matters |
| Twin Forks Movers and Storage | Creditor | |
| U.S. Legal Support | Creditor | |
| Verilext Legal Solutions | Creditor | |
| Verizon Guest House Quiogue | Creditor | Current representation of affiliates of Verzion in unrelated matters |
| Vintage Wine Warehouse | Creditor | |
| Weber & Grahn | Creditor | |
| Weigong Zhang | Creditor | |
| Westlaw | Creditor | |
| White & Wolnerman, PLLC | Attorney for Debtor & Tara Liddle | |
| Winter Bros East End | Creditor | |

**<u>Exhibit B</u>**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------- x
                                                      :
In re                                                 :   Chapter 11
                                                      :
JEFFREY LEW LIDDLE,                                   :   Case No.  19-10747 (SHL)
                                                      :
                        Debtor                        :
----------------------------------------------------- x
```

### ORDER PURSUANT 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 AUTHORIZING THE RETENTION AND EMPLOYMENT OF FOLEY HOAG LLP AS ATTORNEYS FOR THE DEBTOR *NUNC PRO TUNC* TO APRIL 27, 2019

Upon the application [ECF No. 91] (the "*Application*"), of Jeffrey Lew Liddle, as debtor and debtor in possession in the above-captioned chapter 11 case (the "*Debtor*"), pursuant to section 327(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*") for an order authorizing the employment of Foley Hoag LLP ("*Foley Hoag*") as attorneys for the Debtor, effective *nunc pro tunc* to April 27, 2019, as more fully set forth in the Application, and as supplemented [ECF No. ___] (the "*Supplement*"); and upon the declaration of William F. Gray, Jr., a partner at Foley Hoag, annexed to the Application as **Exhibit A** and upon the supplemental declaration of William F. Gray, Jr. annexed to the Supplement as **Exhibit A** (collectively, the "*Gray Declarations*") and the Court being satisfied, based on the representations made in the Application and the Gray Declarations, that Foley Hoag is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Foley Hoag neither holds nor represents an interest adverse to the

Debtor's estates; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2*, filed with the voluntary petition, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application and granted herein is in the best interests of the Debtor, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted to the extent provided herein.

2.      The Debtor is authorized, but not directed, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Foley Hoag as his attorneys in this chapter 11 case, in accordance with Foley Hoag's normal hourly rates and disbursement policies, all as contemplated by the Application, *nunc pro tunc* to April 27, 2019.

3.      Foley Hoag is authorized to render the following professional services:

7

(i)     Prepare on behalf of the Debtor, as debtor and debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

(ii)    Take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

(iii)   Take all necessary actions in connection with a chapter 11 plan and related disclosure statement(s), and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate; and

(iv)    Perform all other necessary legal services in connection with the prosecution of this chapter 11 case.

4.      Prior to any increases in Foley Hoag rates for any individual employed by Foley Hoag and providing services in these cases, Foley Hoag shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5.      Foley Hoag shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

6.      The Debtor is authorized to pay Foley Hoag a retainer or a portion of the retainer as approved by and in accordance with the Budget attached to this Court's *Interim Order Pursuant to 11 U.S.C. §§105, 361, 362 and 363 (I) Authorizing the Debtor to Use Cash Collateral, Granting Adequate Protection to the Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief* [Doc 53] and any other orders by this Court authorizing the use of cash collateral and Amended Budgets.   Payment of any amounts approved under the interim and final fee applications shall be first applied against the retainer.

7.      Foley Hoag shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this chapter 11 case.

8.      Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

9.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10.     Notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order.

Dated: _____ __, 2019
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE