**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

In re:

JEFFREY LEW LIDDLE,

                Debtor.

------------------------------------------------------------ x

Chapter 11

Case No. 19-10747 (SHL)

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EISNERAMPER LLP AS ACCOUNTANT TO DEBTOR EFFECTIVE *NUNC PRO TUNC* TO APRIL 26, 2019**

Upon the application [ECF No. 66] (the "*Application*")[1] of the above-captioned debtor and debtor in possession ("*Debtor*") for entry of an order (this "*Order*") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "*Bankruptcy Code*") authorizing Debtor to employ and retain EisnerAmper LLP ("*EisnerAmper*") as accountants, as more fully set forth in the Application, and as supplemented [ECF No. 135] (the "*Supplement*"); and upon the *Declaration of Allen Wilen in Support of Application for Order Authorizing Retention and Employment of EisnerAmper as Accountant Effective Nunc Pro Tunc to April 26, 2019* annexed to the Application as **Exhibit B**; and the Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Bankruptcy Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Bankruptcy Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

interest; and the Bankruptcy Court having found that Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Bankruptcy Court having reviewed the Application; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Debtor is hereby authorized to retain EisnerAmper as accountant to Debtor, *nunc pro tunc* to April 26, 2019. Notwithstanding any statements to the contrary in the Application or in **Exhibit B** to the Application, nothing in this Order shall be construed to permit EisnerAmper to perform services on behalf of Debtor's law firm.

3. EisnerAmper shall file applications and be compensated for the Hourly Services and related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules, Local Bankruptcy Rule 2016-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 and effective February 5, 2013, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, and other Orders of this Court.

4. The Hourly Services shall be subject to the standard of review set forth in section 328(a) of the Bankruptcy Code; *provided*, *however*, that notwithstanding anything set forth in this Order or the record relating to the Bankruptcy Court's consideration of the Application, the U.S. Trustee shall be entitled to review, respond and object to EisnerAmper's

interim and final applications for the Hourly Services on all grounds, including reasonableness pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to EisnerAmper's interim and final applications for the Hourly Service on all grounds, including reasonableness pursuant to section 330 of the Bankruptcy Code.

5. Prior to any increases in EisnerAmper's rates, EisnerAmper shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by the Court.

6. To the extent informed by Debtor, EisnerAmper shall use its best efforts to avoid any duplication of services provided by any of Debtor's other retained professionals in the chapter 11 case.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. To the extent there is inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

9. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

10. Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  July 23, 2019               */s/ Sean H. Lane*
       New York, New York
                                HONORABLE SEAN H. LANE
                                UNITED STATES BANKRUPTCY JUDGE