UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                            Chapter 11

JEFFREY LEW LIDDLE,                               Case No. 19-10747 (SHL)

           Debtor.


-----------------------------------------------------------X

### AFFIRMATION IN SUPPORT OF MOTION OF MICHAEL BARR FOR ENTRY OF AN ORDER LIFTING THE AUTOMATIC STAY

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE**

Michael Barr (hereinafter, "Barr" or "Creditor"), creditor of the above-captioned debtor (the "Debtor"), Jeffrey Lew Liddle, by and through their undersigned counsel, submits this Motion (the "Motion") for entry of an order lifting the automatic stay imposed by section 362 of the Bankruptcy Code to allow certain state and federal actions against the Debtor commenced prior to the commencement of this case to proceed to judgment. In support of this Motion, Movants respectfully submit as follows:

#### Preliminary Statement

1. Prior to the institution of this bankruptcy proceeding, on or about October 6, 2014, Creditor filed a state court action against Debtor in New York Supreme Court County of New York under the caption, ***Michael Barr v. Liddle & Robinson, L.L.P. v. Liddle & Robinson, L.L.P. and Jeffrey L. Liddle,*** **Index No. 159781/2014** (the "State Court Action"). A copy of the Complaint in the State Court Action is attached here as **Exhibit A.** A copy of Debtor's answer to the Complaint is attached here as **Exhibit B.** The State Court Action is a negligence and legal malpractice action that was about to proceed to trial when Creditor learned of the filing of

GSB:10381245.1

bankruptcy by Debtor and the resultant automatic stay (the "Automatic Stay"). **The purpose of this Motion is to request that the automatic bankruptcy stay be lifted to the extent of the liability insurance available to cover the Creditor's claim.**

### Factual Background

2. Recently, Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. As a result of 11 U.S.C. Section 362(a), Movant is prohibited from pursuing his claims against Debtor in the State Court Action absent an Order from this Court.

3. The State Court Action was commenced as a result of Debtor's negligence and legal malpractice in representing Creditor, Barr, and several other claimants who hired Debtor and his law firm, Liddle & Robinson, L.L.P. ("L&R"), to represent them against Barr's former employer, Robertson Stephens, Inc. ("RSI") for, among other things, claims related to compensation and to file an arbitration on their behalf before the New York Stock Exchange. Before the action was filed by L&R on Barr's behalf against RSI and its parent FleetBoston, Debtor and L&R decided, on their own and without the knowledge, authorization or consent of Barr, to reach out to the Wall Street Journal and the New York Times and forward to them a draft of the to-be-filed Statement of Claim and two separate drafts of a proposed press release (provided within one hour of the other) to announce this alleged newsworthy claim – each containing disparaging allegations about RSI and its parent FleetBoston. These allegations included, but were not limited to, allegations that FleetBoston "made fraudulent misrepresentations" and "material omissions" and "breached its fiduciary duties." As a direct result of L&R and Debtor's unilateral and unauthorized acts, RSI and FleetBoston invoked a non-disparagement provision in the agreement that obligated them to pay Barr $1,299,999.84 in deferred compensation (the "Deferred Compensation") and Barr's deferred compensation was forfeited. Although L&R almost immediately amended the Statement

2

of Claim in an attempt to recover the loss it caused, they were unable to repair the damage caused as a direct result of their negligent conduct and Barr has been forever deprived of his $1,299,999.84 in deferred compensation.

4. Discovery has been completed in the State Court action and, by Order dated December 3, 2018, the New York Supreme Court denied L&R's and Liddle's motion for summary judgment. True and correct copies of the motion for summary judgment and the court's order are attached here as **Exhibit C and Exhibit D respectively.** The Supreme Court matter is therefore ready for trial and, prior to the filing of this proceeding, it was anticipated that trial would occur in the fall. Movant would like to continue with the prosecution of the State Court Action. Movant seeks damages for negligence and legal malpractice under New York law. Movant is seeking to recover damages that are covered under an insurance policy covering Debtor for legal malpractice at the time of the incident. The State Court Action has been stayed pending a modification of the automatic stay entered by this Court.

5. As such, Creditor, Barr, seeks an Order lifting the Stay against Debtor.

**Relief Requested**

6. Debtor had malpractice insurance at the time of Creditor's loss. A copy of the applicable liability insurance policy is attached here as **Exhibit E**. The malpractice coverage is more than sufficient to satisfy any damages Barr may recover against the Debtor.

7. Upon the filing of a bankruptcy petition, an Automatic Stay takes place giving the debtor "a short respite from creditors' demands, during which a debtor will have the opportunity to develop and implement plans to right his financial affairs." *In re Bogdanovich,* 292 F.3d 104, 110 (2d Cir. 2002). The Bankruptcy Code provides that relief from the Automatic Stay may be granted after notice and a hearing, "for cause." *See* 11 U.S.C. Section 362(d)(1). The Bankruptcy

Code does not define the meaning of the phrase "for cause." *See Bogdanovich,* 292 F.3d at 110. In determining whether there is cause to grant relief from the automatic stay, a Court in this circuit should examine the factors in outlined in *In re Sonmax Industries Incorporated. See In re Sonmax Indus, Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990). The factors to consider are as follows:

    *a.* (1) Whether relief would result in partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of stay on the parties and the balance of harms. Id.

