**SETTLEMENT DATE AND TIME: SEPTEMBER 11, 2019 AT 12:00 P.M. (EST)**
**OBJECTION DEADLINE DATE AND TIME: SEPTEMBER 11, 2019 AT 11:00 A.M. (EST)**

FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Telephone: 646-927-5500
Fax: 646-927-5599
Alison D. Bauer
William F. Gray, Jr.

*Attorneys for Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------ x | Chapter 11 |
| In re: | |
| | Case No. 19-10747 (shl) |
| JEFFREY LEW LIDDLE, | |
| Debtor. | Related to ECF Nos. 14, 27, 37, 47, 52, |
| ------------------------------------------------------ x | 74, 84, 95, 114 and 170 |

**DEBTOR'S NOTICE OF PROPOSED ORDER DENYING COUNSEL FINANCIAL II LLC'S CLAIM OF A PERFECTED SECURITY INTEREST IN AND LIEN ON CERTAIN CASH COLLATERAL AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a proposed order, a copy of which is annexed hereto, will be presented for settlement and signature to the Honorable Sean H. Lane, United States Bankruptcy Judge, on **September 11, 2019 at 12:00 p.m. (EST),** at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that objections or proposed counter-orders must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court; and (iii) be filed with the Bankruptcy Court electronically, in accordance with General Order No. M-399 (General Order No. M-399 can be found on the Court's official website at www.nysb.uscourts.gov), and a courtesy copy delivered to Judge Lane's Chambers and served upon (a) the Debtor, through his attorneys, Foley Hoag LLP, 1301 Avenue of the Americas, 25th

Floor, New York, New York, 10019 (Attn: Alison D. Bauer, Esq.); (b) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Andrea B. Schwartz, Esq.); (c) the attorneys for Counsel Financial II, LLC, Davidoff Hutcher & Citron LLP, 605 Third Avenue, New York, NY 10158 (Attn: David H. Wander, Esq.); (d) the attorneys for the Secured Party, White & Wolnerman, 950 Third Avenue, 11th Floor, New York, NY 10022 (Attn: Randolph E. White, Esq.); and (e) the attorneys for Tara Liddle, Reiter Law Firm, 75 Montebello Road, Suffern, New York 10901 (Attn: Arnold E. Reiter, Esq.) so as to be received by 11:00 a.m. (EST) on September 11, 2019 (the "Objection Deadline"). Unless an objection or counter-proposed order is received by the Objection Deadline, the proposed order may be signed and entered on the Settlement Date without further notice or hearing.

Dated: September 6, 2019
      New York, New York

FOLEY HOAG LLP

*/s/ Alison D. Bauer*

Alison D. Bauer
William F. Gray, Jr.
FOLEY HOAG LLP
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Telephone: 646-927-5500
Fax: 646-927-5599
abauer@foleyhoag.com
wgray@foleyhoag.com

*Attorneys for Debtor and Debtor-in-Possession*

# EXHIBIT A

## PROPOSED ORDER DENYING COUNSEL FINANCIAL II LLC'S CLAIM OF A PERFECTED SECURITY INTEREST IN AND LIEN ON CERTAIN CASH COLLATERAL AND GRANTING RELATED RELIEF

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re:

JEFFREY LEW LIDDLE,

                   Debtor.

------------------------------------------------------------ x

Chapter 11

Case No.  19-10747 (shl)

(Jointly Administered with Case No. 19-12346 (shl))

**ORDER DENYING COUNSEL FINANCIAL II LLC'S CLAIM OF A PERFECTED SECURITY INTEREST IN AND LIEN ON CERTAIN CASH COLLATERAL AND GRANTING RELATED RELIEF**

Upon the motion of the above-referenced debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") *For Entry Of Interim And Final Orders (I) Authorizing The Debtors To Use Cash Collateral, (II) Scheduling A Final Hearing And (III) Granting Related Relief* [ECF No. 37] (the "Cash Collateral Motion") [1] ; the *Motion Under 11 U.S.C. §§ 105, 542 and 543 for Turnover of Property by Escrow Agent or Custodian* [ECF No. 14] (the "Turnover Motion"); *Order Granting Debtor's Motion for an Order Under 11 U.S.C. §§ 105, 542, and 543 Directing Custodian to Turnover Property and for an Interim Order Authorizing the Debtor to Pay Rent Expenses and Granting Related Relief* [ECF No. 27] (the "Turnover Order"); *Objection by Counsel Financial II LLC to Debtor's Second Cash Collateral Motion* [ECF No. 47]; *the Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief* [ECF No. 52] (the "Interim Cash Collateral Order"); the *Memorandum of Law by Counsel Financial II LLC in Support of its Perfected Security Interest in and Lien on Cash Collateral*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

