**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re:

JEFFREY LEW LIDDLE,

                            Debtor.

------------------------------------------------------------ x

Chapter 11

Case No.  19-10747 (shl)

(Jointly Administered with Case No. 19-12346 (shl))

### ORDER DENYING COUNSEL FINANCIAL II LLC'S CLAIM OF A PERFECTED SECURITY INTEREST IN AND LIEN ON CERTAIN CASH COLLATERAL AND GRANTING RELATED RELIEF

Upon the motion of the above-referenced debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") *For Entry Of Interim And Final Orders (I) Authorizing The Debtors To Use Cash Collateral, (II) Scheduling A Final Hearing And (III) Granting Related Relief* [ECF No. 37] (the "Cash Collateral Motion") [1] ; the *Motion Under 11 U.S.C. §§ 105, 542 and 543 for Turnover of Property by Escrow Agent or Custodian* [ECF No. 14] (the "Turnover Motion"); *Order Granting Debtor's Motion for an Order Under 11 U.S.C. §§ 105, 542, and 543 Directing Custodian to Turnover Property and for an Interim Order Authorizing the Debtor to Pay Rent Expenses and Granting Related Relief* [ECF No. 27] (the "Turnover Order"); *Objection by Counsel Financial II LLC to Debtor's Second Cash Collateral Motion* [ECF No. 47]; *the Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief* [ECF No. 52] (the "Interim Cash Collateral Order"); the *Memorandum of Law by Counsel Financial II LLC in Support of its Perfected Security Interest in and Lien on Cash Collateral*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

[ECF No. 74]; the *Debtor's Response and Memorandum of Law in Opposition to Counsel Financial II LLC's Claim of a Perfected Security Interest in and Lien on Certain Cash Collateral* [ECF No. 84]; the *Reply Memorandum of Law by Counsel Financial II LLC in Further Support of its Perfected Security Interest in and Lien Upon the Cash Collateral* [ECF No. 95]; the *Letter to the Honorable Sean Lane dated July 1, 2019* [ECF No. 114]; and pleadings related thereto (collectively, all of the foregoing, the "Cash Collateral Pleadings"); the hearing to consider the relief requested in the Cash Collateral Pleadings with respect to Counsel Financial II LLC's claim of a perfected security interest in and lien on certain Cash Collateral having been held before the Court on June 24, 2019 (the "June 24 Hearing"); the Court's *Memorandum of Decision* [ECF No. 170]; the hearing to consider the appropriate form of order with respect to the *Memorandum of Decision* and other pending matters having been held before the Court on September 19, 2019 (the "September 19 Hearing", and together with the June 24 Hearing, the "Hearings"); and good and sufficient notice of the Cash Collateral Pleadings and the Hearings having been given; and the Court having considered the Cash Collateral Pleadings, the Declarations, and the evidence submitted or adduced and the arguments of counsel made at the Hearings; and notice of the Hearings having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c), and (d), and 9014; and all objections, if any, to the relief requested in the Cash Collateral Pleadings having been withdrawn, resolved, or overruled by the Court; and it appearing to the Court that granting the relief requested is necessary to avoid immediate and irreparable harm to the Debtor and his estate, and otherwise is fair and reasonable, in the best interests of the Debtor, his estate, its creditors and all other parties-in-interest in the Chapter 11 Case, and essential to maximize the value of the Debtor's

assets; and after due deliberation and consideration, and for good and sufficient cause appearing

therefor:

## THIS COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:[2]

A.      Petition Date. On March 11, 2019 (the "Petition Date"), the Debtor filed a

voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

B.      Debtor in Possession. The Debtor is in possession of its properties and continues

to operate its affairs and businesses as debtor and debtor-in-possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11

Case.

C.      Jurisdiction and Venue. This Court has jurisdiction over the Chapter 11 Case and

the Cash Collateral Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant

to 28 U.S.C. §§ 1408 and 1409. The Cash Collateral Motion is a core proceeding pursuant to 28

U.S.C. § 157(b)(2).

D.      Creditors' Committee. As of the date hereof, the United States Trustee for the

Southern District of New York (the "U.S. Trustee") has not appointed an official committee of

unsecured creditors in the Chapter 11 Case pursuant to section 1102 of the Bankruptcy Code (a

"Creditors' Committee").

E.      Good Cause. Good cause has been shown for immediate entry of this Order

pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and the Local Rules, and the entry of this

Order is in the best interests of the Debtor, the estate and the creditors.

F.      No Security Interest. Counsel Financial II LLC ("CF II") has not satisfied the

requirements for perfection of a security interest pursuant to Sections 9-313(a) or (c) of the New

---

[2] Pursuant to Bankruptcy Rule 7052, any findings of fact contained herein may be treated as conclusions of law as if
set forth below, and vice versa.

York Uniform Commercial Code. CF II does not have a security interest in or to, or a lien upon, the cash proceeds from the sale of the N.Y. Co-op, including, without limitation, the Cash Collateral.

**BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.    <u>Motion Granted.</u>  The Cash Collateral Motion is GRANTED to the extent provided herein.  Any objection to the Cash Collateral Motion to the extent not withdrawn, waived, or resolved, and all reservation of rights included therein, are hereby denied and overruled.

2.    <u>No Security Interest</u>. For the reasons stated on the record at the Hearings, CF II does not have a security interest in or to, or a lien upon, the Cash Collateral.

3.    <u>Secured Creditor Status.</u>  CF II does not have any rights as a secured creditor of the Debtor and its estate.  CF II retains its rights as an unsecured creditor of the Debtor and its estate..

4.    <u>Turnover of Tara Liddle's Interest.</u>  For the reasons stated on the record at the September 19 Hearing, the Debtor is authorized and directed to release to the Debtor's wife, Tara Liddle, her entire remaining interest in the Escrowed Funds, as defined in the Turnover Order.

5.    <u>Order Effective Upon Entry.</u> Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.    <u>Controlling Effects of Order.</u> To the extent any provision of this Order conflicts or is inconsistent with any provision of the Cash Collateral Motion, the provisions of this Order shall control.

7.    <u>Adversary Proceeding.</u> Except for the determination that CF II does not have a security interest in the Escrowed Funds, and the turnover of Tara Liddle's portion of the Escrowed Funds pursuant to paragraph 4 of this Order, nothing in this Order shall affect the rights

of the parties in the pending adversary proceeding *Tara Liddle v. Counsel Financial II LLC*, Adv. Pro. No. 19-01147-shl.

8.      <u>Survival of this Order.</u> Without limiting anything in this Order, the provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any Plan in the Chapter 11 Case, (b) converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code, (c) dismissing the Chapter 11 Case, (d) withdrawing of the reference of the Chapter 11 Case from this Court, or (e) providing for abstention from handling or retaining of jurisdiction of the Chapter 11 Case in this Court.

9.      <u>Bankruptcy Rules.</u> The requirements of Bankruptcy Rules 4001, 6003 and 6004, in each case to the extent applicable, are satisfied by the contents of the Cash Collateral Motion.

10.      <u>Retention of Jurisdiction.</u> The Court has and will retain jurisdiction to enforce this Order in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this Order.

Dated: September 26, 2019
New York, New York                              */s/ Sean H. Lane*
                                                HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE