DAVIDOFF HUTCHER & CITRON LLP  
605 Third Avenue  
New York, New York 10158  
(212) 557-7200  
David H. Wander, Esq.  
dhw@dhclegal.com  
*Attorneys for Counsel Financial II LLC, LIG Capital LLC, Counsel Financial Holdings LLC*

**Hearing Date and Time**  
October 24, 2019 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------X  
In re:                                                                    Chapter 11

JEFFREY LEW LIDDLE,                                     Case No. 19-10747-shl

                                 Debtor.  
---------------------------------------------------------X

### REPLY BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND COUNSEL FINANCIAL HOLDINGS LLC TO DEBTOR'S RESPONSE TO THE OBJECTION TO DEBTOR'S CLAIMS OF EXEMPT PROPERTY

TO THE HONORABLE SEAN H. LANE,  
UNITED STATES BANKRUPTCY JUDGE:

      Counsel Financial[1], by its attorneys, Davidoff Hutcher & Citron LLP, submits the following reply to the Debtor's response dated September 27, 2019 ("Debtor's Response") (Doc. 186) to Counsel Financial's objection to Debtor's claim of a homestead exemption[2] pursuant to Bankruptcy Rule 4003, and for related relief, and represents and states:

**Preliminary Statement**

      1.     The following facts admitted to in the Debtor's Response are wholly dispositive of the present dispute: (i) the Debtor did not own or occupy the Apartment when this case was commenced, nor was it occupied by any relative of the Debtor; and (ii) the Debtor voluntarily

---

[1] Capitalized terms, not otherwise defined herein, have the meanings ascribed to such terms in Counsel Financial's Objection to Debtor's Claims of Exempt Property dated July 8, 2019 (Doc. 118).

[2] Counsel Financial is not pursuing its objection to the Debtor's claim of an exemption for household goods and furnishings.

669054v.2

sold the Apartment months before this bankruptcy. These undisputed facts and the plain language of CPLR 5206 show that the Debtor's claimed entitlement to the homestead exemption is baseless and frivolous.

2. Because a more frivolous homestead claim is difficult to contemplate, sanctions should be awarded. Neither Counsel Financial nor this Court should have had to waste any time and resources that have and will be required to address the Debtor's claimed entitlement to the homestead exemption.

3. The sole case upon which the Debtor relies, *In re Pearlman*, is so factually distinguishable as to leave the Debtor without any legal support. In *Pearlman*, while the debtor did not himself occupy the subject apartment, the debtor's wife and children did. Here, it is undisputed that neither the Debtor nor any family member of the Debtor occupied the Apartment upon commencement of this proceeding. Nor did the Debtor even own it!

4. The Debtor's Response comprises a litany of irrelevant facts and issues, obscuring the undeniable fact that the Debtor did not own the Apartment when this case was filed. Whatever pressure the Debtor may have felt from Signature Bank or Counsel Financial, it is indisputable that he voluntarily entered into a contract of sale and sold the Apartment many months before this bankruptcy proceeding commenced. Nothing, other than, perhaps, poor planning, prevented the Debtor from filing for bankruptcy protection before selling the Apartment and, then, having an opportunity to claim a homestead exemption.

**I.    The Debtor Does Not Occupy the Apartment Claimed as a Homestead**

5. The plain language of the CPLR 5206 and its legislative history make clear that an apartment must be "owned and occupied" by a debtor for a homestead exemption to even exist. "The homestead exemption ceases if the property ceases to be occupied as a residence by

a person for whose benefit it may so continue." CPLR 5206(c); *see also* Senate Introducer's Mem in Support, Bill Jacket, L 2005, Ch. 623 at 3 (the intent behind CPLR 5206 is "that no civil judgment against any person should result in that person forfeiting his or her having a right to *a place to live*.") (emphasis added).

6. Ignoring the plain language of the statute, the Debtor argues that CPLR 5206 does not require the Debtor to occupy the property, citing *In re Pearlman*, 54 B.R. 455 (Bankr. S.D.N.Y. 1985). *See* Debtor's Response at ¶ 21. The Debtor's reliance on *Pearlman* is entirely disingenuous. In *Pearlman*, the court sustained the debtor's claim of a homestead exemption, despite the fact the debtor did not occupy the apartment himself, *since the debtor's wife and children were living in the apartment*. The court stated that "[t]he chance that the debtor's family could lose its home contradicts the basic intention of the homestead exemption, which seeks to protect and maintain the family dwelling free from the reach of judgment creditors." *In re Pearlman*, 54 B.R. at 457. Here, neither the Debtor nor any of his relatives occupy his former apartment. Because there is no basis for the Debtor's assertion that CPLR 5206 does not require the Debtor or his family to occupy the apartment claimed as a homestead, and the Debtor's claim of an exemption should be denied.[3]

## II.    The Debtor Voluntarily Elected to Sell His Apartment

7. The Debtor also claims that CPLR 5206(e) entitles him to claim a homestead exemption for the proceeds of the sale of his apartment.[4] However, as the Debtor himself admits, CPLR 5206(e) only applies to involuntary sales and the sale of the Apartment was voluntary.

---

[3] While the Debtor notes that there is no Second Circuit opinion stating that CPLR 5206 requires the Debtor or his family to occupy the apartment claimed as a homestead, he fails to identify a single court that has held otherwise.

