**HEARING DATE AND TIME: November 26, 2019 at 2:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE DATE AND TIME: November 19, 2019 at 5:00 p.m. (Eastern Time)**

TORYS LLP
1114 Avenue of the Americas
23rd Floor
New York, NY 10036
Telephone: (212) 880-6000
Facsimile: (212) 682-0200
Christopher M. Caparelli

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
:
*In re*                                                      :
                                                            :        Chapter 11
Jeffrey Lew Liddle,                                         :
                                                            :        Case No. 19-10747 (SHL)
                          Debtor.                            :
                                                            :
-----------------------------------------------------------X

## NOTICE OF HEARING ON FINAL APPLICATION OF TORYS LLP, AS COUNSEL TO DEBTOR, FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2019 THROUGH APRIL 26, 2019

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), located at the Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004-1408, on **November 26, 2019 at 2:00 p.m.,** or as soon thereafter as counsel can be heard (the "Hearing"), to consider the application listed below for allowance of final compensation and reimbursement of expenses (the "Application"). The Application will be on file with the Clerk of the Bankruptcy Court and may be examined prior to the Hearing during normal business hours.

1

| APPLICANT: | TORYS LLP<br>(COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION) |
|---|---|
| **TYPE OF APPLICATION:** | FINAL FEE APPLICATION |
| **FEE PERIOD:** | APRIL 1, 2019 THROUGH AND INCLUDING APRIL 26, 2019 |
| **FEES REQUESTED:** | $135,783.60 |
| **EXPENSES REQUESTED:** | $1,282.81 |

**PLEASE TAKE FURTHER NOTICE** that you do not need to appear at the Hearing if you do not object to the relief requested in the Application.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Application must be made in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) the Chambers of the Honorable Sean H. Lane ("Chambers"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (c) the Debtor, c/o Foley Hoag, LLP, (Attn: Alison Bauer and William F. Gray, Jr.); (d) the attorneys for the Debtor, Torys LLP, (Attn: Christopher M. Caparelli); (e) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Andrea Schwartz, Esq.); (f) the parties listed in the list of twenty (20) largest unsecured creditors filed by the Debtor in the Chapter 11 Case; (g)

28258557.2

all parties that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002; (h) the Internal Revenue Service; and, (i) any other party entitled to notice pursuant to Local Rule 9013-1(b) so as to be received no later than **November 19, 2019 at 5:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by the Objection Deadline, the relief may be granted as requested in the Application.

Dated: November 8, 2019
      New York, New York

TORYS LLP

*/s/ Christopher M. Caparelli*
Christopher M. Caparelli
1114 Avenue of the Americas, 23rd Floor
New York, New York  10036
Telephone:  (212) 880-6000
Facsimile:  (212) 682-0200
ccaparelli@torys.com

