DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq.
Alexander R. Tiktin, Esq.
dhw@dhclegal.com
art@dhclegal.com
*Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| JEFFREY LEW LIDDLE, | Case No. 19-10747 -shl |
| Debtor. | |

-------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY STATEMENT OF FOLEY HOAG LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM APRIL 27, 2019 THROUGH AUGUST 31, 2019 [DOC 222, 223, 224, 225]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CF2"), LIG Capital LLC, and Counsel Financial Holdings LLC (collectively "Counsel Financial"), by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection[1] to the Notices of Monthly Statement of Foley Hoag LLP For Compensation For Services Rendered and Reimbursement of Expenses Incurred As Counsel to the Debtor and Debtor In Possession For the Period From April 27, 2019 Through August 31, 2019 [Doc 222, 223, 224, 225] and represents and states:

---
[1] Pursuant to Federal Rule of Bankruptcy Procedure 9006(a)(1)(C), the objection deadline of November 16, 2019 continues to run until the end of November 18, 2019.

671955v.3

1.   Payment of any fees to Debtor's counsel should await confirmation of a plan of reorganization or, at least, the filing of an interim fee application. Before any payment of fees is made, the Court should review the results in this case and make a determination regarding any benefit to the Debtor's creditors and this estate from the services provided by Debtor's counsel.

2.   Significantly, this estate has suffered huge losses estimated, to date, at more than $1,100,000, including the (i) Debtor's monthly expenses that exceed his income ($135,000), (ii) -petition mortgage arrears relating to the Debtor's mansion in the Hamptons ($120,000), and (iii) accrued professional fees through September, 2019 ($844,225).

3.   Any payment of professional fees should also await the outcome of the pending appeal by CF2 regarding its claim of a security interest in the proceeds of the pre-petition sale of the Debtor's cooperative apartment. Presumably, those proceeds would be the source of payment to Debtor's counsel. If the appeal is successful, the services rendered by Debtor's counsel would then be subject to a different standard of review, i.e. under § 506(c).[2]

---

[2] To recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee must show that expenditure 1) was incurred primarily for the benefit of the creditor and 2) that the creditor directly benefited from the expenditure. *In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009). While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including attorney's fees, to the extent these expenses directly benefited that secured creditor. *See General Elec. Credit Corp. v. Levin & Weintraub (In re Flagstaff Foodservice Corp.)*, 739 F.2d 73, 76 (2d Cir.1984). There is a point beyond which an expense cannot be said to benefit a creditor's lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr. S.D.N.Y. 2016).

671955v.3

4. Accordingly, Counsel Financial submits that no payments should be made at this time to Debtor's attorneys.

Dated: New York, New York
November 18, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
    David H. Wander
    Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com
*Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

3

671955v.3