Blaine H. Bortnick
c/o Rasco Klock Perez & Nieto, LLC
555 Fifth Avenue, 17th Floor
New York, NY 10017
Tel: (305) 476-7100
Fax: (305) 675-7944
*Creditor, pro se*

**Hearing Date and Time:**
December 19, 2019 at 11:00 a.m.

**Objection Deadline:**
December 12, 2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                  :       Chapter 11
                                                       :
LIDDLE & ROBINSON, L.L.P.,                             :       Case No. 19-10747 (SHL)
                                                       :
Debtor                                                 :       (Jointly Administered with Case No.
-------------------------------------------------------:       19-12346)

## MOTION BY BLAINE H. BORTNICK PURSUANT TO RULE 2004 AND SECTION 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER DIRECTING JEFFREY L. LIDDLE AND LIDDLE & ROBINSON, L.L.P. TO PRODUCE DOCUMENTS AND FOR RELATED RELIEF

Blaine H. Bortnick, a creditor in this action, respectfully submits this motion for an order substantially in the form of Exhibit A directing Debtors Jeffrey L. Liddle and Liddle & Robinson, L.L.P. to produce documents and for related relief. In support of this motion, Blaine Bortnick respectfully states as follows.

1.    I am a creditor of Debtor. I am also a former employee or partner (depending on the time frame) of Debtor's prior and dissolved incarnations.[1] I worked at the firm from July 1993 until June 2, 2017.

---

[1] As used herein, "Liddle & Robinson, L.L.P." refers to the Debtor. I never was a partner or employee of the Debtor. Liddle & Robinson, L.L.P. and its predecessors never had a written partnership agreement. Accordingly, whenever an equity partner lost such status, by operation of law the firm dissolved. *N.Y. Partnership Law § 60, 61.* The last entity called Liddle & Robinson, L.L.P. consisted of two equity partners – James Hubbard and Mr. Liddle. Prior partnerships are referred to herein as "L&R." The most recent L&R partnership and all prior ones dissolved long ago and have not existed for several years. The Debtor by operation of law is not a continuing business of any law firm in which I was an equity partner. *Id.*

1

2.      Since my departure from Liddle & Robinson on June 2, 2017, Mr. Liddle has been wrongfully interfering with my legal practice. Particular to this motion, over my protests to both him and his bankruptcy counsel, he has continued to maintain my Liddle & Robinson email account. He reads my emails (including those from prospective clients) and does not forward them to me. Although there may have been a legitimate purpose for keeping my email address alive for a short period after my departure, there is no legitimate purpose 2-1/4 years later.

3.      The practice continues to this day. I recently learned that on November 7, 2019, a potential client sent me an inquiry to my old Liddle & Robinson email address. As in the past, Mr. Liddle did not forward it to me. Although the potential client believed that I was ignoring the email, the potential client fortuitously followed up with a telephone call on November 15, 2019.

4.      As another example, on prior occasions, I have missed meetings of a New York State Bar Committee on which I serve because the notice of the meeting was mistakenly sent to my Liddle & Robinson, L.L.P. email address.

5.      Mr. Liddle's actions not only harm me and my reputation, but they also mislead the public and potential clients that I presently maintain an email address at Liddle & Robinson and work there. It also may constitute tortious interference.

6.      Accordingly, I respectfully request that Mr. Liddle and the firm be ordered to (1) immediately discontinue my Liddle & Robinson email address, such that any sender would receive a bounce back email that such email address does not exist at the liddlerobinson.com domain, and (2) produce (a) all emails sent/received from bbortnick@liddlerobinson.com from June 2, 2017 until such email address has been shut down, and (2) all communications, including but not limited to emails, with the sender of any email sent to bbortnick@liddlerobinson.com from June 2, 2017

until such email address has been shut down (including, but not limited to, any communication sent from bbortnick@liddlerobinson.com or another email address).

7.  I incorporate by reference the law cited by Debtor's counsel in Dkt. No. 51 concerning the authority of this Court to issue the requested order.

WHERFORE, I respectfully request that this Court enter an order substantially in the form of Exhibit A.

Dated: New York, New York
November 19, 2019

Blaine Bortnick
c/o Rasco Klock Perez & Nieto, LLC
555 Fifth Avenue, 17th Floor
New York, NY 10017
Tel: (305) 476-7100

*Creditor, pro se*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re                                                        : Chapter 11
                                                             :
LIDDLE & ROBINSON, L.L.P.,                                   : Case No. 19-12346 (SHL)
                                                             :
            Debtor                                           : (Jointly Administered with Case No. 19-
------------------------------------------------------------ x 10747)

**ORDER GRANTING MOTION PURSUANT TO § 1112(b) OF
THE BANKRUPTCY CODE, TO CONVERT THIS CHAPTER 11
<u>REORGANIZATIONTO A CHAPTER 7 LIQUIDATION</u>**

Upon the motion dated November 19, 2019 of Blaine H. Bortnick for an order, directing Debtors Jeffrey L. Liddle and Liddle & Robinson, L.L.P. to produce documents and for related relief; and it appearing that good and sufficient notice of the Motion has been given; and a hearing on the Motion having been held on December 19, 2019; and after considering all papers filed in connection with the Motion; and upon the record of the hearing; and after due deliberation; and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that Jeffrey L. Liddle and Liddle & Robinson, L.L.P. shall within 24 hours of the entry of this Order discontinue Blaine Bortnick's Liddle & Robinson email address (bbortnick@liddlerobinson.com), such that any sender will receive a bounce back email that such email address does not exist at the liddlerobinson.com domain; and it is further

**ORDERED**, that Jeffrey L. Liddle and Liddle & Robinson, L.L.P. shall within seven days of the entry of this Order produce (a) all emails sent/received from <u>bbortnick@liddlerobinson.com</u> from June 2, 2017 until such email address has been shut down, and (2) all communications, including but not limited to emails, with the sender of any email sent to

5

bbortnick@liddlerobinson.com from June 2, 2017 until such email address has been shut down (including, but not limited to, any communication sent from bbortnick@liddlerobinson.com or another email address).

Dated: New York, New York
      December __, 2019

                                                            _____

                                                            SEAN H. LANE
                                                            UNITED STATES BANKRUPTCY JUDGE