UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :   Chapter 11
In re                                                        :
                                                             :   Case No.  19-10747 (SHL)
JEFFREY LEW LIDDLE,                                          :
                                                             :   (Jointly Administered with. 19-12346)
             Debtor                                          :
------------------------------------------------------------ x

**ORDER GRANTING MOTION BY DEBTORS JEFFREY LEW LIDDLE AND LIDDLE
& ROBINSON, L.L.P., PURSUANT TO BANKRUPTCY RULE 2004 AND § 105(a) OF
THE BANKRUPTCY CODE, FOR AN ORDER DIRECTING (I) EXAMINATION OF
LIG CAPITAL LLC, AND (II) PRODUCTION OF DOCUMENTS BY
LIG CAPITAL LCC, ALONG WITH RELATED RELIEF**

Upon the motion (the "Motion")[1] of Jeffrey Lew Liddle and Liddle & Robinson, L.L.P., as debtors and debtors-in-possession (collectively, the "Debtors"), for an Order directing (I) examination of LIG Capital LLC, and (II) production of documents by LIG Capital LLC, along with related relief; LIG Capital LLC having filed an objection to the Motion; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted as set forth herein.

2. LIG Capital LLC shall be examined, under oath, by Debtors, pursuant to Bankruptcy Rule 2004, upon at least thirty (30) days prior written notice by Debtors to LIG Capital LLC, which shall be held at the office of Debtors' attorneys. Any creditor or creditors committee, if one is

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

formed, shall be entitled to attend, but not participate in, such examination, without the written consent of both Debtors and LIG Capital LLC or further order of this Court.

3. LIG Capital LLC shall produce the documents listed on Exhibit "A" to this Order, by delivering such documents to Debtors' attorneys, on or before January 6, 2020.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: November 25, 2019
      New York, New York

*/s/ Sean H. Lane*

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**
**Document Request For Rule 2004 Examination Of LIG Capital LLC By Debtors**

19-10747-shl    Doc 245    Filed 11/25/19    Entered 11/25/19 16:57:15    Main Document
Pg 3 of 4

# DOCUMENT REQUEST FOR RULE 2004 EXAMINATION OF LIG CAPITAL LLC BY DEBTORS

1. Any and all loan statements, invoices, notices and correspondence allegedly sent by LIG Capital LLC, including when operating under any other trade name such as Counsel Financial, ("LIG") to the Debtors.

2. LIG's loan file for the Debtors.

3. All documents and communications concerning the Debtors' cases, including without limitation documents and communications concerning any case list provided by the Debtors to LIG or any of its affiliates, including any such communications with YieldStreet Inc., Craig Bolton, John Pierce, Pierce Bainbridge Beck Price & Hecht LLP ("Pierce Bainbridge"), any loan broker representing Pierce Bainbridge, Glen Phillips, Milberg LLP, or anyone affiliated with Milberg LLP.

4. All agreements concerning any of the Debtors' cases that LIG contends were collateral for its loan, including all agreements concerning an assignment or pledge of any of LIG's purported rights in the cases.

5. All agreements entered into by LIG concerning the handling of any of the Debtors' cases by anyone other than a current partner of Liddle & Robinson.

6. All non-disclosure agreements with any third party concerning any of the Debtors' case lists.

7. All documents concerning the present calculation of any loan balance allegedly owed to LIG by the Debtors, including a breakdown of principal and interest, and a record of any payments by the Debtors and how such payments were credited by LIG or any of its affiliated entities.

8. All communications with Blaine Bortnick or any of his representatives regarding (i) the use of client fees of current or former L&R clients to pay off the balance of the Counsel Financial loans; (ii) efforts to divert, transfer or otherwise move cases from L&R; or (iii) the resolution of the cases of current or former L&R clients on or after June 2, 2017.

9. All documents and communications concerning the allocation of payments from the Debtors between itself, CF II, CF Holdings or YieldStreet Inc.