DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
David H. Wander, Esq. (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)

*Attorneys for Counsel Financial II LLC, LIG
Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                  Chapter 11

JEFFREY LEW LIDDLE,                                      Case No. 19-10747 (SHL)

                              Debtor.
--------------------------------------------------------X

**OBJECTION BY COUNSEL FINANCIAL II LLC, LIG CAPITAL LLC, AND
COUNSEL FINANCIAL HOLDINGS LLC TO NOTICES OF MONTHLY
STATEMENT OF EISNERAMPER LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS ACCOUNTANTS TO THE DEBTOR AND DEBTOR IN
POSSESSION FOR THE PERIOD FROM OCTOBER 1, 2019 THROUGH
OCTOBER 31, 2019 [DOC. 239]**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      Counsel Financial II LLC ("CF2"), LIG Capital LLC, and Counsel Financial Holdings LLC (collectively "Counsel Financial"), by their attorneys, Davidoff Hutcher & Citron LLP, submit the following objection to the Notices of Monthly Statement of EisnerAmper LLP For Compensation For Services Rendered and Reimbursement of Expenses Incurred As Accountants to the Debtor and Debtor In Possession For the Period From October 1, 2019 Through October 31, 2019 [Doc. 239] and represents and states:

      1.     Payment of any fees to Debtor's counsel should await confirmation of a plan of reorganization or, at least, the filing of an interim fee application. Before any payment of fees is

672079v.1

made, the Court should review the results in this case and make a determination regarding any benefit to the Debtor's creditors and this estate from the services provided by Debtor's counsel.

2. Significantly, this estate has suffered huge losses estimated, to date, at more than One Million Dollars including expenses in excess of the Debtor's income (approximately $150,000 through October) and professional fees (in excess of $850,000 through November).

3. The Debtor's monthly operating reports, prepared by EisnerAmper, mask these huge, ongoing losses because the income and expenses of the Debtor's law firm have been comingled into the Debtor's DIP account. It is impossible to review the Debtor's bank records and know what expenses are personal or for the law firm. The Debtor's accountants should have separated Liddle's and the law firm's income and expenses.

4. Additionally, the Debtor's accountants have recorded $2.2 million in <u>pre-petition</u> sale proceeds as "cash receipts" and approximately $1.1 million in transfers to the Debtor's spouse have been recorded as "expenses," thereby manufacturing $1.1 million in phantom income. The sale proceeds should have been separately classified as pre-petition income and designated as such within post-petition monthly operating reports.

5. Any payment of professional fees should also await the outcome of the pending appeal by CF2 regarding its claim of a security interest in the proceeds of the pre-petition sale of the Debtor's cooperative apartment. Presumably, those proceeds would be the source of payment to Debtor's accountants. If the appeal is successful, the services rendered by Debtor's accountants would then be subject to a different standard of review, i.e. under § 506(c).[1]

---

[1] To recover expenses of preserving or disposing of collateral from secured creditor under Bankruptcy Code, the trustee must show that expenditure 1) was incurred primarily for the benefit of the creditor and 2) that the creditor directly benefited from the expenditure. *In re Kohl*, 421 B.R. 115 (Bankr. S.D.N.Y. 2009). While a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, under § 506(c), absent an agreement to the contrary, a secured creditor's collateral may only be charged for administrative expenses, including attorney's fees, to the extent these expenses directly benefited that secured creditor. *See General*

6.    Accordingly, Counsel Financial submits that no payments should be made at this time to Debtor's accountants.

Dated: New York, New York
December 3, 2019

DAVIDOFF HUTCHER & CITRON LLP

By: /s/ David H. Wander
David H. Wander
Alexander R. Tiktin
605 Third Avenue
New York, New York 10158
(212) 557-7200
dhw@dhclegal.com
art@dhclegal.com

*Attorneys for Counsel Financial II LLC, LIG Capital LLC, and Counsel Financial Holdings LLC*

---

*Elec. Credit Corp. v. Levin & Weintraub* (*In re Flagstaff Foodservice Corp.*), 739 F.2d 73, 76 (2d Cir.1984). There is a point beyond which an expense cannot be said to benefit a creditor's lien, for purposes of charging the creditor's collateral: namely, where, given the amount of the expense in relation to the value of the creditor's interest in the collateral, a reasonable creditor would not incur it. *In re Menorah Congregation & Religious Ctr.*, 554 B.R. 675 (Bankr. S.D.N.Y. 2016).