WILLIAM K. HARRINGTON                  **Hearing Date and Time:**
UNITED STATES TRUSTEE, REGION 2        **December 19, 2019, at 11:00 a.m.**
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
Tel. (212) 510-0500
By:   Andrea B. Schwartz, Esq.
        Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
In re                                                :          Chapter 11
                                                    :
LIDDLE AND ROBINSON, L.L.P., *et al.,*       :          Case No. 19-12346 (SHL)
                                                    :          (Jointly Administered)
                                     Debtors.    :
------------------------------------------------------------ X

**UNITED STATES TRUSTEE'S MOTION:
(I) PURSUANT TO 11 U.S.C. § 1112, FOR CONVERSION OF
THE CORPORATE CASE TO A CASE UNDER CHAPTER 7,
OR IN THE ALTERNATIVE, (II) PURSUANT TO 11 U.S.C. § 1104, FOR
<u>APPOINTMENT OF A CHAPTER 11 TRUSTEE</u>**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      William K. Harrington, the United States Trustee for Region 2, respectfully submits this motion: (1) pursuant to 11 U.S.C. § 1112, for conversion of the Chapter 11 case of Liddle & Robinson L.L.P. ("L&R") to a case under Chapter 7 of the Code, or in the alternative, pursuant to 11 U.S.C. § 1104, for appointment of a Chapter 11 trustee in the L&R case. In support hereof, the U.S. Trustee respectfully states:

**INTRODUCTION**

Cause exists to convert the L&R case to a case under Chapter 7. There is no dispute that Jeffrey Liddle has been L&R's sole remaining partner since in or about January 2019. There also is no question that the L&R case was filed with the intent to operate the firm, generate new business and develop a plan to pay creditors. The history of Liddle's and L&R's financial issues has been before the Court since March 2019, and the impending bankruptcy of L&R was known well before the filing. The problem, however, is that L&R's filing under Chapter 11 (as opposed to under Chapter 7) and its plan to reorganize is contrary to New York law and the law of this Circuit. In *In re CT-C 9th Ave. Corp.,* the Second Circuit held that a dissolved partnership, which may only continue to wind up its affairs, may do so in Chapter 11 so long as liquidation is the debtor's intent at the time it files for bankruptcy. By entering Chapter 11 for the purpose of continuing operations, is arguably improper and legally impossible. Accordingly, cause exists to convert the L&R case to a case under Chapter 7.

Should the Court determine that liquidation of L&R in its present posture might be in the best interests of creditors given that the case has been in Chapter 11 for four months and there is arguably precedent for a similar approach, *see In re Shea and Gould,* then the Court should do so only in conjunction with the appointment of a Chapter 11 trustee to administer L&R's liquidation. As the Court is aware, L&R has been unable to accomplish forward movement in its case whether it be because its initial plan to continue operations was improper or because it has been engaged in non-stop litigation with its creditors. Moreover, it was not until a few days ago that L&R "batch filed" the four monthly operating reports, which individually and collectively present a variety of questions regarding the L&R bankruptcy, are incomplete because several do not include copies of the attendant bank statements and contain numerous unauthorized

redactions. An independent fiduciary will improve the creditors' confidence in the administration of L&R's assets and ensure that L&R discharges its duties timely and appropriately. For these reasons, the U.S. Trustee respectfully requests that as an alternative to conversion, the Court appoint a Chapter 11 trustee in the L&R case.

## Jurisdiction, Venue and Statutory Predicate

The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for this motion is 11 U.S.C. §§ 1112 and 1104. This matter is initiated pursuant to Fed. R. Bankr. P. 1017 and 2007.1.

## Facts

1. On July 22, 2019 (the "Petition Date"), L&R commenced this case by filing a voluntary petition under Chapter 11. ECF No. 1.

2. According to Jeffrey L. Liddle ("Liddle"),[1] Managing Partner, L&R is a law firm operating as a limited liability partnership under the laws of the State of New York. Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2, sworn to on July 19, 2019 [hereinafter "Liddle Affidavit"], at ¶ 2. ECF No. 2.

3. Liddle is the sole remaining partner of L&R. Liddle Aff. at ¶ 4. *See also* Partnership Ownership Statement, dated July 22, 2019. ECF No. 11. All of the other partners have withdrawn, the last being on or about January 14, 2019. Liddle Aff. at ¶ 4. As of the Petition Date, Liddle has operated L&R "effectively as a sole proprietorship," employing two associates and one individual in an administrative role. *Id.*

---

[1] Liddle, himself, is a debtor in the related Chapter 11 case styled, *In re Liddle*, Case No. 19-10747 (SHL) (the "Individual Case"), that Liddle commenced on March 11, 2019.

