| | |
|---|---|
| **DAVIDOFF HUTCHER & CITRON LLP** | **Hearing Date and Time** |
| 605 Third Avenue | December 19, 2019 at 11:00 a.m. |
| New York, New York 10158 | |
| 212.557.7200 (tel) | |
| David H. Wander, Esq. (dhw@dhclegal.com) | |
| Alex R. Tiktin, Esq. (art@dhclegal.com) | |

*Attorneys for Counsel Financial Financial II LLC,
LIG Capital LLC, and Counsel Financial Holdings
LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| JEFFREY LEW LIDDLE, | : | Case No. 19-10747 (SHL) |
| | : | (Jointly Administered with Case No. 19-12346) |
| Debtor. | : | Related Doc. 249, 250 and 257 |

------------------------------------------------------------X

------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LIDDLE & ROBINSON, L.L.P., | : | Case No.19-12346(SHL) |
| | : | (Jointly Administered with Case No. 19-12346) |
| | : | Related Doc. 103, 130 and 155 |
| Debtor. | : | |

------------------------------------------------------------X

**DECLARATION OF LARRY HUTCHER IN FURTHER SUPPORT OF
MOTION BY COUNSEL FINANCIAL II LLC, LIG CA LIG CAPITAL
LLC, AND COUNSEL FINANCIAL HOLDINGS LLC, PURSUANT TO
§ 1112(b) OF THE BANKRUPTCY CODE, TO CONVERT THESE
<u>CHAPTER 11 REORGANIZATIONS TO CHAPTER 7 LIQUIDATIONS</u>**

LARRY HUTCHER, declares under 28 U.S.C. §1746:

1. I am the Co-Managing Partner of Davidoff Hutcher & Citron LLP ("DHC"), attorneys for Counsel Financial II LLC ("<u>CFII</u>"), LIG Capital LLC ("<u>LIG</u>"), and

Counsel Financial Holdings LLC ("Holdings" and together with CF2 and LIG, "Counsel Financial" or "Movant"). I submit this declaration in furher support of Counsel Financial's motions, pursuant to § 1112(b) of the Bankruptcy Code, to convert the Debtors' chapter 11 reorganization to chapter 7 liquidations.

2. On or about March 7, 2019, CFII obtained a judgment in the amount of $6,546,448.83 from the Supreme Court of the State of New York in and for the County of Erie. Once the judgment was entered, I supervised the collection efforts of DHC against Liddle and Robinson ("L&R").

3. I understand that Liddle now complains about these enforcement actions including "Counsel Financial's pre-petition communications with the bulk of Liddle & Robinson's clients directing them to remit all payment due Liddle & Robinson to Counsel Financial" were improper. Liddle Affidavit, Doc. 163-2 at par. 12.

4. In short, he is wrong.

5. As a long-standing practitioner, I am very familiar with the rules and regulations governing enforcement of judgments. I also carefully reviewed all of the underlying loan documents between the parties. Based upon this review, I am certain that all of CFII's collection efforts were proper pursuant to applicable law and/or CFII's contractual rights.

6. After obtaining a judgment it is a standard and permissible procedure to contact any third parties that owe money to the judgment debtor and instruct them to remit such funds to the judgment creditor.

7. After the filing of Liddle's individual chapter 11 petition, DHC voluntarily rescinded all restraints on L&R's accounts and ceased any and all collections from third parties, because DHC believed that the automatic stay that arose upon the filing of Liddle's bankruptcy

2

applied to L&R although it was a non-debtor, under applicable Second Circuit law. *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003); *In re Residential Capital*, 2013 WL 3491311 at *1 (2d Cir. July 15, 2013) (holding that the automatic stay applies to bar claims against a non-debtor that have "an immediate adverse economic consequence" for the debtor's estate).

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of December, 2019

                                              /s/ Larry Hutcher
                                              LARRY HUTCHER