Objection Deadline: January 2, 2020 at 2 p.m.
Hearing Date: January 9, 2020 at 4 p.m.

| | |
|---|---|
| Alison D. Bauer | James Fullmer |
| William F. Gray, Jr. | Meredith S. Parkinson |
| Jiun-Wen Bob Teoh | Michael J. Licker |
| FOLEY HOAG LLP | FOLEY HOAG LLP |
| 1301 Avenue of the Americas | Seaport West |
| 25th Floor | 155 Seaport Boulevard |
| New York, New York 10019 | Boston, Massachusetts 02210 |
| Tel: (646) 927-5500 | Tel: 617.832.1197 |
| Fax: (646) 927-5599 | Fax: 617.832.7000 |

*Attorneys for Jeffrey Lew Liddle and Liddle & Robinson, L.L.P., each a Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re                                                                              :   Chapter 11
                                                                                        :
                                                                                        :   Case No. 19-12346 (SHL)
LIDDLE & ROBINSON, L.L.P.,[1]                               :
                                                                                        :   Jointly Administered with 19-10747 (SHL)
        Debtor                                                      :
---------------------------------------------------------- x

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                                                        :   Chapter 11
In re                                                                              :
                                                                                        :   Case No. 19-10747(SHL)
JEFFREW LEW LIDDLE,                                         :
                                                                                        :   Jointly Administered with 19-12346 (SHL)
        Debtor                                                      :
---------------------------------------------------------- x

**MOTION BY DEBTORS JEFFREY LEW LIDDLE AND LIDDLE & ROBINSON, L.L.P., PURSUANT TO BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER DIRECTING (I) EXAMINATION OF JAMES W. HALTER, AND (II) PRODUCTION OF DOCUMENTS BY <u>JAMES W. HALTER, ALONG WITH RELATED RELIEF</u>**

---

[1] The last four digits of Liddle & Robinson, L.L.P.'s taxpayer identification number are 6440.

B5025100.4

Jeffrey Lew Liddle and Liddle & Robinson, L.L.P., as debtors and debtors-in-possession (the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby move this Court (the "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit B**, directing (I) examination of James W. Halter, and (II) production of documents by James W. Halter, along with related relief. In support of this Motion, the Debtors rely on the *Affidavit of Jeffrey L. Liddle Under Bankruptcy Rule 1007-2* filed on July 22, 2019 in the Chapter 11 Case (Document 2) (the "First Day Declaration"). In further support of this Motion, the Debtors respectfully state as follows:

## BACKGROUND

1. On March 11, 2019, Jeffrey L. Liddle filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

2. On July 22, 2019, Liddle & Robinson (the "Firm") filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

3. The Firm is a law firm partnership formed on June 4, 1979. First Day Declaration ¶ 1. Jeffrey L. Liddle is the sole remaining partner of the Firm. First Day Declaration ¶ 4. On March 11, 2019, Mr. Liddle filed a voluntary petition for relief under the Bankruptcy Code. First Day Declaration ¶ 24.

4. In August 2016, the Firm commenced a lending relationship with an organization that refers to itself as Counsel Financial and is compromised of several entities, in particular Counsel Financial II LLC (collectively, "Counsel Financial"). First Day Declaration ¶ 3.

5. James Halter was a partner of the Firm for approximately six years.

6. Since his departure from Liddle & Robinson, Halter has, in conjunction with Counsel Financial, interfered with the Firm's business affairs by communicating directly with clients of the

B5025100.4

Firm and by constant breaches of fiduciary duty to the Debtors Liddle & Robinson L.L.P. and Jeffrey Lew Liddle.

## RELIEF REQUESTED

7.  Debtors seeks to examine James W. Halter ("Halter"), a former partner at the Firm, under oath, pursuant to Bankruptcy Rule 2004, regarding Halter's departure from the Firm, his conduct from August 1, 2016 regarding Firm matters, and his communications with Counsel Financial, James Hubbard, a former partner of Liddle & Robinson, and others, and his role in interfering with the Firm's business affairs. Debtors also request that the Halter be required to produce various documents, prior to the examination, which are listed on **Exhibit A**.

