| | |
|---|---|
| **DAVIDOFF HUTCHER & CITRON LLP**<br>605 Third Avenue<br>New York, New York 10158<br>212.557.7200 (tel)<br>David H. Wander, Esq. (dhw@dhclegal.com)<br>Alexander R. Tiktin, Esq. (art@dhclegal.com) | **Hearing Date and Time**<br>January 28, 2020 at 2:00 p.m. |

*Attorneys for Counsel Financial II LLC,*
*LIG Capital LLC, and Counsel Financial Holdings LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              :    Chapter 11
                                                                         :
JEFFREY LEW LIDDLE,                                  :    Case No. 19-10747 (SHL)
                                                                         :    (Jointly Administered
                              Debtor.                           :    with Case No. 19-12346)
-----------------------------------------------------------X    Related Doc. 279


**OBJECTION BY COUNSEL FINANCIAL II LLC TO DEBTOR'S
MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AND § 105(a) OF THE BANKRUPTCY CODE, FOR AN ORDER
DIRECTING (I) EXAMINATON OF COUNSEL FINANCIAL II LLC,
AND (II) PRODUCTION OF DOCUMENTS BY COUNSEL FINANCIAL
II LLC, ALONG WITH RELATED RELIEF**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Counsel Financial II LLC ("CFII"), by its attorneys, Davidoff Hutcher & Citron LLP, submits this objection to the motion by Jeffrey Lew Liddle ("Debtor"), for the entry of an order directing (I) examination of Counsel Financial II LLC, and (II) production of documents by Counsel Financial II LLC, along with related relief [Doc.[1] 279] (the "Motion"), and represents and states as follows:

---

[1] References to "Doc." refer to documents filed on the docket in this case, 19-10747, unless otherwise noted.

1.      The Court should deny the Motion for three reasons: (i) the doctrine of *res judicata*; (ii) the appointment of the chapter 11 trustee in the related, Liddle and Robinson LLP ("L&R") chapter 11 case; and (iii) the record in this case which was developed at the last hearing.

2.      First, the Debtor's liability to CFII was conclusively determined by prior litigation in state court resulting in a judgment in favor of CFII against L&R and the Debtor. The Debtor has a pending appeal of that judgment and, absent a reversal, the claims the Debtor intends to develop through the Motion are barred by the doctrine of *res judicata.*

3.      Second, a chapter 11 trustee ("Trustee") has been appointed for L&R, the primary obligor under the CFII loan, and CFII is already voluntarily cooperating with the Trustee's investigation. If the Trustee wants to examine CFII under oath and seek the production of documents, CFII will not object. Otherwise, the Debtor should be precluded from pursuing the investigation of purported claims that belong to L&R.

4.      Finally, in connection with the December 19, 2019 hearing to consider motions to convert in both cases, CFII provided extensive documentation regarding the CFII loan and the other issues raised by the Debtor, debunking all of the Debtor's conspiracy theories and baseless claims of predatory lending. Specifically, the Declaration by Megan Ryan [*Doc. 175*] included (i) the L&R Summary Analysis as of February 28, 2019; (ii) Statements for the CFII Loan dated 2/28/19 and 6/1/18; (iii) the Statement for the LIG Loan dated 2/28/19; (iv) the Statement for the Holdings Loan dated 2/28/19; (v) the L&R Interest Rate Summary; (vi) the Closing Checklist for the Holdings $1,000,000 Revolving Loan to L&R (the "Holdings Closing Checklist")[2]; (vii) the Fee Disclosure Statement for the $1,000,000 Revolving Line of Credit, executed by Liddle on behalf of L&R on June 2, 2017; (viii) the Closing Checklist for LIG for the $1,500,000 Term Loan

---

[2] The Holdings Closing Checklist contains nine (9) loan documents and two (2) supplemental documents.

2

to L&R (the "LIG Closing Checklist")[3]; and (ix) an email from Liddle to Megan Payne dated August 11, 2016. These exhibits showed the calculation of the balance owed by L&R and the Debtor to CFII, as well as the allocation of payments from L&R to CFII and its affiliates, LIG and CF Holdings. *See, doc. 175.*

5. In addition, the Declaration by Glenn Philips, Esq. showed that there is no basis for the Debtor's allegations that CFII tried to force L&R to merge with the Milberg firm or transfer its cases to Milberg. *See, doc. 179.* Also, the Declaration by Richard Silverstein dated December 16, 2019 showed that there is no basis for the Debtor's allegations that CFII interfered with his contractual negotiations with Pierce Bainbridge. *See doc. 176.*

