William F. Gray, Jr.
Jiun-Wen Bob Teoh
FOLEY HOAG LLP
1301 Avenue of the Americas, 25th Floor
New York, New York 10019
Tel: (646) 927-5500
Fax: (646) 927-5599

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Debtor Jeffrey Lew Liddle*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>JEFFREY LEW LIDDLE,<br><br>                Debtor. | Chapter 7<br><br>Case No. 19-10747 (SHL)<br>(Jointly Administered) |

**DEBTOR'S RESPONSE TO CHAPTER 7 TRUSTEE'S LIMITED OBJECTION WITH AFFIRMATION OF GARY R. LAMPERT, CPA, TO DEBTOR'S MOTION PURSUANT TO SECTION 522 OF THE BANKRUPTCY CODE TO DIRECT CHAPTER 7 TRUSTEE TO DISTRIBUTE ALL SOCIAL SECURITY PAYMENTS BEING HELD IN THE DEBTOR IN POSSESSION (DIP) ACCOUNT TO THE DEBTOR, AND COUNTERMOTIONS TO AUTHORIZE THE TRUSTEE TO REMIT STIMULUS PAYMENT TO THE DEBTOR, AND TO COMPEL THE DEBTOR TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1019 (4) AND REDUCING CLAIMED
<u>SSI DISTRIBUTION BY DEBTOR WITHDRAWALS</u>**

Jeffrey Lew Liddle, as debtor (the "<u>Debtor</u>"), in the above-captioned chapter 7 case, respectfully submits the following Response (the "<u>Response</u>") to the *Chapter 7 Trustee's Limited Objection With Affirmation Of Gary R. Lampert, CPA, To Debtor's Motion Pursuant To Section 522 Of The Bankruptcy Code To Direct Chapter 7 Trustee To Distribute All Social Security Payments Being Held In The Debtor In Possession (DIP) Account To The Debtor, And Countermotions To Authorize The Trustee To Remit Stimulus Payment To The Debtor, And To Compel The Debtor To Produce Documents Pursuant To Federal Rule Of Bankruptcy Procedure 1019 (4) And Reducing Claimed SSI Distribution By Debtor Withdrawals* (the "<u>Trustee's Limited</u>

B5163684.5

Objection") [Docket No. 426] by Angela Tese-Milner (the <u>Trustee</u>"). In support of this Response, the Debtor respectfully represents as follows:

1. In the Limited Objection, the Trustee does not dispute that the Social Security Payments[1] and the Stimulus Payment are exempt property.[2] Rather, the Trustee seeks to reduce amount of the exempt Social Security Payments by certain transfers in the amount of $33,829.85 from the DIP Account on and after June 22, 2020 (the "<u>Conversion Date</u>"). This setoff or netting out of the post-Conversion Date transfers is inappropriate.

2. A Debtor is entitled to retain exempt property. Exempt property is not subject to any creditor claims of any type. As described more fully in the Motion, the only questions relevant to the inquiry of whether the Social Security Payments are exempt are (i) whether they arise from the Debtor's right to receive a social security benefit and (ii) whether they are traceable. The answer to both questions is an unequivocal yes. The disposition of any other funds in the DIP Account does not affect the exempt status of the traceable Social Security Payments. Whatever rights the Trustee may have against the transferees of these payments are not before this Court and there is no basis for setting off those claims against the Debtor's exempt property.

3. Nonetheless, without conceding in any way that the Debtor is entitled to receive the full value of the Social Security Payments, and in the hope of avoiding future litigation, the Debtor will agree to reduce the distribution of the Social Security Payments in the amount of $13,100.[3] On review, the transfer of $3,600 on June 23, 2020 (as reimbursement to Rose Reverendo, the Debtor's assistant, for expenses) and the $9,500 transfer to River Tower Owner LLC on June 22,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.
[2] The Debtor had met and conferred with the Trustee prior to filing the Motion and was informed that the Trustee would object to the classification of the Social Security Payments as exempt property.
[3] The Debtor's counsel has been in contact with the Trustee and intends to communicate this offer prior to the hearing on Monday, July 27.

B5163684.5

2020 (as monthly rent paid to the landlord of the Debtor's Manhattan apartment) are not expenses that provide benefit to the Chapter 7 estate. The Debtor believes that judicial economy will be served by reducing the payment of exempt property rather than proceeding down a path of litigation under Section 549 of the Code for avoidance of the transfers. As such, the Debtor is seeking remittance from the DIP Account in the amount of $27,873.74, which represents a reduction by the amounts described in this paragraph.

4.    The Debtor believes that the transfers to Tara Liddle, his wife, in the amounts of $18,459.85 on June 22 and $1,500 on June 24 were appropriate expenses that benefited the Chapter 7 estate. Those transfers were reimbursements for bills and expenses Mrs. Liddle paid to the vendors and contractors who performed the repair, maintenance, clean-up and contracting work on the Hamptons Properties in anticipation of the rental and now for the impending sale. Those expenditures were presented to the Chapter 11 Trustee in line-item budgets and reviewed at the Court hearing on May 22 on the motion for retention of the real estate brokers for the rental of the Hamptons Properties.

5.    The Debtor and Debtor's counsel are gathering receipts and back-up information documenting those expenses. The Debtor believes those expenses were properly authorized and are of clear benefit to the Chapter 7 estate in the current expedited sale process for the Hamptons Properties. It should be noted that the Liddles vacated the property yesterday, provided the walk-through inspection to the Trustee's agents, and handed over the keys to the premises. The Debtor also recognizes that the Trustee retains all rights to investigate these expenses and all other transfers by the Debtor and to take appropriate legal action. Nothing in the Motion affects the Trustee's rights to pursue withdrawals and transfers from the DIP Account on and after the Conversion Date should the Trustee determine that such expenditures constitute avoidable post-

B5163684.5

petition transfers. The Debtor intends to provide the information necessary and work consensually with the Chapter 7 Trustee to avoid such litigation.

6. Tying the recognition of the Social Security Payments to discovery issues is inappropriate. Nonetheless, the Debtor has been making, and is continuing to make a "rolling production" of documents under his possession and control. A substantial production of documents has already occurred, including documents related to the pressing issues of the insurance for, maintenance of, and security provisions for the Hamptons Properties subject to the Sale Order. Substantial financial information has already been provided including all of the Debtor's tax returns since 2013 and personal bank statements covering the same period. It is believed that discovery will be substantially completed before the First Meeting of Creditors scheduled for July 31. There has been a slight delay in the discovery cycle as the Debtor completed the move from the Hamptons Properties this weekend.

7. Accordingly, the Debtor respectfully requests the Court grant relief sought in the Motion.

Dated: July 27, 2020
New York, New York

Respectfully submitted,

*/s/ William F. Gray, Jr.*
William F. Gray, Jr.
Jiun-Wen Bob Teoh
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, New York 10019
wgray@foleyhoag.com
abauer@foleyhoag.com
jteoh@foleyhoag.com
Tel: 646.927.5500
Fax: 646.927.5599

B5163684.5

Meredith S. Parkinson
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

*Attorneys for Debtor Jeffrey Lew Liddle*

B5163684.5