UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| *In re:* | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| Jeffrey Lew Liddle, et al. | Chapter 7 |
| d/b/a Liddle & Robinson, LLP | Case No. 19-10747-shl |
| Debtors. | |

_____

M&T Bank, successor by merger to Hudson City Savings Bank (hereinafter "Movant"), a secured creditor of the above-named Debtors moves the above-entitled Court for an Order granting relief from the automatic stay pursuant to Federal Rules of Bankruptcy Procedure Rule 4001, 9013 and 9014 and 11 U.S.C. §362(d) to permit it to proceed with an action to foreclose its mortgage on certain real property of the Debtor, commonly known 560 Main Street, Quiogue, New York 11978and more particularly described in a copy of a mortgage annexed hereto and made a part hereof as Exhibit "A." As grounds for said Motion, it is hereby alleged as follows:

    1.    On June 19, 2012, Debtor, borrowed $2,915.00 from Hudson City Savings Bank  The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property. See attached Exhibit "A," which is incorporated by reference. M&T is successor by merger to Hudson City Savings Bank.

2. Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court on March 11, 2019. Debtor converted to a Chapter 7 on June 22, 2020.

3. As required by S.D.N.Y. Administrative Order #347 and pursuant to Local Bankruptcy Rule 4001-1, a Relief from Stay – Real Estate and Cooperative Apartments Worksheet (the "Worksheet") was executed by Melissa Riley, a Banking Officer with Movant. As fully set forth in the Worksheet, the loan is contractually due for the January 1, 2018 monthly mortgage payment and the total indebtedness is $3,033,337.27. A copy of the executed Worksheet is annexed hereto and made a part hereof as Exhibit "B".

4. According the Debtor's Schedule "D" the property is valued at $2,672,254.00. A copy of Debtor's Schedule "D" is annexed hereto and made a part hereof as Exhibit "C". Based upon Movant's lien there is no equity in the real property for the bankruptcy estate.

5. Movant also seeks relief for any installment that becomes due and is unpaid on the return date of this Motion. The foregoing does not represent any accrued late charges, corporate advances, escrow advances and any amount which may be due for costs and attorney fees which may be allowed by the Court.

6. Movant may be required to advance the funds necessary to pay real property taxes or risk irreparable harm to its security interest as a result of Debtors' default.

7. By reason of the foregoing, Movant, should be permitted to take all necessary action to adequately protect its security interest.

8. It is requested that, in the event that an Order Granting Relief from the Automatic Stay is granted, that such Order shall survive any conversion.

9. Movant specifically requests permission from the Honorable court to communicate with the Debtors and Debtors' attorney to the extent necessary to comply with applicable non-bankruptcy law.

10. Movant respectfully requests a waiver of the stay imposed by Bankruptcy Rule 4001(3).

**WHEREFORE**, Movant requests that this Court enter an Order granting it its servicing agent, nominees, successors and/or assigns relief from the automatic stay, together with attorney's fees and costs and that Movant be granted permission to communicate with the Debtors and Debtors' counsel to the extent necessary to comply

with applicable non-bankruptcy law, and such other and further relief as the Court may deem just and proper.

Dated: January 26, 2021

**SCHILLER, KNAPP,
LEFKOWITZ, & HERTZEL, LLP**

By: <u>/s/ *Lisa Milas, Esq.*</u>
Lisa Milas, Esq.
Attorneys for M&T Bank, successor by merger to Hudson City Savings Bank
15 Cornell Road
Latham, New York 12110
(518) 786-9069