UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────X
In re:

  Jeffrey Lew Liddle,                             Case No. 19-10747 (SHL)
                                                         Chapter 7 Case

                                    Debtor.
─────────────────────────────────────────X

**FINAL ORDER ON CONSENT AUTHORIZING THE SALE OF THE HAMPTON PROPERTIES PURSUANT TO HIGHEST AND BEST OFFER AND ALLOWING THE FIRST LIEN OF M&T BANK**

Upon the ORDER entered on August 6, 2018, ECF No. 165 ("**Initial Sale Order**"), which authorized the Trustee to market and sell the Hampton Properties, subject to higher or better offers, and the *Chapter 7 Trustee's Motion for entry of an order, pursuant to 11 U.S.C. §§ 363 and 724(b),* (1) authorizing the Trustee to sell the estate's interest in and to the Hampton Properties pursuant to the Sale Contract and the Court's Sale Order, (2) authorizing the payment of administrative sale expenses, including, the broker's commissions, and all estate taxes associated with the sale from the sale proceeds (3) authorizing the payment of allowed lien amounts as soon as practical from the proceeds of Sale (4) directing the removal of personal property other than fixtures and appliances under the supervision of MYC, as Custodians, from the Hampton Properties ("**Final Sale Application**"), and the Trustee having conducted a public sale of the Hampton Properties pursuant to the Order, and having entered into a contract with prospective purchaser (**"Purchaser"**) pursuant to the "all-cash" offer in the amount of $_____ pursuant to the contract of sale ("**Contract**"), and the Trustee having given notice, and pursuant to the terms of sale, as annexed to the Initial Sale Order of the Sale which was conducted on March 19, 2021 pursuant to the Bidding

1

Procedures annexed to the Application; and the Court having reviewed the Highest and Best Offers and after a hearing on March 23, 2021 on notice, and all parties having the opportunity to be heard, and on the record of the hearing; and the Court having reviewed all submissions; and the form and method of notice of sale appearing reasonable and adequate and in conformance with Local Rules and General Order M-331; and with notice having been given to all interested parties of the Initial Sale Order and the order herein; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), (b)(1), and 1334(b) and the standing referral Order of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M), and (O); and all parties having had the opportunity to be heard; and notice of the sale having been published in the *New York Times* on at least one occasion; and based on the record of the hearing and Report of Sale; and the relief sought in the Motion being appropriate, warranted and in the best interests of the Debtor's estate; now therefore, it is:

HEREBY FOUND AND DETERMINED, that:

a. Proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing on the requested relief set forth therein has been provided in accordance with Rules 2002 and 6004 of the Federal Rules of Bankruptcy, and the Sales Procedure Order, as evidenced by the certificate of service filed with Clerk of this Court and no other or further notice of the Motion, the Sale Hearing or the entry of this Order is necessary.

b. A reasonable opportunity has been afforded to any person or entity desirous of making a higher and better offer to purchase the Hampton Properties.

c. The Trustee has adequately disclosed all material facts necessary to permit the

Court, the Purchaser, and the Debtor's creditors to evaluate the merits of the Contract of Sale.

d. The Trustee has advanced facts demonstrating that it is a reasonable exercise of the Trustee's business judgment to sell the Hampton Properties on the basis set forth in the Motion and the Contract of Sale.

**ORDERED** that, pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 363(b) (1), (m) and 724(b), the Trustee is hereby authorized to convey the deed for the Hampton Properties, pursuant to the highest and best offer, to Purchaser, in accordance with the Offer, for the sum of $_____, and the Contract which is hereby approved and authorized; and it is further

**ORDERED** that the Trustee is hereby authorized and directed to accept the purchase price of $_____ for The Hampton Properties, and to accept an earnest money deposit of $_____, with the full balance of the purchase price in the amount of $_____ to be paid to the Trustee by certified or bank check made payable to Angela Tese-Milner, as Trustee of the estate of Jeffrey Lew Liddle within 30 business days of the entry of the order herein, and at/or in advance of the closing of the Sale of the Hampton Properties; and it is further

**ORDERED** that Sale contemplated hereunder pursuant to section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Fed. R. Bankr. P. 2002; 6004 to the Purchaser be and it hereby is approved; and it is further

**ORDERED** that M&T Bank s/b/m/ to Hudson City Savings Bank claims an allowed secured claim in the amount of $3,098,664.27 as of April 1, 2021 The Trustee shall pay M&T Bank s/b/m to Hudson City Savings Bank $2,900,000.00 Million Dollars, subject to a sales price of $3,999,950.00 Million Dollars for the Hampton Properties, and in full satisfaction of its first mortgage lien as soon as practicable after the Sale Proceeds clear the Trustee's fiduciary account, and the Trustee hereby waives the right to any insurance policy refund in place on the Hampton Properties and any real property tax refund with respect 506 Main Street; and it is further

ORDERED, in the event the Hampton Properties in the aggregate sell for an amount in excess of $3,999,950.00, M&T Bank as s/b/m to Hudson City Savings Bank shall receive payment in excess of $2,900,000.00 Million Dollars and in amount consistent with the increased sales price, in an amount to be agreed upon by the parties; and it is further

**ORDERED** that the Trustee is authorized to pay reasonable expenses of sale including the real estate commissions of MYC Associates, Inc. and Daniel Gale Sotheby's International, Inc., and expenses in connection with the Sale from the proceeds of Sale, upon submission of appropriate applications to the Bankruptcy Court; and it is further

**ORDERED** that the sale is "as-is" and "where-is" with no representations or warranties, except that the Trustee is authorized to release the deed conveying the Hampton Properties to Purchaser upon clearance of the Purchase Price from the Trustee's fiduciary account; and it is further

**ORDERED** that the earnest money deposit shall be forfeited if the Purchaser fails to pay the balance of the Purchase Price within 30 business days of the entry of the order herein; and it is further

**ORDERED** that, pursuant to §363 of the Bankruptcy Code, the Hampton Properties shall be conveyed, and transferred to the Purchaser pursuant to the Order free and clear of any and all liens, encumbrances, claims, and interests, whether or not allowable with such liens, claims and encumbrance, if any, to attach to the sale proceeds less attendant costs of sale; and it is further

**ORDERED** that upon Lienors shall prepare and file all documents necessary to vacate the liens on the Hampton Properties; and it is further

**ORDERED** that the Purchaser is a good faith purchaser, as defined in 11 U.S.C. § 363(m); and it is further

**ORDERED** that each and every federal, state and local government agency and/or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the sale of the Hampton Properties and record any deed, document or other instrument, and that all such parties and creditors are enjoined from interfering with this order; and it is further

**ORDERED** that the 10 day stay of this Order, pursuant to Rule 6004(g) of the Federal Rules of Bankruptcy Procedure, is hereby waived; and it is further

**ORDERED** that the requirement in Local Bankruptcy Rule 9013-1(b) that any motion filed shall have an accompanying memorandum of law is hereby waived and dispensed with; and it is further

**ORDERED** that This Order shall be binding upon and inure to the benefit of the Debtor's estate and the Purchaser and respective assigns; and it is further

**ORDERED** that this Court shall retain jurisdiction over any dispute in connection with this Order.

Dated: New York, New York
       , 2021

                                                           Honorable Sean H. Lane

Consented To by M&T Bank:                United States Bankruptcy Judge

*[signature: Lisa Milas]*