UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 7
                                                          Case No: 19-10747 (SHL)
JEFFREY LEW LIDDLE

                    Debtor.
------------------------------------------------------------x

**ORDER FIXING LAST DAY FOR FILING PROOFS OF
CHAPTER 11 ADMINISTRATIVE CLAIMS OR INTERESTS
<u>AND DESIGNATING FORM AND MANNER OF NOTICE</u>**

Upon the application dated April 3, 2021 (the "**Application**"), of Angela Tese-Milner, Esq., (the "**Trustee**"), the chapter 7 trustee of the bankruptcy estate of the above- captioned debtor (the "**Debtor**"), for entry of an order pursuant to Rules 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and §§ 105(a) and 503(a) ofTitle 11, United States Code (the "**Bankruptcy Code**"), fixing a deadline and establishing procedures for filing proofs of chapter 11 administrative claims which arose from March 11, 2019 (the "**Petition Date**") through June 22, 2020 (the "**Conversion Date**"), and approving the form and manner of notice thereof, and it appearing that the relief requested is in the best interests of the Debtor's estate and its creditors, and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Application is granted; and, it is further

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as referenced in Bankruptcy Code §§ 101(5), 503 and 507, against the Debtor which arose on or after Petition Date through the Conversion Date (the period being the "**Chapter 11 Period**"), shall file a notice of such a claim (a "**Chapter 11 Administrative Claim**") in writing so that it is received on or before **June 22, 2021 at 5:00 p.m. (EST)** (the "**Chapter 11 Administrative Claims Bar Date**"); and it is further

**ORDERED**, that the following procedures for the filing of Chapter 11 Administrative Claims shall apply:

a) Proofs of a Chapter 11 Administrative Claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms or substantially to the form attached to this Order as **Exhibit "2"** ("**Chapter 11 Administrative Proof of Claim Form**");

b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file Proofs of a Chapter 11 Administrative Claim electronically on the Court's Case Management/Electronic Case File ("**CM/ECF**") system. Those without accounts to the CM/ECF system must filetheir proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004- 1408;

c) Proofs of a Chapter 11 Administrative Claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Chapter 11 Administrative Claims Bar Date;

d) Proofs of a Chapter 11 Administrative Claim must: (i) be signed, (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available, (iii) be in the English language, and (iv)be denominated in United States currency;

e) If the Chapter 11 Administrative Claim is being asserted by a professional whose retention was authorized by the Court in the Debtor's case, the proof of the Chapter 11 Administrative Claim must be accompanied by an application for allowance of compensation and reimbursement of expenses in a formpermissible by this Court and the Fee Guidelines promulgated by the Office of the United States Trustee; and it is further

**ORDERED**, that the following persons or entities need not file a proof of a Chapter 11 Administrative Claim on or prior to the Chapter 11 Administrative Claims Bar Date:

a) Any holder of a Chapter 11 Administrative Claim that has been allowed by an order of the Court;

b) Any holder of a Chapter 11 Administrative Claim for which a separate deadline has been previously fixed by the Court;

c) A holder of a Chapter 11 Administrative Claim that has been paid or otherwise satisfied in full by the Debtor;

d) Any holder of a Chapter 11 Administrative Claim who has already properly filed a Chapter 11 Administrative Claim with the Clerk of the Court against the Debtor; and

e) Any holder of a claim allowable under Bankruptcy Code §§ 503(b) and 507(a)(2), which was incurred <u>after</u> the Conversion Date (a "**Chapter 7 Claim**").

**ORDERED**, that any person or entity that is asserting a Chapter 11 Administrative Claim arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the Conversion Date, must file a Chapter 11 Administrative Claim based on such rejection on or before the Chapter 11 Administrative Claims Bar Date; and it is further

**ORDERED**, that any person or entity asserting a Chapter 11 Administrative Claim that is an estate professional whose retention was authorized by the Court during the Chapter 11 Administrative Period (the "**Chapter 11 Professional**"), <u>must</u> file an application for payment that complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by no later than the Chapter 11 Administrative Claims Bar Date. Any Chapter 11 Professional who fails to timely file its application may be barred from asserting its Chapter 11 Administrative Claim; and it is further

**ORDERED**, that any person or entity that is asserting a Chapter 11 Administrative Claim and fails to comply with this Order by timely filing a proof of a Chapter 11 Administrative Claim in appropriate form, or by the Chapter 11 Administrative Claims Bar Date, shall be barred from participating in any distribution in this case as a Chapter 11 Administrative Claim; and it is further

