

1301 Avenue of the Americas
25th Floor
New York, NY 10019

212.812.0400 main
212.812.0399 fax

William F. Gray, Jr.
(212) 812-0349 direct
wgray@foleyhoag.com

May 4, 2023

**Via ECF and Email**
Honorable Philip Bentley
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *In re Jeffrey Lew Liddle*, Case No. 19-10747—Record of hearing held on May 2, 2023 (the "Hearing") related to the Fee Applications of Archer & Greiner, P.C. and the Law Offices of Tese & Milner (the "Fee Applicants")

Dear Judge Bentley:

      On behalf of Foley Hoag LLP, counsel to the Debtor Jeffrey Lew Liddle ("Debtor's Counsel"), I respectfully request that the transcript record of the Hearing held on May 2 be supplemented by the inclusion of this letter providing context to certain statements contained in the record related to the Debtor's effort to obtain a rental permit for the Hampton Property.[1] This request is made only for the purpose of completing and clarifying the record, not for challenging the decision to overrule Foley Hoag's Objection.

      In the Fee Objection and at oral argument, we argued that the Chapter 7 Trustee did not capitalize on an opportunity to rent the Hampton Property. Fee Applicants argued, *inter alia*, that the Debtor had failed to procure a rental permit. In support of Debtor's argument, we submitted, as Exhibit C to the Objection, an email, dated July 9, 2020 (the "July 9 email"), referencing that the permit was ready to be "picked up," on that date. Objection at ¶ 11. (The July 9 email was admitted into evidence for limited purposes.)

      At the conclusion of the Hearing, Your Honor read into the record the decision overruling the Fee Objection. In the decision, as part of the record, Your Honor noted that after the conclusion of oral argument, you had reviewed the Debtor's Response to the Trustee's Initial Sale Application (the "Debtor's Response to Sale Application Motion") [Docket No. 416], filed on July 17, 2020. Your Honor read into the record one sentence from paragraph 5 of the Debtor's Response as follows: "The Trustee is correct that a rental

---

[1] Capitalized terms herein shall have the same meaning as defined in the "Objection by Foley Hoag LLP to (i) the first and final Fee Application for the Law Offices of Tese-Milner as counsel to Angela Tese-Milner, Chapter 7 Trustee pursuant to 11 U.S.C. section 330, and (ii) the final Application of Archer & Greiner, P.C., counsel for the Chapter 7 trustee, for allowance and payment of fees and reimbursement of actual and necessary expenses" [Docket No. 634] (the "Fee Objection").

FOLEYHOAGUS11415894.2

Honorable Philip Bentley
May 4, 2023
Page 2

permit had not been obtained **at the time of her appointment**." (emphasis added). Your Honor then discussed the seeming discrepancy between that single sentence in paragraph 5 and the position taken by Debtor's Counsel at the Hearing that a permit was ready to be issued by July 9. Although Your Honor attributed this seeming discrepancy to the passage of time and the need for evidence rather than assertions by counsel, I remained concerned that the absence of context may lead to a misimpression on the record that Debtor's Counsel had provided the Court with inconsistent arguments.

After the Hearing, I reviewed the "Debtor's Response to Sale Procedures Motion" ("Debtor's Response") in its entirety. At paragraph 10, we stated: "As we communicated to the Trustee, **the permit process was completed**, and the permit could have been obtained on the payment of the $200 application fee **by July 9**." (emphasis added). Debtor's Response, at ¶ 10. When this language is added to the earlier language in paragraph 5, it becomes clear that the position taken by Debtor's Counsel in the "Debtor's Response" filed on July 17, 2020 is entirely consistent with the position taken at the Hearing. The ambiguity is attributable to the fact that in paragraph 5 we were referring to the status of the permit issuance on June 24, the date of the Chapter 7 Trustee's appointment; in paragraph 10 we were referencing that the permit was ready to be picked up by July 9. In retrospect, we should have presented this information together in a single paragraph.

In sum, we believe that incorporating the specific quoted language in paragraph 10 provides appropriate context for understanding the language in paragraph 5. The Debtor's Response to Sale Application Motion is part of the record based on judicial notice. We only request that the language of paragraph 10 be noted specifically to provide necessary context. Appending this letter to the Record should provide the clarity desired.

Respectfully submitted,

*/s/ William F. Gray, Jr.*
FOLEY HOAG LLP
William F. Gray, Jr.
1301 Avenue of the Americas
New York, New York 10019
wgray@foleyhoag.com
Tel: (212) 812-0400
Fax: (212) 812-0399

*Attorneys for Debtor Jeffrey Lew Liddle*

cc:   Angela Tese-Milner, Esq. (via email [atmtrustee@gmail.com])
      Gerard DiConza, Esq. (via email [gdiconza@archerlaw.com])
      Christopher M. Caparelli, Esq. (via email [ccaparelli@torys.com])