UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LIDDLE & ROBINSON, L.L.P.,<br><br>         Debtor. | Chapter 11<br><br>Case No. 19-12346 (PB) |

**MOTION OF EFFAT S. EMAMIAN FOR AN ORDER GRANTING RELIEF FROM THE PLAN INJUNCTION AND AUTOMATIC STAY, PURSUANT TO 11 U.S.C. 362(d)**

TO THE HONORABLE PHILIP BENTLEY,
UNITED STATES BANKRUPTCY JUDGE:

    Effat S. Emamian ("Emamian" or "Movant"), by and through her undersigned counsel, Reynolds Law Group LLC, respectfully makes this motion, pursuant to 11 U.S.C. § 362(d)(1) and Bankruptcy Rule 4001(a), for an Order granting relief from the Plan Injunction and automatic stay for the limited purpose of pursuing a state-court malpractice action against the Debtor, Liddle & Robinson, L.L.P. ("L&R" or "Debtor"), nominally, and limiting Movant's recovery in the state-court malpractice action to the amount of insurance coverage available under the Debtor's applicable liability insurance policies, and for such other and further relief this Court deems just and proper (the "Motion").

**JURIDDICTION AND VENUE**

    1.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought herein is section 362(d) of title 11 of the United States Code, 11 U.S.C.

**STATEMENT OF FACTS**

2. On May 18, 2007, Movant filed a complaint in the District Court, captioned *Emamian v. Rockefeller University*, Docket No. 1:07-cv-03919 (PGG), asserting, *inter alia*, discrimination claims against her former employer, Rockefeller University, (the "Rockefeller Action"); an Amended Complaint was filed on June 15, 2009. (Declaration of Scott E. Reynolds, Esq., dated October 26, 2023 ("SER Dec."), **Exhibit** ("**Ex.**") **A**.)

3. Movant's legal counsel at the time of the filing of the Rockefeller Action was the Debtor. (Id.)

4. Debtor, over the objection of Movant, withdrew as counsel for Movant on August 7, 2011. (SER Dec., **Ex. B**.) The Debtor's acts and omissions prior to and leading up to the withdrawal are alleged by Movant to have caused her substantial damages.

5. Following the Debtors' withdrawal as counsel in the Rockefeller Action, Movant retained new counsel, won her case at trial in 2018, and successfully defended an appeal. (SER Dec., **Ex. C**.)

6. On March 12, 2019, prior to the filing of the above-captioned bankruptcy proceeding, Movant filed a legal malpractice action in the Supreme Court of the State of New York, entitled *Emamian v. Liddle & Robinson, L.L.P., Jeffrey L. Liddle, Esq., James A. Baston, Esq. and Christine A. Palmieri, Esq.,* Index. No. 153144/2014, arising out of professional misconduct and malpractice relating to the Debtor's representation and withdrawal of representation of Movant in the Rockefeller Action (the "Malpractice Action"). (SER Dec., **Ex. D**.)

7. Among the Debtor's acts of malpractice alleged in the Malpractice Action are: (i) engaging in press coverage of the Rockefeller Action without Movant's consent; (ii)

2

failing to timely retain a damages expert; (iii) failing to properly assert claims for reputational damages based on Rockefeller University's false statements about Movant; (iv) the loss of Movant's claim against Rockefeller University for destroying her laboratory mice colony; (v) writing a "secret letter" to the presiding judge in the Rockefeller Action and refusing to allow Movant to review the contents of the letter, resulting in the presiding judge being given an unfavorable view of Movant and delaying for several years the trial of the Rockefeller Action; (vi) improperly withdrawing from the Rockefeller Action because Movant refused to accept a low-ball settlement offer; and (vii) revealing attorney-client confidential information to the trial court in connection with that settlement offer (collectively, the "Acts of Malpractice"). (Id.)

8. On July 22, 2019, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the above-captioned proceeding (the "L&R Bankruptcy Case").

9. The filing of the L&R Bankruptcy Case stayed the Malpractice Action, as against Debtor, pursuant to 11 U.S.C. § 362(a).

10. As a result of the automatic stay, the Malpractice Action has remained largely dormant since Debtor filed for bankruptcy protection on July 22, 2019.

11. On July 30, 2021, this Court entered entered an Order [Dkt. No. 470] (the "Confirmation Order") confirming the Chapter 11 Trustee's Second Amended Plan of Liquidation for Liddle & Robinson, L.L.P. (as amended and supplemented, the "Plan"). The Plan became effective on August 14, 2021.

12. Pursuant to the Confirmation Order, the automatic stay pursuant to section 362(c) of the Bankruptcy Code shall remain in effect until the "Termination Date" of the Plan and, pursuant to Section 10 of the Confirmation Order, the Court permanently enjoined all

3

"Persons" who have or hold "Claims" against the Debtor from pursuing any and all such "Claims." [Dkt. No. 470].