8.      All twelve *Sonmax* factors will not be relevant in every case. *See In re Masse,* 167 F.3d 139, 143 (2d Cir. 1999). Furthermore, the Court in its discretion, need not grant equal weight to each factor. A court need only apply the factors that are relevant to the particular case, and does not need to give each factor equal weight. *Burger Boys, Inc. v. South St. Seaport Ltd. P'ship (In re Burger Boys, Inc.),* 183 B.R. 682, 688 (S.D.N.Y.1994); *In re New York Medical Group,*

4

*P.C.,* 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). Additionally, the Bankruptcy Court has wide discretion to grant relief and lift the stay. *See In re Laventhol & Horwath,* 139 B.R. 109 (Bankr. S.D.N.Y. 1991). In the instant matter, factors one, two, five, ten, eleven, and twelve are relevant and weigh in Creditor's favor in the instant application.

9. Under the factors set forth in *Sonmax,* Creditor is entitled to relief from the Automatic Stay in order to pursue his negligence and legal malpractice claims in the State Court Action. As to the second factor, Creditor's claims in New York Supreme have no connection and will not interfere with Debtor's Chapter 11 efforts since the Creditor is only seeking recovery against Debtor's general liability policy effective during the time period of the negligence and malpractice claims.

10. As to the fifth factor, Debtor was issued a liability insurance policy, for purposes of malpractice liability. Where the creditor must prove the liability of the debtor for the limited purpose of recovering from a debtor, case law supports the proposition that relief from an Automatic Stay should be granted. *See e.g., Green v. Welsh,* 956 F.2d 30 (2d Cir. 1992); and *Terwilliger v. Terwilliger,* 206 F.3d 240, 247-248 (2d Cir. 2000). In pursuing his negligence and malpractice claims, Creditor will attempt to prove Debtor's liability solely to recover from its liability insurers. Debtor's liability insurance carriers will bear all of the cost required to defend against Creditor's claims. As to any costs not borne by Debtor's liability company, case law states that the cost of defending litigation, by itself, is not regarded as constituting "great prejudice", precluding relief from the Automatic Stay. *See In re Unioil,* 54 B.R. 192 (Bankr. D. Colo. 1985).

11. Creditor believes and therefore avers that under said general liability policy, the insolvency or the bankruptcy of the debtor-insured, or the insolvency of its estate shall not release the insurance company from the payment of damages for injuries sustained during the term of and

5

within coverage of said policy.

12. The events which gave rise to the negligence and legal malpractice claims of Creditor arose from 2002-2011; Creditor's action in New York Supreme was filed in October 2014; after five years of litigation in the State Court, the matter was marked ready for trial (to take place in the Fall of 2019); and Debtor filed the bankruptcy petition in March 2019.

13. As to factors ten and eleven, Creditor is prepared and willing to actively prosecute this matter in New York Supreme Court County of New York and has demonstrated that fact. As set forth above, discovery has been completed in the State Court Action and the summary judgment motions of both Debtor and Creditor were briefed, argued, and denied. All that remains is to proceed to trial.

14. As to factor twelve, the impact of the stay on the parties and the balance of harms, Creditor, Barr, was damaged in the amount of $1,299,999.84 plus interest thereon, as a result of Debtor's negligence and legal malpractice. Creditor's case in New York Supreme has been pending since 2014. Prior to the filing of Debtor's bankruptcy application, the case was proceeding to trial. Creditor has expended significant resources in prosecuting the case up to this point and, in the interests of justice, should be given the opportunity to continue his action in state court. Debtor will not suffer from such a continuation as the Creditor seeks only Debtor's available insurance coverage. When balancing the interests between the Creditor and Debtor, it is readily apparent that the harm to Creditor in not continuing the state court action is greater than the harm to Debtor in continuing the state court action.

15. In the event a judgment against Debtor is recovered by Creditor in the aforementioned claim, and such judgment remains unsatisfied, Creditor will only look to Debtor's insurance company for any recovery.

16. Therefore, prosecution of Creditor's claims will in no manner reduce or jeopardize the assets of Debtor to the detriment to other creditors in bankruptcy.

17. In the event Creditor is permitted to pursue the aforementioned claim, he will not pursue a claim in this bankruptcy proceeding.

18. Thus, "cause" exists to lift the stay under *Sonmax*.

### Waiver of Memorandum of Law

19. This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, Movants respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

### Notice

20. Notice of this Motion will be served upon: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Debtor and his proposed counsel; (iii) the Debtor's purported 20 largest unsecured creditors; and (iv) all parties that have filed a notice of appearance in this case.

21. In light of the nature of the relief requested, the Creditor submits that no other or further notice need be provided.

### Conclusion

**WHEREFORE**, the Movants respectfully request that the Court lift the automatic stay to allow the state action to proceed to judgment and grant the Movants such other and further relief as it deems just and proper.

Dated: New York, New York
      September 3, 2019

                        **GARVEY SCHUBERT BARER**

By: _____
     Alan A. Heller
     Kara M. Steger
*Attorneys for Creditor Michael Barr*
100 Wall Street, 20th Floor
New York, New York 10005
(212) 965-4526
aheller@gsblaw.com
(212) 965-4536
ksteger@gsblaw.com

8