[ECF No. 74]; the *Debtor's Response and Memorandum of Law in Opposition to Counsel Financial II LLC's Claim of a Perfected Security Interest in and Lien on Certain Cash Collateral* [ECF No. 84]; the *Reply Memorandum of Law by Counsel Financial II LLC in Further Support of its Perfected Security Interest in and Lien Upon the Cash Collateral* [ECF No. 95]; the *Letter to the Honorable Sean Lane dated July 1, 2019* [ECF No. 114]; and pleadings related thereto (collectively, all of the foregoing, the "Cash Collateral Pleadings"); the hearing to consider the relief requested in the Cash Collateral Pleadings with respect to Counsel Financial II LLC's claim of a perfected security interest and lien on certain Cash Collateral having been held before the Court on June 24, 2019 (the "Hearing"); the Court's *Memorandum of Decision* [ECF No. 170]; and good and sufficient notice of the Cash Collateral Pleadings and the Hearing having been given; and the Court having considered the Cash Collateral Pleadings, the Declarations, and the evidence submitted or adduced and the arguments of counsel made at the Hearing; and notice of the Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c), and (d), and 9014; and all objections, if any, to the relief requested in the Cash Collateral Pleadings having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested is necessary to avoid immediate and irreparable harm to the Debtor and his estate, and otherwise is fair and reasonable, in the best interests of the Debtor, his estate, its creditors and all other parties-in-interest in the Chapter 11 Case, and essential to maximize the value of the Debtor's assets; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**THIS COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:**[2]

  A.  <u>Petition Date.</u> On March 11, 2019 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

  B.  <u>Debtor in Possession.</u> The Debtor is in possession of its properties and continues to operate its affairs and businesses as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

  C.  <u>Jurisdiction and Venue.</u> This Court has jurisdiction over the Chapter 11 Case and the Cash Collateral Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Cash Collateral Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

  D.  <u>Creditors' Committee.</u> As of the date hereof, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") has not appointed an official committee of unsecured creditors in the Chapter 11 Case pursuant to section 1102 of the Bankruptcy Code (a "<u>Creditors' Committee</u>").

  E.  <u>Good Cause.</u> Good cause has been shown for immediate entry of this Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and the Local Rules, and the entry of this Order is in the best interests of the Debtor, the estate and the creditors.

  F.  <u>No Security Interest.</u> Counsel Financial II LLC ("CF II") has not satisfied the requirements for perfection of a security interest pursuant to Sections 9-313(a) or (c) of the New York Uniform Commercial Code. CF II does not have a security interest in or to, or a lien upon,

---

[2] Pursuant to Bankruptcy Rule 7052, any findings of fact contained herein may be treated as conclusions of law as if set forth below, and vice versa.

the cash proceeds from the sale of the N.Y. Co-op, including, without limitation, the Cash Collateral.

**BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. <u>Motion Granted.</u>  The Cash Collateral Motion is GRANTED to the extent provided herein.  Any objection to the Cash Collateral Motion to the extent not withdrawn, waived, or resolved, and all reservation of rights included therein, are hereby denied and overruled.

2. <u>No Security Interest</u>. For the reasons stated on the record at the Hearing, CF II does not have a security interest in or to, or a lien upon, the Cash Collateral.

3. <u>Budget</u>.  The Interim Cash Collateral Order is hereby amended as follows: (i) CF II is not entitled to receive and the Debtor shall not be required to provide weekly variance reports to CF II with respect to the use of the Cash Collateral and (ii) the consent of CF II is not required for any Amended Budget with respect to use of the Cash Collateral.

4. <u>Turnover of Tara Liddle's Interest.</u>  The Debtor is authorized and directed to release to the Debtor's wife, Tara Liddle, her entire remaining interest in the Escrowed Funds, as defined in the Turnover Order.

5. <u>Order Effective Upon Entry.</u> Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

6. <u>Controlling Effects of Order.</u> To the extent any provision of this Order conflicts or is inconsistent with any provision of the Cash Collateral Motion, the provisions of this Order shall control.

7. <u>Survival of this Order.</u> Without limiting anything in this Order, the provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be

entered: (a) confirming any Plan in the Chapter 11 Case, (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, (c) dismissing the Chapter 11 Case, (d) withdrawing of the reference of the Chapter 11 Case from this Court, or (e) providing for abstention from handling or retaining of jurisdiction of the Chapter 11 Case in this Court.

8. <u>Bankruptcy Rules.</u> The requirements of Bankruptcy Rules 4001, 6003 and 6004, in each case to the extent applicable, are satisfied by the contents of the Cash Collateral Motion.

9. <u>Retention of Jurisdiction.</u> The Court has and will retain jurisdiction to enforce this Order in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____ __, 2019  
New York, New York

                                                                             _____  
                                                                             HONORABLE SEAN H. LANE  
                                                                             UNITED STATES BANKRUPTCY JUDGE