[4] The Debtor's Response asks this Court to recognize that Counsel Financial does not have a security interest in the proceeds in the sale of the apartment. Debtor's Response at ¶ 1. It is unclear, however, how this fact has any relevance to the instant objection to exempt property. If this Court determines that the proceeds of the sale of the apartment are not exempt, these funds will be available to creditors of the Debtor's estate, including unsecured creditors.

Indeed, the Debtor concedes that his claim to a homestead exemption "does not satisfy the literal requirements of [CPLR] § 5206(e)." Debtor's Response at ¶ 17.

8. Instead, the Debtor argues, without citing any legal authority, that "the intent behind the statute" supports his claim of a homestead exemption regarding the proceeds of the *voluntary* sale of his apartment because he was "pressured" into selling his apartment. *Id*. That the Debtor, an experienced attorney, may have felt pressure to sell the Apartment is insufficient to satisfy the statute. The Debtor's argument that "he was left with very few options to marshal the resources necessary to satisfy a potential judgment" does not satisfy CPLR 5206(e) and no case law is cited to show that it does.

### III. No Court Has Made a Ruling on Debtor's Claim of a Homestead Exemption

9. While the Debtor implies that the state court recognized the Debtor's homestead exemption, the state court, in fact, merely recognized that the Debtor was making a *claim* to a homestead exemption.

10. Buried in the Debtor's Response is his admission that the Supreme Court of the State of New York for Erie County (the "State Court") granted Counsel Financial an order of attachment on the proceeds of the sale of the apartment "*without deciding*" whether a homestead exemption was applicable. Debtor's Response at ¶ 18 (emphasis added). While the Debtor correctly notes that the State Court "never ruled that a homestead exemption was unavailable," neither did the State Court rule that it was available. *Id*. As is clear from the Debtor's own averments, the merits of this issue were never addressed by the State Court.

11. Accordingly, there is no basis for the Debtor's frivolous claim of a homestead exemption for the proceeds resulting from his voluntary decision to sell the Apartment.

12. The Debtor's arguments are so beyond the pale in their complete and utter lack of merit that they ineluctably were advanced for improper purposes. A bankruptcy court "has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *In re 680 Fifth Ave. Associates*, 218 B.R. 305, 323 (Bankr. S.D.N.Y. 1998). "The "court's inherent power to sanction derives from the fact that courts are vested, by their very creation, with power to impose submission to their lawful mandates." *In re Cartisano*, No. 8-18-70703-REG, 2019 WL 1028497, at *6 (Bankr. E.D.N.Y. Mar. 4, 2019) (internal citations omitted). In the Second Circuit, inherent power sanctions are appropriate where there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes. *See Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir.1985) ("The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice."). Specifically, "[c]onduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney." *Wolters Kluwer Fin. Servs.*, 564 F.3d at 114.

13. Here, the Debtor's claim that he is entitled to a homestead exemption or the proceeds derived from its sale, lacks even an iota of legal or factual basis. His blatantly disingenuous effort to argue such a baseless claim could not – by its very nature – be made for any proper purpose other than to obtain an "exemption by default." [cite] As the Supreme Court has held, a party's failure to make a timely objection prevents it from challenging such exemption. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643-644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *see Law v. Siegel*, 571 U.S. 415, 423 (2014) ("We have held that a trustee's failure to make a timely objection prevents him from challenging an exemption.") (citing *Taylor).*

14. Courts, therefore, have a duty to deter "such bad-faith efforts" by means of the "specter of penalties that debtors and their attorneys face . . . under various provisions for engaging in improper conduct in bankruptcy proceedings." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 262 (2010). Indeed, bankruptcy courts retain "the essential authority to respond to debtor misconduct with meaningful sanctions," which includes its inherent powers. *See Law*, 571 U.S. at 427. If a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party, *see Universal Oil Prod. Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946), as it may when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order," *Hutto v. Finney*, 437 U.S. 678, 689, n.14 (1978); *see also Chambers v. NASCO*, Inc., 501 U.S. 32, 46, n.10 (1991) ("In this regard, the bad-faith exception resembles the third prong of Rule 11's certification requirement, which mandates that a signer of a paper filed with the court warrant that the paper "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."). Here, Debtor's claimed entitlement to the homestead exemption not only lacks a scintilla of legal or factual support, but quite clearly represents an attempt to perpetrate a fraud on the Court via intentionally disingenuous averments and legal theories of entitlement.

15. This Court has the authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). This Court should exercise those inherent powers in granting an "assessment of attorney's fees," instructing the Debtor, who has acted in bad faith, to reimburse legal fees and costs incurred by Counsel Financial. *Id.*, at 45.Counsel Financial, therefore, respectfully requests that this Court not only

grant Counsel Financial's objection to the Debtor's claim of a homestead exemption, but also award sanctions in the form of legal fees incurred in making and prosecuting this objection.

Dated: New York, New York
October 22, 2019

                          DAVIDOFF HUTCHER & CITRON LLP

                          By: /s/ David H. Wander
                              David H. Wander
                          605 Third Avenue
                          New York, New York 10158
                          (212) 557-7200
                          dhw@dhclegal.com
                          *Attorneys for Counsel Financial II LLC, LIG Capital LLC and Counsel Financial Holdings LLC*