*Counsel for the*
*Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------X
                                                      :
In re                                                 :
                                                      :    Chapter 11
                                                      :
Jeffrey Lew Liddle,                                   :
                                                      :    Case No. 19-10747 (SHL)
                        Debtor.                        :
                                                      :
------------------------------------------------------X
```

**SUMMARY SHEET
FINAL APPLICATION OF TORYS LLP, AS COUNSEL TO DEBTOR,
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD APRIL 1, 2019 THROUGH APRIL 26, 2019**

| | |
|---|---|
| Name of Applicant: | TORYS LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Effective Date of Retention: | April 1, 2019 |
| Period for which compensation and reimbursement is sought: | April 1, 2019 through April 26, 2019<br><br>and subsequent time for application preparation |
| Total amount of compensation requested for this fee period: | $135,783.60 |
| Amount of compensation already paid pursuant to monthly compensation order, but not yet allowed: | $0.00 |
| Total amount of expense reimbursement requested for this fee period: | $1,282.81 |
| Amount of expense reimbursement already paid pursuant to monthly compensation order, but not yet allowed: | $0.00 |

**This is a final application**

4

In accordance with the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated September 4, 2019 [ECF No. 166] (the "Interim Compensation Order"), and the Order Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 Authorizing the Retention and Employment of Torys LLP as Attorneys for the Debtor *nunc pro tunc* to April 1, 2019 [ECF No. 137] (the "Employment Retention Order"), Torys LLP hereby submits its Final Fee Application (the "Application") for the period April 1, 2019 through and including April 26, 2019 (the "Compensation Period").[1]

Torys seeks approval for the following fee applications for the Application Period:

| Fee Application | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Amount of Fees Requested / Allowed (100%) | Amount of Expenses Requested / Allowed (100%) | Amount of Holdback Fees Sought |
|---|---|---|---|---|---|---|
| FINAL FEE APPLICATION | $137,066.41 | $135,783.60 | $1,282.81 | $135,783.60 | $1,282.81 | $0 |
| **TOTAL** | $137,066.41 | $135,783.60 | $1,282.81 | $135,783.60 | $1,282.81 | $0 |

In accordance with the Interim Compensation Order, Torys seeks approval of the full amount of the fees and expenses requested in the above-referenced fee application and payment by the Debtor of the amount requested in such fee application in full.

On September 4, 2019, the Court entered the Interim Compensation Order, which establishes the procedure for which retained professionals approved by the court submit expenses and costs in connection with performing services on behalf of the debtor in connection with the instant case.

WHEREFORE, Torys respectfully requests that the Court enter the order attached hereto as **Exhibit A** and grant Torys such other and further relief as is just and proper.

---

[1] **Exhibit B** to the fee application contains detailed listings of Torys' requested fees and expenses for the Compensation Period.

Dated: November 8, 2019

      New York, New York

TORYS LLP

_/s/ Christopher M. Caparelli_
Christopher M. Caparelli
1114 Avenue of the Americas, 23rd Floor
New York, New York  10036
Telephone:  (212) 880-6000
Facsimile:  (212) 682-0200
ccaparelli@torys.com

_Counsel for the_
_Debtor and Debtor-in-Possession_

28258557.2

## CUMULATIVE COMPENSATION SUMMARY BY PROFESSIONAL

In re: Jeffrey Lew Liddle
(Case No. 19-10747 (SHL))

April 1, 2019 through April 26, 2019

| Name of Professional Person | Position of the Applicant and Area of Expertise, Year of Call, and Approximate Number of Years in Current Position | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Alison D. Bauer | Partner/Bankruptcy (called to the bar in 1995) | $752.00 | 62.7 | $47,150.40 |
| William F. Gray, Jr. | Partner/Bankruptcy (called to the bar in 1981) | $804.00 | 21.6 | $17,366.40 |
| Christopher M. Caparelli | Counsel/Litigation (called to the bar in 2000; 11 years in current position) | $672.00 | 33.9 | $21,302.40 |
| Jaclyn J. Leader | Senior Associate/Litigation (called to the bar in 2007) | $620.00 | 35.2 | $21,824.00 |
| Rachel Goodwin | Associate (called to the bar in 2015) | $492.00 | 10.1 | $4,969.20 |
| Charles F. O'Toole | Associate (called to the bar in 2017) | $384.00 | 8.6 | $3,302.40 |
| Jennifer Fong | Paralegal | $236.00 | 53.7 | $12,673.20 |
| **Total** | | | **223.6** | **$128,588.00** |

April 27, 2019 through October 31, 2019