4. Liddle represents that he intends to continue to operate L&R's business as a debtor-in-possession under Chapter 11. *Id.* at ¶ 6. He asserts that L&R continues to generate new business and the level of its existing business remains strong. *Id.* Liddle states that he intends to "continue a robust practice at [L&R] and develop a consensual plan for payment of all legitimate creditors." *Id.*

5. Upon information and belief, Liddle has continued to operate L&R during its Chapter 11 case.

6. On August 2, 2019, the Court directed that L&R's case and the Individual Case be administered jointly solely for procedural purposes. ECF No. 33. On September 12, 2019, the Court amended this order. ECF No. 67.

7. On September 10, 2019, L&R filed its schedules and statement of financial affairs. ECF Nos. 60 and 61.

8. Since its filing, little has occurred in Chapter 11 other than the filing of various administrative motions, retention and fee applications, and some discovery, to which L&R's secured lenders, Counsel Financial II, LLC, LIG Capital, LLC and Counsel Financial Holdings LLC (collectively, "Counsel Financial") and others, have objected. *See generally,* Court Docket.

9. On December 3, 2019, L&R "batch-filed" all of the monthly operating reports that have been due monthly since commencement of the L&R case in July 2019. ECF Nos. 145-148. At least two of the MORs do not attach bank statements and the statements attached, contain numerous unauthorized redactions.

**Basis for Relief**

A.  **Governing Law**

  1.  11 U.S.C. § 1112(b): Conversion for "Cause"

Section 1112(b) of the Bankruptcy Code provides:

> …the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C § 1112(b)(1).

Section 1112(b)(4) contains 16 examples of events that constitute cause for conversion or dismissal. *See In re FRGR Managing Member, LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009). It is well settled that these examples are illustrative, and not exhaustive. *See C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1311 (2d Cir. 1997)) ("It is important to note that this list is illustrative, not exhaustive."); *In re Steven J. Ancona*, No. 14-10532 (MKV), 2016 WL 7868696 at *3 (Bankr. S.D.N.Y. Nov. 30, 2016). The moving party bears the burden to establish "cause" under section 1112(b) by a preponderance of the evidence. *In re Red Bull Taxi Inc.*, No. 16-13153 (MKV), 2017 WL 1753234 at *2 (Bankr. S.D.N.Y. May 3, 2017) (citing *Faflich Assocs. v. Court Living Corp. (In re Court Living Corp.)*, No. 96 CIV 965, 1996 WL 527333, at *2 (S.D.N.Y. Sept. 16, 1996); *In re Adbrite Corp.*, 290 B.R. 209, 214, 218 (Bankr. S.D.N.Y. 2001); *In re Pulp Finish I Co.*, No. 12-13774, 2013 WL 5487933, at *2 (Bankr. S.D.N.Y. Oct. 2, 2013)).

Bankruptcy courts have broad discretion in determining whether cause exists for conversion or dismissal under section 1112(b). *See Taylor v. U.S. Trustee (In re Taylor)*, No. 97 CIV 5967, 1997 WL 642559, at *3 (S.D.N.Y. Oct. 16, 1997); *In re East 81st, LLC*, No. 13-13685

(SMB), 2014 WL 4548551 at *6 (Bankr. S.D.N.Y. March 17, 2014) (citations omitted); *Ancona*, 2016 WL 7868696 at *3; *In re 1031 Tax Grp., LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). Once a party establishes cause, a court must examine whether dismissal or conversion of a case to case under chapter 7 is in the best interests of the creditors and the estate. *Collier on Bankruptcy* ¶ 1112.04[7] (Richard Levin & Henry J. Sommer eds., 16th ed.). Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate. Collier identifies 10 factors:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3) Whether the debtor would simply file a further case upon dismissal.

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Id.*

2. <u>N.Y. Partnership Law: Dissolution</u>

Under New York Law, a partnership "is an association of two or more persons to carry on as co-owners a business for profit." N.Y. Partnership Law § 10(1) (McKinney 1996). Where only one person of the partnership remains, the partnership is dissolved. *See, e.g., C-TC 9th Ave. P'ship,* 113 F.3d at 1308. A dissolved partnership is allowed to "continue [ ] until the winding up of the partnership affairs is completed." N.Y. Partnership Law § 61 (McKinney 1996).