8.  Debtors' examination of Halter will include, without limitation, the following topics:

(a) Halter's departure from Liddle & Robinson.
(b) Any Liddle & Robinson cases that Halter continued working on following his departure from Liddle & Robinson, including any fee arrangements regarding such cases.
(c) Any agreements between Halter, on the one hand, and Counsel Financial, Rasco Klock or Blaine H. Bortnick, regarding Halter's law practice after he left Liddle & Robinson, Liddle & Robinson, or Liddle & Robinson clients.
(d) Any communications with Counsel Financial, Rasco Klock, any former partner of Liddle & Robinson regarding Halter's law practice after he left Liddle & Robinson, Liddle & Robinson, or Liddle & Robinson clients.
(e) All communications between Halter or anyone else during the 341 Examinations of Jeffrey Lew Liddle.
(f) Cases in which Halter appeared on behalf of current or former Liddle & Robinson clients without authority to do so.

9.  Bankruptcy Rule 2004 empowers the Bankruptcy Court to order the examination of any person, including the debtor, upon written motion as "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004. The scope of inquiry under Rule 2004 is intended to be very broad, unfettered and in the nature of a fishing expedition. *See In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group, Inc.*, 123

B5025100.4

B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Valley Forge Plaza Assocs.*, 109 B.R. 451, 453 (Bankr. D. Mass. 1983); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985); I*n re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984); *In re GHR Cos.*, 41 B.R.. 655, (Bankr., D. Mass, 1983); *In re Vantage Petroleum Corp.*, 34. B.R. 650, 651 (Bankr. E.D.N.Y. 1983). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994).

10.    Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.    Debtors submit that the relief request, pursuant to Rule 2004 and as supplemented by § 105(a), is reasonable and proper and in the best interests of the Debtors' estate.

12.    Debtors intend for their examination of Halter and Halter's production of documents to be conducted in an orderly and reasonable manner, providing Halter with sufficient time to comply with all reasonable requests and demands, and with a minimum amount of intrusion into Halter's legitimate privacy concerns, under the circumstances.

## NOTICE

13.    Notice of this Motion has been provided to: (a) the Office of the United States Trustee for Southern District of New York; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d) (on a consolidated basis); and (c) all secured lenders; and (d) James Halter. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

B5025100.4

14. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in form attached hereto as **Exhibit B**, directing (I) examination of James W. Halter, and (II) production of documents by James W. Halter, along with related relief.

| | |
|---|---|
| Dated: December 17, 2019<br>New York, New York | Respectfully submitted,<br>*/s/ Michael J. Licker*<br>Michael J. Licker<br>Meredith S. Parkinson<br>James Fullmer<br>FOLEY HOAG LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210<br>mlicker@foleyhoag.com<br>mparkinson@foleyhoag.com<br>jfullmer@foleyhoag.com<br>Tel: 617.832.1197<br>Fax: 617.832.7000<br><br>Alison D. Bauer<br>William F. Gray, Jr.<br>Jiun-Wen Bob Teoh<br>1301 Avenue of the Americas<br>25th Floor<br>New York, New York 10019<br>abauer@foleyhoag.com<br>wgray@foleyhoag.com<br>jteoh@foleyhoag.com<br>Tel:  646.927.5500<br>Fax: 646.927.5599<br><br>*Attorneys for Jeffrey Lew Liddle*<br>*and Liddle & Robinson, L.L.P.,*<br>*each a Debtor and Debtor-in-Possession* |

B5025100.4

19-10747-shl    Doc 281    Filed 12/17/19    Entered 12/17/19 20:08:04    Main Document
Pg 6 of 11