6. Moreover, the Declaration of Ronald J. Soluri, Jr., CPA confirmed that: (i) the CFII Loan, the LIG Loan, and the Holdings Loan are bona-fide lending agreements; (ii) CFII, LIG, and Holdings are each bona-fide creditors of L&R and not investors in the Firm; (iii) neither CFII, LIG, nor Holdings made a "loan-to-own" with L&R; (iv) the interest rate on the loans is not usurious; and (v) the CFII Loan, the LIG Loan, and the Holdings Loan, together, do not constitute a Ponzi-scheme. *Doc. 275.*

7. Furthermore, the Passarretta stipulation signed by Liddle, both on behalf of L&R and individually, authorized the application of the Passaretta fee as follows: (i) $425,000 to pay down the CFII loan; and (ii) $506,371.60 to pay down the LIG loan. The Passarretta Stipulation further shows that Holdings agreed to increase by $775,000 the availability of the line of credit it provided to L&R, of which (i) $350,000 would be advanced directly to L&R and (ii) $425,000 to further pay down the LIG loan. *Wander Dec., Doc. 272. Exh. E.*

---

[3] The LIG Closing Checklist Contains nine (9) loan documents and two (2) supplemental documents.

8. Moreover, CFII provided the Court with a detailed analysis of the factors underlying any recharacterization of debt to equity, as discussed in this Court's *Aeropostale* decision. *See, Reply by Counsel Financial in Further Support of their Motions to Convert the Debtors' Chapter 11 Reorganizations to Chapter 7 Liquidations, Doc. 173 at ¶¶ 51-66*.

9. Accordingly, the Debtor's latest attempt, via the Motion, to find a basis to challenge CFII's liens is unsupported by any "good cause" and will only result in needless additional administrative expenses.

10. While the Motion cites the usual statements that Rule 2004 is "unfettered and broad," in fact, the Rule has well-established limits. "Despite its characterization as being tantamount to a 'fishing examination,' a Rule 2004 examination must be both relevant and reasonable." *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997) (citation omitted). Moreover, discovery may be granted under Rule 2004 only upon a showing of "good cause." *See, e.g., In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004) ("Generally, good cause is shown if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." (quoting *In re Dinubilo*, 177 B.R. 932 (E.D. Cal. 1993)).

11. In *In re PlusFunds Group, Inc.*, No. 06-10402 (Bankr. S.D.N.Y.), the court denied a trustee's request for Rule 2004 discovery from third parties, where it was "obvious that the trustee knows a lot already" and thus did not "need [such discovery] in order to make a determination … as to whether viable causes of action exist as to potential third-party defendants." *Id., Hearing Tr., Jan. 16, 2008, Docket No. 651, at 17, 60-62*. In a subsequent ruling in the same case, the court reiterated that pre-suit discovery is not appropriate under Rule 2004 where the trustee is "in a position now to be able, as a professional, to decide whether, subject to Rule 11, you can, in good

4

faith, pursue litigation claims against identified defendants." *Id., Hearing Tr., Jan. 30, 2008, Docket No. 655, at 46*.

12. Not only should the proposed examination of CFII be denied, but the Debtor's document demands should be denied as well. All of the relevant documents have already been produced.

13. For example, the Debtor's first document request seeks:

> Any and all loan statements, invoices, notices and correspondence allegedly sent by Counsel Financial II LLC, including when operating under any other trade name such as Counsel Financial, ("CF II") to the Debtors.

However, CFII has already provided extensive documentation responsive to this request, including (i) Exhibits A-I to the Declaration of Megan Payne, at Exhibits A-I [*Doc. 273*]; and (ii) Exhibits A-V to the Letter from David H. Wander to the Hon. Sean Lane dated April 22, 2019 [*Doc. 55*].

14. The Debtor's second document request seeks "CFII's loan file for the Debtors." However, as set forth above, CFII has already provided extensive loan documentation.

15. The Debtor's third document request seeks:

> All documents and communications concerning the Debtors' cases, including without limitation documents and communications concerning any case list provided by the Debtors to CF II or any of its affiliates, including any such communications with Craig Bolton, John Pierce, Pierce Bainbridge Beck Price & Hecht LLP ("Pierce Bainbridge"), any loan broker representing Pierce Bainbridge, Richard Silverstein, Glen Phillips, Milberg LLP, or anyone affiliated with Milberg LLP, or any third-party funding source.

CFII objects to the Debtor's request on the grounds that the request is overbroad, vague, unduly burdensome, and requests irrelevant information.

16. The Debtor's fourth document request seeks:

5

> All agreements concerning any of the Debtors' cases that CF II contends were collateral for its loan, including all agreements concerning an assignment or pledge of any of CF II's purported rights in the cases.

However, CFII has already provided extensive documentation responsive to this request, including (i) Exhibits A-I to the Declaration of Megan Payne, at Exhibits A-I [*Doc. 273*]; and (ii) Exhibits A-V to the Letter from David H. Wander to the Hon. Sean Lane dated April 22, 2019 [*Doc. 55*].

17. The Debtor's fifth document request seeks "[a]ll agreements entered into by CF II concerning the handling of any of the Debtors' cases by anyone other than a current partner of Liddle & Robinson." CFII does not have any documents in its possession, custody, or control that are responsive to this request.

18. The Debtor's sixth document request seeks "[a]ll non-disclosure agreements with any third party concerning any of the Debtors' case lists." CFII will produce documents responsive to this request, if the Chapter 11 Trustee requests such documents; otherwise, this request is simple harassment because there is no basis for any claim that CFII improperly disclosed any information about the Debtor's cases to any third party.

19. The debtor's seventh document request seeks

> All documents concerning the present calculation of any loan balance allegedly owed to CF II by the Debtors, including a breakdown of principal and interest, and a record of any payments by the Debtors and how such payments were credited by CF II or any of its affiliated entities.

However, CFII has already provided extensive documentation responsive to this request, including (i) Exhibits A-I to the Declaration of Megan Payne, at Exhibits A-I [*Doc. 273*]; and (ii) Exhibits A-V to the Letter from David H. Wander to the Hon. Sean Lane dated April 22, 2019 [*Doc. 55*].

20. The Debtor's eighth document request seeks:

6

> All communications with Blaine Bortnick or any of his representatives regarding (i) the use of client fees of current or former L&R clients to pay off the balance of the Counsel Financial loans; (ii) efforts to divert, transfer or otherwise move cases from L&R; or (iii) the resolution of the cases of current or former L&R clients on or after June 2, 2017.

CFII hereby objects to the Debtor's request on the grounds that the request is overbroad, vague, unduly burdensome, and requests irrelevant information. The Debtor is also directed to the Passaretta Stipulation annexed to the Declaration of David H. Wander at Exhibit E. *Doc. 272.*

21. The Debtor's ninth document request seeks "[a]ll documents and communications concerning the allocation of payments from the Debtors between itself, LIG, CF Holdings or YieldStreet Inc." However, CFII has already provided extensive documentation responsive to this request, including (i) Exhibits A-I to the Declaration of Megan Payne, at Exhibits A-I [*Doc. 273*]; and (ii) Exhibits A-V to the Letter from David H. Wander to the Hon. Sean Lane dated April 22, 2019 [*Doc. 55*]. Moreover, on September 10, 2019, the Debtor filed a motion for a Rule 2004 examination of YieldStreet Inc., but that motion has since been withdrawn. *Case no. 19-12346, Docs. 62 & 63.* CFII does not have any documents in its possession, custody, or control that concern the allocation of payments involving YieldStreet Inc.

22. The Debtor's tenth document request seeks "[a]ll notes or memorandum regarding any conversations between Felice Callahan and James Hubbard." CFII hereby objects to the Debtor's request on the grounds that the request is harassing, unduly burdensome, and requests irrelevant information.

23. The Debtor's eleventh document request seeks "[d]ocuments sufficient to show transfers between or among any of CF II, LIG and CF Holdings or between CF II and Bank of America, N.A. regarding any loans made to the Debtors." CFII has already provided documents responsive to this request which are annexed to the Declaration of Megan Payne, at Exhibits A-I

7

[*Doc. 273*]. Moreover, CFII hereby objects to the Debtor's request concerning Bank of America, on the grounds that the request is harassing, vague, unduly burdensome, and requests irrelevant information.

24. The Debtor's twelfth document request seeks "[d]ocuments sufficient to show all funds received by CF II from any outside investors in LIG." CFII hereby objects to the Debtor's request, on the grounds that the request is harassing, vague, unduly burdensome, and requests irrelevant information.

## CONCUSION

25. In accordance with the foregoing, the Debtor's motion for an examination of CFII pursuant to Rule 2004 should be denied in its entirety.

Dated: New York, New York
January 10, 2020

                              DAVIDOFF HUTCHER & CITRON LLP

                              By: /s/ David H. Wander
                                    David H. Wander
                                    Alexander R. Tiktin
                              605 Third Avenue
                              New York, New York 10158
                              (212) 557-7200
                              dhw@dhclegal.com
                              art@dhclegal.com

                              *Attorneys for Counsel Financial II LLC,*
                              *LIG Capital LLC, and Counsel Financial Holdings LLC*