**ORDERED**, that nothing in this Order shall prejudice or limit the right of the Trustee or any other party in interest to dispute or assert offsets or defenses to any Chapter 11 Administrative Claim asserted; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed to this Order as **Exhibit "1"** ("**Chapter 11 Administrative Bar Date Notice**") is approved and shall be deemed adequate and sufficient if served by first-class mail, to the extent their addresses are known to

the Trustee, at least forty-five (45) days prior to the Chapter 11 Administrative Claims Bar Date on:

- a) the United States Trustee;

- b) counsel to the Debtor;

- c) any professional retained by the Debtor during the Chapter 11 Period;

- d) all persons or entities that have requested notice of the proceedings in this case;

- e) all persons or entities that have filed claims;

- f) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

- g) all parties to executory contracts and unexpired leases of the Debtor;

- h) all parties to litigation with the Debtor;

- i) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

- j) all persons or entities that provided goods or services to the Debtor during the Chapter 11 Administrative Period; and

- k) such additional persons and entities as deemed appropriate by the Trustee; and it is further

**ORDERED**, that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

Dated: New York, New York
May 4, 2021

                                                     */s/ Sean H. Lane*
                                                     Honorable Sean H. Lane
                                                     United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                    Chapter 7
                                                          Case No: 19-10747 (SHL)
JEFFREY LEW LIDDLE

                        Debtor.
-------------------------------------------------------x

**NOTICE OF LAST DAY TO FILE REQUESTS FOR PAYMENT OF
<u>CLAIMS ARISING DURING CHAPTER 11 PERIOD OF DEBTOR'S CASE</u>**

**TO:    ALL PERSONS AND ENTITIES SEEKING TO ASSERT A CHAPTER 11
        ADMINISTRATIVE CLAIM AGAINST THE DEBTOR:**

The United States Bankruptcy Court for the Southern District of New York has entered an Order (the "**Bar Date Order**") establishing **June 22, 2021 at 5:00 p.m. (EST)** (the "**Chapter 11 Administrative Claims Bar Date**") as the last date for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmentalunits) to file a notice of a chapter 11 post-petition claim (a "**Chapter 11 Administrative Claim**")[1]against Jeffrey Lew Liddle, the above captioned debtor (the "**Debtor**").

The Chapter 11 Administrative Claims Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose during the period of March 11, 2019 through and including June 22, 2020 (the "**Chapter 11 Administrative Period**"), except for those holders of the claims listed in Section 5 below that are specifically excluded from the Chapter 11 Administrative Claims Bar Date filing requirement.

**1.    WHO MUST FILE A ADMINISTRATIVE PROOF OF CLAIM**

You <u>MUST</u> file a notice of a Chapter 11 Administrative Claim to share in any potential distribution from the Debtor's estate as a holder of a Chapter 11 Administrative Claim, if your Chapter 11 Administrative Claim is not one of the types of claim described in Section 5 below. Claims for post-petition expenses are specifically described in 11 U.S.C. §§ 503 and 507. Among other things, 11 U.S.C. §§ 503 and 507 provide that certain types of claims are entitledto post-petition expense priority, including, without limitation:

   i.   the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case;

   ii.  certain taxes and penalties related thereto;

   iii. compensation and reimbursement of certain professionals

---

[1] Under 11 U.S.C. § 101(5) and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1

or officers;

    iv.    the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or

    v.    compensation for services rendered by an indenture trustee. Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Administrative Period must be filed on or prior to the Chapter 11 Administrative Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Administrative Period.

**2.    WHAT TO FILE**

Your filed post-petition proof of claim must conform substantially to Official Form No. 10 or substantially to the case-specific proof of claim form annexed to this Notice for your convenience. Additional proof of claim forms may be obtained at www.nysb.uscourts.gov/forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any and all documents (the "**Supporting Documents**") on which theclaim is based. If the Supporting Documents are voluminous, please attach a summary for the basis of the claim or an explanation as to why the documents are not available.

If the person or entity asserting a Chapter 11 Administrative Claim is an estate professional whose retention was authorized by the Court, they must also file an application for payment that complies with Title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of this Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by the Chapter 11 Administrative Claims Bar Date.

**3.    WHEN AND WHERE TO FILE**

Except as provided herein, all proofs of a Chapter 11 Administrative Claim must be filed so as to be received on or before the Chapter 11 Administrative Claims Bar Date of **June 22, 2021 at 5:00 p.m.** (**EST**).

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("**CM/ECF**") system.

Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original by hand or overnight courier to the Clerk of the Bankruptcy Court at:

**United States Bankruptcy Court**
**Southern District of New York**
**Alexander Hamilton U.S. Custom House**
**One Bowling Green, Room 614**
**New York, NY 10004-1408**

Proofs of a Chapter 11 Administrative Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Chapter 11 Administrative Claims Bar Date. Proofs of a Chapter 11 Administrative Claim sent only to the Trustee and/or his professionals shall <u>**not**</u> be deemed filed. Proofs of Chapter 11 Administrative Claims may not be delivered by facsimile, telecopy or e-mail transmission.

**4.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or **before June 22, 2020**, the date the Debtor's Chapter 11 case was converted to case under Chapter 7 (the "**Conversion Date**"), you must file a proof of claim by the Chapter 11 Administrative Bar Date.

**5.     WHO NEED NOT FILE A CHAPTER 11 ADMINISTRATIVE PROOF OF CLAIM**

You do **NOT** need to file a Chapter 11 Administrative Claim on or prior to the Chapter 11 Administrative Claims Bar Date if you are:

a)  Any holder of a Chapter 11 Administrative Claim that has been allowed by an order of the Court;

b)  Any holder of a Chapter 11 Administrative Claim for which a separate deadline has been previously fixed by the Court;

c)  A holder of a Chapter 11 Administrative Claim that has been paid or otherwise satisfied in full by the Debtor;

d)  Any holder of a Chapter 11 Administrative Claim who has already properly filed a Chapter 11 Administrative Claim with the Clerk of the Court against the Debtor; and

e)  Any holder of a claim allowable under Bankruptcy Code §§ 503(b) and 507(a)(2), which was incurred <u>after</u> the Conversion Date (a "**Chapter 7 Claim**").

**Any person or entity asserting a Chapter 11 Administrative Claim that is an estate professional whose retention was authorized by the Court during the Chapter 11 Administrative Period (the "Chapter 11 Professional"), <u>must</u> file an application for payment that complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by no later than the Chapter 11 Administrative Claims Bar Date.**

3

**Any Chapter 11 Professional who fails to timely file its application may be barred from asserting its Chapter 11 Administrative Claim.**

This notice is being sent to persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid Chapter 11 Administrative Claim against the Debtor. The fact that you have received this notice does not mean that you have a claim or that the Trustee, the Debtor or the Court believes that you have a Chapter 11 Administrative Claim against the Debtor.

**6. CONSEQUENCES OF FAILURE TO FILE A CHAPTER 11 ADMINISTRATIVE CLAIM BY THE CHAPTER 11 ADMINISTRATIVE CLAIMS BAR DATE**

ANY HOLDER OF AN CHAPTER 11 ADMINISTRATIVE CLAIM THAT IS NOT EXEMPT FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A NOTICE OF A CHAPTER 11 ADMINISTRATIVE CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

**If you believe you are a holder of a possible claim against the Debtor, it is encouraged that you consult with an attorney regarding any matters concerning such claim and the legal effect of this notice**.

**BY ORDER OF THE BANKRUPTCY COURT DATED ______________________**

Dated: Mattituck, N.Y.
May ,2021

**Tese & Milner**
Attorneys for the Trustee
735 Wickham Avenue
P.O. Box 35
Mattituck, New York 11952

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Jeffrey Lew Liddle |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 19-10747 |

CHAPTER 11 CLAIM OF ADMINISTRATION

Official Form 410

# Proof of Claim 04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   _____
   Name of the current creditor (the person or entity to be paid for this claim)
   
   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☐ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)
   
   | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
   |---|---|
   | Name | Name |
   | Number  Street | Number  Street |
   | City  State  ZIP Code | City  State  ZIP Code |
   | Contact phone _____ | Contact phone _____ |
   | Contact email _____ | Contact email _____ |
   
   Uniform claim identifier for electronic payments in chapter 13 (if you use one):
   
   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**
   ☐ No
   ☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____
                                                                              MM  / DD  / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☐ Yes. Who made the earlier filing? _____

Official Form 410                                    Proof of Claim                                    page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   ❑ No
   ❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**  $_____. Does this amount include interest or other charges?
   ❑ No
   ❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   _____

9. **Is all or part of the claim secured?**
   ❑ No
   ❑ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ❑ Motor vehicle
   ❑ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property**:                              $_____
   **Amount of the claim that is secured:**     $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**     $_____

   **Annual Interest Rate** (when case was filed) _____ %
   ❑ Fixed
   ❑ Variable

10. **Is this claim based on a lease?**
    ❑ No
    ❑ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

11. **Is this claim subject to a right of setoff?**
    ❑ No
    ❑ Yes. Identify the property: _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

   A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

   ☐ No
   ☐ Yes. *Check one:*

   | | Amount entitled to priority |
   |---|---|
   | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
   | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
   | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
   | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
   | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
   | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

   \* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name          _____
              First name          Middle name          Last name

Title         _____

Company       _____
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address       _____
              Number          Street

              _____
              City                              State          ZIP Code

Contact phone  _____          Email  _____