13. Upon information and belief, the Debtor procured and maintained a professional liability insurance policy responsive to the claims asserted by Movant in the Malpractice Action. The Debtor and the remaining three defendants in the Malpractice Action are currently represented by counsel, Brian C. Harris, Esq. of Braff, Harris & Sukoneck, who, upon information and belief, was appointed by the Debtor's insurer.[1] (SER Dec., **Ex. E**.)

14. On July 22, 2019, the Debtor filed a Motion for an Order to Maintain its Insurance Policies [Dkt. No. 9]. The Debtor has disclosed that it maintains AFCO Policy No. 03091617d for the period 8/15/2018 to 8/15/2018 [Dkt No. 9]. Upon information and belief, this and prior year policies issued by AFCO to Debtor may be responsive to the claims asserted by Movant in the Malpractice Action. The Debtor's Motion for an Order to Maintain Insurance Policies was granted by the Court [Dkt. No. 33].

## **RELIEF REQUESTED**

15. By this Motion, Movant requests an Order from this Court granting her relief from the Plan Injunction and the automatic stay under Bankruptcy Code section 362(d)(1) and 4001 of the Federal Rules of Bankruptcy Procedure, allowing her to continue to pursue the Malpractice Action for the purpose of adjudicating her claim against Debtor nominally and satisfying any judgment or other resolution against Debtor solely from the proceeds available under the Debtor's applicable liability insurance policies.

---

[1] Two of the defendants in the Malpractice Action are non-debtors in bankruptcy. On March 11, 2019, Jeffrey L. Liddle, Esq. filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, in: *In re Jeffrey Lew Liddle*, Case No. 19-10747 (PB).

4

## ARGUMENT

16. Section 362(d) of the Bankruptcy Code provides that, after notice and a hearing, "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause[.]" 11 U.S.C. § 362(d)(1).

17. If a movant seeking relief from the automatic stay presents evidence supporting "cause" for lifting the stay, then the burden shifts to the debtor on all issues. See 11 U.S.C. § 362(g); In re Keene Corp., 171 B.R. 180, 182 (Bankr. S.D.N.Y 1994); Sonnax Indus., Inc. v. Tri Compoenent Prod. Corp. (In re Sonnax Ind., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990).

18. The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. See id.; In re Sonnax Indus., Inc., 907 F.2d at 1286.

19. The Second Circuit, in In re Sonnax Indus., Inc., articulated the following twelve factors for consideration when determining whether cause exists to grant relief from the automatic stay:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interest of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's succession to other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and

5

(12) impact of the stay on the parties and the balance of harms.

In re Sonnax Indus., Inc., 907 F.2d at 1286; In re MF Glob. Holdings Ltd., 469 B.R. 177, 191 (Bankr. S.D.N.Y. 2012), subsequently dismissed sub nom Sapere Wealth Mgt. LLC v. MF Glob. Holdings Ltd., 566 F. App'x 81 (2d Cir. 2014).

20.     Not all of the aforementioned twelve factors are relevant in every case, In re Keene Corp., 171 B.R. at 183, and only the factors relevant to the case must be considered. In re Sonnax Industries, Inc., 907 F.2d at 1285.

21.     Application of the relevant Sonnax factors to Movant's case demonstrates that relief from the Plan Injunction and automatic stay is warranted.

22.     First, there would be no prejudice to the Debtor's bankruptcy estate if Movant is permitted to pursue the Malpractice Action against Debtor nominally. Any relief for such a pursuit would be limited to establishing liability for the sole purpose of recovering against any available insurance proceeds. See In re 15375 Memorial Corp., 382 B.R. 652, 687 (Bankr. D. Del. 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting In re Edgeworth, 993 F.2d 51, 55-56 (5th Cir. 1993)); Strauss v. Patterson, trustee for William E. Patterson, Declaration of Trust Dated September 22, 2009, 469 F. Supp.3d 1221, 1227 (D.W.Y. 2020) (recognizing that proceeds of a malpractice insurance policy were not assets of the estate where "appellants could pursue a lawsuit against the debtor to collect a judgment 'solely from the proceeds of his malpractice liability policy'").

23.     "The overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those

6

proceeds when the insurer paid on a claim. . . . In other words, when the debtor has no legally cognizable claim to insurance proceeds, those proceeds are not property of the estate." In re Edgeworth, 993 F.2d at 55 (holding that proceeds from malpractice insurance policy are not property of the bankruptcy estate); see also In re Scott Wetzel Services, Inc., 243 B.R. 802, 804 (M.D. Fla. 1999) (adopting the Fifth Circuit's analysis in In re Edgeworth and recognizing that "a debtor will not have a cognizable interest in the proceeds of the typical liability policy because the proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance contract").

24. Bankruptcy law is intended to provide the debtor with a "fresh start," not a windfall to third parties, such as insurance companies, who may provide compensation to an aggrieved plaintiff. See Royal Ins. Co. of America v. McCrory Corp., No. 94-5734, 1996 WL 204482, at *2 (S.D.N.Y. April 25, 1996).

25. Movant seeks relief from this Court to proceed against the Debtor nominally in the Malpractice Action to obtain a recovery of damages sustained by the Debtor's Acts of Malpractice limited solely to the amount of proceeds available under the Debtor's applicable liability insurance policies. The Debtor cannot claim prejudice if the stay is lifted to permit the Movant to seek recovery from the insurance proceeds, because the insurance proceeds are not property of Debtor's bankruptcy estate.

26. Second, if the Plan Injunction and automatic stay are not lifted, Movant will face substantial hardship and great prejudice that considerably outweigh any harm the Debtor may face. Movant has suffered significant economic damages as a result of the Debtor's Acts of Malpractice. Continuation of the stay would cause Movant to remain largely uncompensated for her damages sustained as a result of Debtor's misconduct and result in an impermissible windfall

to third-party insurers which may be contractually obligated to provide compensation to Movant.

27. Third, relief from the Plan Injunction and automatic stay will result in a complete resolution of all issues relating to the Debtor's malpractice. See In re Drexel Burnham Lambert Group, Inc., 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim). Plainly, the New York Supreme Court is well-equipped to adjudicate the Debtor's liability for acts of malpractice and the Supreme Court has jurisdiction over all four defendants.

28. Fourth, the Malpractice Action has no connection to the above-captioned proceeding and will not interfere with it. Whether Debtor committed malpractice is not an issue that must be decided in the L&R Bankruptcy Case. The Malpractice Action may continue independent of the Debtor's bankruptcy proceeding with no impact on its outcome, as any recovery by Movant will be limited to the amount of available insurance proceeds.

29. Fifth, the Malpractice Action involves the Debtor's acts as Movant's attorney and, consequently, as a fiduciary of the Movant. This factor, thus, weighs in favor of finding cause exists for relief from the Plan Injunction and the automatic stay.

30. Sixth, there is no discernable prejudice to other creditors. Any recovery by Movant will necessarily be limited to the amount of available liability insurance proceeds, which would never be available to other creditors. See In re Edgeworth, 993 F.2d at 55.

31. Seventh, upon information and belief, the Debtor's insurer has assumed full responsibility for defending Debtor in the Malpractice Action. Upon information and belief, the Debtor's insurer has appointed counsel to represent the Debtor in the Malpractice Action and has entered an appearance on behalf of all defendants, including the Debtor.

32. When weighing the applicable Sonnax factors, the Court should grant

8

Movant relief from the Plan Injunction and the automatic stay for the limited purpose of proceeding against the Debtor nominally to prosecute Movant's malpractice claims against the Debtor with any recovery limited solely to the amount of available liability insurance proceeds.

## **PRAYER FOR RELIEF**

33. By this Motion, Movant requests an order of this Court, substantially in the form of the proposed Order attached hereto as **Exhibit A**, granting Movant relief from the Plan Injunction and automatic stay to proceed against Debtor nominally in the Malpractice Action and limiting Movant's recovery against the Debtor in the Malpractice Action to the amount of insurance coverage available under the Debtor's applicable liability insurance policies, and such other and further relief to which Movant is entitled.

Dated: October 27, 2023
      Far Hills, NJ

                                            Respectfully submitted,

                                            REYNOLDS LAW GROUP LLC

                                      By:   /S/ Scott E. Reynolds
                                                SCOTT E. REYNOLDS
                                                REYNOLDS LAW GROUP LLC
                                                43 Route 202, Suite 201
                                                Far Hills, NJ 07931
                                                (908) 367-9060
                                                sreynolds@reynolds-lawgroup.com
                                                *Attorneys for Movant,*
                                                *Effat S. Emamian*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LIDDLE & ROBINSON, L.L.P.,<br><br>　　　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 19-12346 (PB) |

**[PROPOSED] ORDER GRANTING
RELIEF FROM THE PLAN INJUNCTION AND AUTOMATIC STAY**

Upon the motion (the "Motion"), dated October 27, 2023, of Effat S. Emamian (hereafter, "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the Plan Injunction and automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in pursuing a judgment against the Debtor in the New York Supreme Court, County of New York, *Emamian v. Liddle & Robinson, L.L.P., Jeffrey L. Liddle, Esq., James A. Baston, Esq. and Christine A. Palmieri, Esq.,* Index. No. 153144/2014 (the "Claim"), to the extent that general liability insurance is available; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that, effective immediately, the Plan Injunction and automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the Creditor's interests in the Claim to allow the Creditor's enforcement of

11

its rights in, and remedies in and to, the Claim, limited soley to the amount of liability insurance proceeds available under any the Debtor's applicable liability insurance policies.

Dated: _____, 2023
      New York, New York

                                                    _____
                                                    **Hon. Philip Bentley**
                                                    **United States Bankruptcy Judge**