| Name of Professional Person | Position of the Applicant and Area of Expertise, Year of Call, and Approximate Number of Years in Current Position | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Christopher M. Caparelli | Counsel/Litigation (called to the bar in 2000; 11 years in current position) | $672.00 | 4.0 | $2,688.00 |
| Jennifer Fong | Paralegal | $236.00 | 19.1 | $4,507.60 |
| **Total** | | | **23.1** | **$7,195.60** |

28258557.2

| GRAND TOTAL: | $ | 135,783.60 |
|---|---|---|

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CUMULATIVE COMPENSATION BY PROJECT CATEGORY

In re: Jeffrey Lew Liddle
(Case No. 19-10747 (SHL))

April 1, 2019 through April 26, 2019

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 101 | $42,154.80 |
| Financing and Cash Collateral | 117 | $76,535.20 |
| Meetings and Communications with Creditors | 0.7 | $434.00 |
| Asset Disposition | 2.7 | $1,674.00 |
| Employment and Fee Applications | 11.1 | $4,371.20 |
| Asset Analysis and Recovery | 4.1 | $1,641.60 |
| Litigation: Contested Matters and Adversary Proceedings | 4.2 | $1,455.60 |
| Non-Working Travel | 0.2 | $0.00 |
| Relief from Stay and Adequate Protection | 0.4 | $321.60 |
| **Total** | **241.4** | **$128,588.00** |

April 27, 2019 through October 31, 2019

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Employment and Fee Applications | 23.1 | $7,195.60 |
| **Total** | **23.1** | **$7,195.60** |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CUMULATIVE EXPENSE SUMMARY

In re: Jeffrey Lew Liddle
(Case No. 19-10747 (SHL))

April 1, 2019 through April 26, 2019

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Courier | Federal Express | $1,282.81 |
| **Grand Total Expenses** | | **$1,282.81** |

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

28258557.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
                                                       :
*In re*                                                :
                                                       :        Chapter 11
                                                       :
Jeffrey Lew Liddle,                                    :
                                                       :        Case No. 19-10747 (SHL)
                           Debtor.                     :
                                                       :
-------------------------------------------------------X

**FINAL FEE APPLICATION OF TORYS LLP, AS COUNSEL TO DEBTOR,**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD APRIL 1, 2019 THROUGH APRIL 26, 2019**

**TO THE HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

Torys LLP ("Torys"), as counsel to Jeffrey Lew Liddle, debtor and debtor-in-possession, submits this Final Fee Application (the "Application"), for allowance of professional compensation and reimbursement of expenses incurred, pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases pursuant to General Order M-447 (Jan. 29, 2013) (the "Local Guidelines"), and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expense Filed under 11 U.S.C. §330, dated June 4, 2004, as amended on November 25, 2009 (the "UST Guidelines," and, together with the Local Guidelines, the "Fee Guidelines"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [ECF No. 166], dated

September 4, 2019 (the "Interim Compensation Order"), in connection with Torys'
representation of the Debtor in the above-captioned chapter 11 case during the period April 1,
2019 through and including April 26, 2019 (the "Compensation Period"). A proposed order is
attached hereto as **Exhibit A**.

In support of the Fee Application, Torys respectfully represents as follows:

## BACKGROUND

1.       On March 11, 2019, the Debtor, acting *pro se*, filed a voluntary petition for relief
under chapter 11 of Title 11 of the Bankruptcy Code, initiating the instant Chapter 11 Case. The
Debtor continues to operate his business and manage his property as debtor-in-possession
pursuant to 11 U.S.C. §§ 1107(a) and 1109. No creditors' committee has been appointed.

2.       On July 23, 2019, the Court approved, effective as of April 1, 2019, the retention
of Torys as counsel to the Debtor [ECF No. 137] (the "Employment Retention Order").

3.       Effective April 27, 2019, the Debtor terminated its retention of Torys upon the
resignation of William Gray and Alison Bauer, the two partners responsible for the engagement
and their move to Foley Hoag LLP, which was retained to represent the Debtor on a going-
forward basis.

## JURISDICTION AND VENUE

4.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C.§§ 157 and
1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court
pursuant to 28 U.S.C.§§ 1408 and 1409.

## RELIEF REQUESTED

5.       By this Application, Torys seeks an Order pursuant to sections 330 and 331 of the
Bankruptcy Code, awarding Torys, on a final basis, compensation for professional services

rendered as Debtor's counsel in the amount of $135,783.60 and reimbursement of customary and necessary out-of-pocket expenses in the amount of $1,282,81, for a total award of $137,066.41.

6.      The fee application submitted by Torys incorporates the twenty percent (20%) reduction in hourly fees, as provided for in the Declaration and Disclosure Statement of William F. Gray, Jr. on Behalf of Torys LLP pursuant to 11 U.S.C. §§ 327, 329, and 504 and Fed. R. Bankr. P. 20214(a) and 2016 [ECF No. 63].

7.      A summary of the total amount of time spent by each Torys attorney and paraprofessional for this case, and expenses incurred during the Compensation Period as well as subsequent time spent on preparing the final fee application is attached hereto and incorporated herein as **Exhibit B**.

8.      Torys' contemporaneous time records and expense records for the Compensation Period, from which the summaries described below were prepared, are referenced in the Employment Retention Order attached hereto as **Exhibit C**.

### SUMMARY OF SERVICES PERFORMED BY TORYS DURING THE COMPENSATION PERIOD

8.      Torys performed significant legal services on behalf of the Debtor as further detailed below. This summary is intended only to highlight the services that Torys rendered to the Debtor and is not meant to provide a detailed description of all such services.

9.      A description of the Debtor's pre-petition businesses is set forth in the Affidavit of Jeffrey Lew Liddle Under Bankruptcy Rule 1007-2 [ECF No. 1].

10.      Since the Petition Date, the Debtor has operated as debtor-in-possession pursuant to the Bankruptcy Code. The Debtor has successfully continued to keep his business surviving, Liddle & Robinson, LLP, and preserved its assets, pursuant to the Bankruptcy Code and under the supervision of this Court, and is taking steps to restructure his finances.

11.     From early on post-petition, during the month of April 2019, Torys assisted the Debtor in operating as a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code. This required Torys to negotiate and obtain approval of various operational and procedural orders to ensure the Debtor's ability to continue operations of his business, investigate a sale of any assets, and conduct the case efficiently within the confines of chapter 11.

12.     Torys, on behalf of the Debtor, prepared and filed motions seeking authorization from the Court for the Debtor to use cash collateral, and granting related relief to facilitate the Debtor's ability to use cash collateral on terms acceptable to the U.S. Trustee. On April 2, 2019, Torys, on behalf of the Debtor, filed a letter motion for an order to use cash collateral to pay employee wages [ECF No. 35]. Torys, on behalf of the debtor, also prepared and filed Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral, (II) Scheduling a Final Hearing and (III) Granting Related Relief [ECF No. 37]. Significant legal resources were expended in a heavily-contested cash collateral dispute with Counsel Financial, which claimed a security interest in the Debtor's, and the Debtor's wife, principal liquid assets. In no small measure due to the work done by lawyers at Torys LLP, the Court ultimately invalidated Counsel Financial's claim of a lien. See Order Denying Counsel Financial II LLC's Claim Of A Perfected Security Interest In And Lien On Certain Cash Collateral And Granting Related Relief [ECF No. 185].

13.     Torys also prepared and filed on behalf of the Debtor a Motion Pursuant to 11 U.S.C. § 105 to Extend the Automatic Stay Under U.S.C. § 362 to Liddle & Robinson LLP and for Related Relief [ECF No. 35], extending the automatic stay to the Debtor's business while he contemplates filing a second chapter 11 case for his business.

14.    Debtor had begun compiling the information required to complete his Schedules and Statements, but because of the complexity of the Debtor's records and business operations, coupled with the limited time and resources available, the Debtor could not finish gathering such information without an extension, and timely filed a motion seeking additional time to compile and complete his schedules and statement of financial affairs [ECF No. 15]. The Court granted Debtor's motion on April 5, 2019 [ECF No. 30]. Thus, Torys assisted the Debtor in compiling and documenting the information required to complete and file the Debtor's Schedules and Statements with this Court [ECF No. 56 & 57].

15.    On April 26, 2019, Torys filed an Application of Debtor Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for Authority to Retain and Employ Torys LLP as Attorneys for the Debtor *Nunc Pro Tunc* to April 1, 2019 (the "Retention Application") [ECF No. 63]. Effective April 27, 2019, Torys discontinued representation of the Debtor.

16.    On May 31, 2019, Foley Hoag LLP filed an Application of Debtor Pursuant to 11 U.S.C. § 327(a) Fed. R. Bankr. P. 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 for Authority to Retain and Employ Foley Hoag LLP as Attorneys for the Debtor *Nunc Pro Tunc* to April 27, 2019, stating the Debtor "has selected Foley Hoag as his attorneys because the continued representation by the attorneys engaged in this case from Torys is most efficient and in the best interest of the Debtor and his estate." [ECF No. 91, pg. 3].

17.    On July 12, 2019, Foley Hoag LLP, on behalf of the Debtor, amended the Retention Application [ECF No. 126]. Thereafter, on July 23, 2019, the Court approved the retention of Torys [ECF No. 137].

## REQUEST FOR FINAL COMPENSATION

18.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

19.     Torys respectfully submits that the professional services rendered for and on behalf of the Debtor were necessary and reasonable, and serve to preserve and maximize value

for the benefit of the Debtor's estate. The compensation requested herein is extremely reasonable in light of the nature, extent, and value of the services rendered to the Debtor.

20.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The fees sought by Torys in this Application are commensurate with fees awarded to Torys in other cases and the fees charged by comparable law firms. *See In re First Colonial Corporation of America*, 544 F.2d 1291 (5th Cir. 1977), *reh'g denied*, 547 F.2d 573, *cert. denied*, 431 U.S. 904 (1977).

21.     Further, Torys assigned the work performed in this case to attorneys and paraprofessionals having the experience and specialization to perform the services required efficiently and properly. The attorneys and paraprofessionals providing the services for which compensation is sought, specialize in the fields of debtor and creditor rights, bankruptcy and litigation. Moreover, Torys, as a general practice, seeks to use the services of paraprofessionals and legal assistants supervised by attorneys whenever appropriate to limit costs and more efficiently utilize the services of attorneys. Torys has followed this practice with respect to the services rendered to the Debtor. Finally, in rendering services to and on behalf of the Debtor, Torys took every care to provide the legal services as efficiently as possible and to avoid unnecessary expenses or duplication of services.

22.     In sum, the services rendered by Torys were necessary and beneficial to the Debtor and his estate and were performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## ACTUAL AND NECESSARY EXPENSES INCURRED

23.     As set forth in **Exhibit B** hereto, in providing professional services during the Compensation Period, Torys has incurred costs and expenses in the amount of $137,066.41. These expenses are reasonable and necessary and were essential to the overall administration of Torys's representation as counsel to the Debtor in this Case.

## CUSTOMARY AND COMPARABLE COMPENSATION

24.     Pursuant to the Fee Guidelines, Torys hereby represents that it has not increased any professional fee rates during the pendency of these Cases.

25.     The blended hourly rate for Torys' timekeepers on this Application is $565.

26.     The blended hourly rate for Torys' U.S. timekeepers firm-wide is $679.

27.     Further, pursuant to the Fee Guidelines, Torys discloses the following blended hourly rates by category of timekeeper:

| Title | Year-to-Date |
|---|---|
| Paralegal | $236 - $295 |
| Associate | $384 - $775 |
| Counsel | $672 - $840 |
| Partner | $752 - $1005 |

## COMPLIANCE WITH THE FEE GUIDELINES

28.     As set forth in the Certification of Christopher M. Caparelli, annexed hereto as **Exhibit D**, Torys believes that this Application is in compliance with the Fee Guidelines.

29.     No prior request has been made to this or any other Court for the relief requested herein for the Compensation Period, nor has any payment been received by Torys on account

of the legal services rendered in connection therewith, except as set forth herein. In addition, none of the requested fees and expenses are to be shared by Torys with any other party, nor are these or any other fees and expenses subject to a sharing agreement between Torys and any third party.

## **NOTICE**

30.     Notice of this Application has been provided to the Notice Parties, in accordance with the Interim Compensation Order. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## **NO PRIOR REQUEST**

31.     Torys has not previously sought the relief requested herein from this or any other court.

**WHEREFORE**, Torys respectfully requests that this Court enter an order:

(i)     Approving the allowance, on a final basis, of compensation for professional services rendered to the Debtor during the Compensation Period, including time for preparation of the within fee application, in the amount of $135,783.60, which represents one hundred percent (100%) of the total compensation for professional services rendered during the Compensation Period;

(ii)     Approving the allowance, on a final basis, of the actual and necessary expenses incurred in the amount of $1,282.81 for the Compensation Period; and

(iii)    Granting such other and further relief as this Court deems just and proper.

Dated: November 8, 2019

TORYS LLP

*/s/ Christopher M. Caparelli*
Christopher M. Caparelli
1114 Avenue of the Americas, 23rd Floor
New York, New York  10036
Telephone:  (212) 880-6000
Facsimile:  (212) 682-0200
ccaparelli@torys.com

*Counsel for the*
*Debtor and Debtor-in-Possession*

**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                                                           :
*In re*                                                    :
                                                           :      Chapter 11
Jeffrey Lew Liddle,                                        :
                                                           :      Case No. 19-10747 (SHL)
                                      Debtor.              :
                                                           :
-----------------------------------------------------------X

**ORDER GRANTING FINAL FEE APPLICATION OF TORYS LLP,**
**AS COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION,**
**FOR THE PERIOD APRIL 1, 2019 THROUGH APRIL 26, 2019**

Upon consideration of the Final Application (the "Request") of Torys LLP ("Torys"), as Counsel for the above captioned debtor and debtor-in-possession, for the period from April 1, 2019 through and including April 26, 2019, and upon consideration of the fee application subject to the Request (the "Fee Application"); the Court having reviewed the Request and the Fee Application; and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and determining that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1.    The Request is GRANTED.

2.    Torys is allowed compensation and reimbursement of expenses for the period and in the amounts set forth in its Request.

28258557.2

3.      The Debtor is authorized and directed to disburse to Torys payment in the amount of the difference between (a) 100% of the total fees and expenses set forth in the Fee Application and (b) the actual interim payments received by Torys for fees and expenses under the Fee Application, as set forth in the Request.

4.      The Debtor are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

5.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

6.      This Order shall be effective immediately upon entry.

Dated: _____, 2019

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT D**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
                         :

*In re*                        :

                        :       Chapter 11

Jeffrey Lew Liddle,        :

                        :       Case No. 19-10747 (SHL)

                Debtor.    :

---------------------------------------------------------X

**CERTIFICATION OF CHRISTOPHER M. CAPARELLI PURSUANT
TO FEE GUIDELINES FOR FEES AND DISBURSEMENTS IN
SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES**

     I, Christopher M. Caparelli, certify, as follows:

     1.      I am an attorney duly admitted to practice law in the State of New York. I am of counsel to the law firm of Torys LLP ("Torys"). I submit this certification with respect to the Final Fee Application of Torys LLP, As Counsel to Debtor, for Services Rendered and Reimbursement of Expenses Incurred for the Period April 1, 2019 through April 26, 2019 (the "Application").

     2.      I make this certification in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* pursuant to General Order M-447 (Jan. 29, 2013) (the "Local Guidelines"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, dated June 4, 2004, as amended on November 25, 2009* (the "UST Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [ECF No. 166] (the "Interim Compensation Order," and together with the Local Guidelines, and UST Guidelines, the "Fee Guidelines").

3.      In connection therewith, I hereby certify that:

(a)      I have read the Application and, to the best of my knowledge, information and belief, formed after reasonable inquiry, the Application complies with the Fee Guidelines;

(b)      To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Fee Guidelines;

(c)      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Torys and generally accepted by Torys' clients; and

(d)      To the best of my knowledge, information and belief, formed after reasonable inquiry, and in providing reimbursable services: Torys does not make a profit on those services; in charging for a particular service, Torys does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; in seeking reimbursement for services which Torys justifiably purchased or contracted from a third party, Torys seeks reimbursement only for the amount paid by Torys to such vendors.

5.      Pursuant to section B(3) of the Local Guidelines, I certify that the Debtor has been provided with a copy of the Request at least fourteen (14) days before the date set by the Court for the hearing on the Request.

Dated: November 8, 2019

/s/ Christopher M. Caparelli
Christopher M. Caparelli