A partnership in dissolution cannot reorganize under chapter 11, *see C–TC 9th Ave. P'ship*, 113 F.3d at 1309, but may file chapter 11 for the purpose of liquidating. *In re Hagerstown Fiber Ltd. P'ship,* No. 98 B 41988 (SMB), 1998 WL 538607, *10 (Bankr. S.D.N.Y. Aug. 24, 1998) (citing *In re Shea & Gould*, 214 B.R. 739, 745–46 (Bankr.S.D.N.Y.1997), *aff'd Durkin v. Shea & Gould*, 97 Civ. 8879 (AGS) (S.D.N.Y. Dec. 4, 1997)). However, whereas "a New York corporation in dissolution is entitled to proceed under Chapter 11 since reorganization is possible," a New York partnership, that may only wind up its affairs and not reorganize, is not a "person" eligible for Chapter 11 relief. *C-TC 9th Ave. P'ship,* 113 F.3d at 1309; *see also, In re Fitzgerald Group*, 38 B.R. 16, 18 (Bankr. S.D.N.Y. 1983) (holding that "[t]here can be no opportunity to rehabilitate an entity that, by law, no longer exists except for the purposes of liquidation.").

3. <u>11 U.S.C. § 1104(a)(2): Trustee Appointment When in Interests of Creditors</u>

Section 1104(a) of the Bankruptcy Code sets forth two separate standards for the court's determination of the necessity of appointing a Chapter 11 trustee. Section 1104(a) provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before

7

> or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a)(1), (2).

A court may appoint a trustee pursuant to section 1104(a)(2) of the Bankruptcy Code if "such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." *USHA SoHa Terrace LLC v. RGS Holding, LLC (In re Hans Futterman),* 584 B.R. 609, 617 (Bankr. S.D.N.Y. 2018). "Factors to be considered by the court in considering a request under section 1104(a)(2) include the trustworthiness of the debtor, the debtor's past and present performance and prospects for rehabilitation, the confidence or lack thereof of the business community and of creditors in present management, and the benefits derived from the appointment of a trustee balanced against the cost of the appointment." (citing *In re 1031 Tax Group*, 374 B.R. 78, 91 (Bankr. S.D.N.Y. 2007). "In essence, § 1104(a)(2) reflects the practical reality that a trustee is needed." *1031 Tax Group, LLC*, 374 B.R. at 91.

**B.    Cause Exists to Convert the L&R Case to a Case Under Chapter 7**

There can be no real dispute that cause exists to convert the L&R case to a case under Chapter 7 under the law of the Second Circuit. L&R, through Liddle, acknowledges that L&R was formed as a New York partnership and that Liddle is the only remaining partner. Under New York Partnership Law § 61, L&R is a partnership in dissolution. As such, it exists solely for the purpose of winding up its affairs. *Id.*

In light of the history that led to the L&R filing, including the filing of the Individual Case and the apparent need for L&R to also be under the jurisdiction and supervision of this

8

Court, its filing was of no surprise. Unfortunately, L&R appears to have filed under the wrong Bankruptcy Code chapter given its stated purpose of continuing to operate, generate new business and develop a plan to pay all creditors. The Second Circuit in *CT-C 9th Ave. P'ship* made plain that a dissolved partnership is not eligible for bankruptcy protection under Chapter 11 except when its stated purpose is to liquidate its assets. *C-TC 9th Ave. P'ship,* 113 F.3d at 1309. Hence, conversion to a case under Chapter 7 is a correct result here. Accordingly, the U.S. Trustee respectfully requests that the Court order that the L&R case be converted to Chapter 7.

**C.    Appointment of a Chapter 11 Trustee Would Be in the Best Interests of Creditors**

If, on the other hand, L&R were to modify its goal to one of wholesale liquidation and the Court determined, as did the bankruptcy court in *Shea and Gould*, that liquidation should be accomplished in Chapter 11, then a Chapter 11 trustee should be appointed. Section 1104(a)(2) permits the Court to appoint a trustee if it would be in the best interests of creditors. It appears that given the lack of real forward momentum in the L&R case, including that L&R just filed its monthly operating reports that have been due on a monthly basis since July 2019, and some do not include bank statements and each contain unauthorized redactions that impede a true review of the L&R's financial status. Coupled with the incessant acrimony among the parties that has led to continuous litigation on most matters, the appointment of an independent fiduciary would restore confidence to the creditors and move this case to an appropriate and timely liquidation.

For these reasons, the U.S. Trustee respectfully requests that the Court convert the L&R case to Chapter 7 or, alternatively, appoint a Chapter 11 trustee for the L&R case.

Dated:     New York, New York              WILLIAM K. HARRINGTON
           December 6, 2019                UNITED STATES TRUSTEE

                                           By    */s/ Andrea B. Schwartz*
                                                 Andrea B. Schwartz