**Exhibit A**
**Document Request For Rule 2004 Examination Of James W. Halter By Debtors**

**DOCUMENT REQUEST FOR RULE 2004 EXAMINATION OF JAMES W. HALTER BY DEBTORS**

1. Any and all agreements between James W. Halter ("Halter"), on the one hand, and Counsel Financial, Rasco Klock, Blaine H. Bortnick or any former Liddle & Robinson partner, on the other hand, regarding the transition of Liddle & Robinson clients from Liddle & Robinson to any other law firm or attorney.
2. Any and all communications from August 1, 2016 to present between Halter, on the one hand, and Counsel Financial, Rasco Klock or any former Liddle & Robinson partner, associate or other attorney, on the other hand, regarding the transition of Liddle & Robinson clients from Liddle & Robinson to any other law firm or attorney.
3. Any and all communications from August 1, 2016 to present between Halter and any current or former Liddle & Robinson clients regarding Halter's departure from Liddle & Robinson, Halter's continued representation of any such clients, or any efforts to move such clients from Liddle & Robinson.
4. All communications between James W. Halter and anyone during the May 1, 2019 341 Examination of Jeffrey Lew Liddle, via text message or e-mail message, including all communications with James R. Hubbard and Blaine H. Bortnick during such examination.
5. All of Halter's time and billing records at Liddle & Robinson from July 1, 2016 through his departure.
6. All of Halter's time and billing records for matters he worked on for former Liddle & Robinson clients following his departure from Liddle & Robinson.
7. All retainer agreements for former Liddle & Robinson clients that Halter entered into following his departure from Liddle & Robinson.
8. All agreements between Halter and any third party concerning the transfer of any client from Liddle & Robinson to another lawyer or law firm.
9. Copies of any Liddle & Robinson files or documents, whether in hard copy or electronic form, that Halter copied or otherwise took or obtained from Liddle & Robinson on or after January 1, 2017. This request includes without limitation all files or documents concerning Liddle & Robinson clients in Halter's possession, custody or control, including without limitation all files he received from any other person or source, including other former partners of Liddle & Robinson.
10. All correspondence concerning the matter <u>Franklin v. Compass Partners Investments</u> relating to Halter's representation of the plaintiff following Halter's departure from Liddle & Robinson, including without limitation all correspondence related to any fee agreement.
11. All correspondence concerning the matter <u>Rotger v. Montefiore Medical Center</u> relating to Halter's representation of the plaintiff following Halter's departure from Liddle & Robinson, including without limitation all correspondence related to any fee agreement.
12. All communications with Blaine Bortnick or Rasco Klock Perez & Nieto LLC regarding the matter <u>Negrete v. Citibank</u>.
13. All communications with Thomas DeDane concerning Halter's representation of DeDane following Halter's departure from Liddle & Robinson.
14. All communications concerning Jay Pila.
15. All communications concerning Richard Josephberg.

B5025100.4

B5025100.4

**<u>Exhibit B</u>**
**<u>Proposed Order</u>**

B5025100.4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
|                                          | : |                                           |
| In re                                    | : | Chapter 11                                |
|                                          | : | Case No.  19-10747 (SHL)                  |
| Jeffrey Lew Liddle,                      | : |                                           |
|                                          | : | (Jointly Administered with Case No. 19-   |
|            Debtor                        | : | 12346)                                    |
-----------------------------------------------------------  x

**ORDER GRANTING MOTION BY DEBTORS JEFFREY LEW LIDDLE AND LIDDLE & ROBINSON, L.L.P., PURSUANT TO BANKRUPTCY RULE 2004 AND § 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER DIRECTING (I) EXAMINATION OF JAMES W. HALTER, AND (II) PRODUCTION OF DOCUMENTS BY JAMES W. HALTER, ALONG WITH RELATED RELIEF**

Upon the motion (the "Motion")[1] of Jeffrey Lew Liddle and Liddle & Robinson, L.L.P., as debtors and debtors-in-possession (the "Debtors"), in the above-captioned cases (the "Chapter 11 Cases"), for an Order directing (I) examination of James W. Halter, and (II) production of documents by James W. Halter, along with related relief; it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and other parties in interest; it appearing that notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted as set forth herein.

2. James W. Halter shall be examined, under oath, by Debtors, pursuant to Bankruptcy Rule 2004, upon at least thirty (30) days prior written notice by Debtors to James W. Halter, which shall be held at the office of Debtors' attorneys. Any creditor or creditors committee, if one is formed, shall be entitled to attend, but not participate in, such examination, without the written consent of both Debtors and James W. Halter or further order of this Court.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

B5025100.4

3. James W. Halter shall produce the documents listed on Exhibit "A" to the Motion, by delivering such documents to Debtors' attorneys, within twenty-one (21) days from the date of entry of this Order.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: _____ __, 2019
       New York, New York

                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE